UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FIRST DIVISION

| | |
|---|---|
| **NEFERTITI GILBERT, ET AL.,** | : CIVIL ACTION NO. 1:25-CV-00421-DDD-JPM |
| Plaintiffs, | : |
| VS. | : JUDGE DEE D DRELL |
| **HARRIS COUNTY, TEXAS; ET AL.** | : |
| Defendants. | : MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |

### DEFENDANT ED GONZALEZ'S 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**NOW INTO COURT**, through undersigned counsel, come Defendant Ed Gonzalez ("Sheriff Gonzalez"), in his official and individual capacity, and hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Sheriff Gonzalez would respectfully show the Court as follows:

I.

This lawsuit stems from the death of Jaleen Anderson ("Decedent"), who died of a seizure on April 3, 2024, while in custody at the LaSalle Correctional Center. At the time of his death, Mr. Anderson was a Harris County detainee being housed at the LaSalle Correctional Center due to overcrowding at the Harris County Jail.

II.

Plaintiffs bring their claims against Sheriff Gonzalez pursuant to 42 U.S.C. §1983 for violation of Decedent's Fourteenth Amendment Rights to the United States Constitution.

III.

Plaintiffs' official capacity claim against Sheriff Gonzalez is in effect a suit against Harris County. The test for municipal liability requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." The official capacity claim is duplicative of the claims against Harris County and should be dismissed with prejudice.

IV.

With respect to the individual capacity claim against Sheriff Gonzalez, Plaintiffs have failed to plead sufficient facts to overcome his qualified immunity. The complaint lacks any allegation plausibly suggesting that he had any involvement or participation in the events surrounding Mr. Anderson's death. Plaintiffs have failed to state a plausible claim upon which relief can be granted against Sheriff Ed Gonzalez in his individual capacity and Sheriff Gonzalez is entitled to dismissal of Plaintiffs' claims as a matter of law.

**WHEREFORE**, Defendant Ed Gonzalez respectfully requests that the Court grant his motion to dismiss and issue an order dismissing Plaintiff's claims made against him in his official and individual capacity with prejudice.

Date: May 27, 2025.

    Respectfully submitted,

    **CHRISTIAN D. MENEFEE**
    HARRIS COUNTY ATTORNEY

    **JONATHAN G. C. FOMBONNE**
    DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

    **NATALIE G. DELUCA**
    MANAGING COUNSEL,

                                   DEFENSIVE LITIGATION, EMPLOYMENT, &
                                   REAL ESTATE DIVISIONS

By:    */s/ Gregory Burnett*
          **GREGORY BURNETT \***
          Assistant County Attorney
          Texas Bar No. 24057785
          Tel: (713) 274-5224 (direct)
          gregory.burnett@harriscountytx.gov

By:    */s/ Seth Hopkins*
          **SETH HOPKINS**
          Special Assistant County Attorney for Litigation
          Louisiana Bar No. 26341
          Tel: (337) 540-9120
          Seth.Hopkins@harriscountytx.gov
          LOCAL COUNSEL

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

\* admitted *pro hac vice*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS and SHERIFF ED GONZALEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May 2025, a copy of the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

                                                          */s/ Gregory Burnett*
                                                          GREGORY BURNETT