UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FIRST DIVISION

| | |
|---|---|
| **NEFERTITI GILBERT, ET AL.,** | : CIVIL ACTION NO. 1:25-CV-00421-DDD-JPM |
| **Plaintiffs,** | : |
| VS. | : JUDGE DEE D DRELL |
| **HARRIS COUNTY, TEXAS; ET AL.** | : |
| **Defendants.** | : MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |

**DEFENDANT ED GONZALEZ'S MEMORANDUM
IN SUPPORT OF 12(B)(6) MOTION TO DISMISS**

Defendant, Ed Gonzalez ("Sheriff Gonzalez"), respectfully requests the Court to dismiss the claims made against him in his official and individual capacities pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sheriff Gonzalez files this Memorandum in Support of his Motion to Dismiss, and in support of said motion, would respectfully show the Court as follows:

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................... iii

I.   Statement of Facts ................................................................................................... 1

II.  Statement of Issues and Standard of Review ......................................................... 4

  A. Statement of Issues. ........................................................................................... 4

  B. Standard of Review. .......................................................................................... 4

III. Applicable Law ....................................................................................................... 6

IV.  Summary Of The Argument................................................................................... 9

V.   Argument and Authorities .................................................................................... 10

  A. Fourteenth Amendment Section 1983 Claim Against Sheriff Gonzalez in his
     Individual Capacity for Inadequate Medical Care. ......................................... 10

  B. Official Capacity Claim .................................................................................. 13

  C. Punitive Damages Claim................................................................................. 14

VI.  Conclusion............................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alton v. Texas A&M Univ.*, 168 F.3d 196 (5th Cir. 1999) .................................................................8
*Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439 (5th Cir. 1999) ............................11
*Ashcroft v. al–Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) ................12
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................4, 5, 6
*Baldwin v. Dorsey*, 964 F.3d 320 (5th Cir. 2020) ...............................................................7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).....................................................4, 5, 6, 12
*Bigford v. Taylor*, 834 F.2d 1213 (5th Cir. 1988) .............................................................11
*Board of Cty. Comm'rs of Bryan Cty. v. Brown*,
    520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) ......................................7
*Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) .................7, 9
*City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) .........8
*Club Retro, LLC v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ................................................12
*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ..6
*Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994) .............................................8
*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
    406 F.3d 375 (5th Cir. 2005).................................................................................7, 8
*Flores v. County of Hardeman*, 124 F.3d 736 (5th Cir.1997)..........................................12
*Hale v. Fish*, 899 F.2d 390 (5th Cir. 1990) ......................................................................14
*Hare v. City of Corinth*, 74 F.3d 633 (5th Cir.1996)..................................................10, 13
*In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201 (5th Cir. 2010) .......................5
*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) .........................................................4
*Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986) .......................................................10
*James v. Tex. Collin Cnty.*, 535 F.3d 365 (5th Cir. 2008).................................................11
*Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020)..........................7
*Kentucky v. Graham*, 473 U.S. 159 (1985) .......................................................................9
*Kisela v. Hughes*, 584 U.S. 100 (2018) .............................................................................9
*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) ....14
*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ..................................................................5
*Magnolia Island Plantation, LLC v. Whittington*, 29 F.4th 246 (5th Cir. 2022) .............11
*Monell v. Dep't of Soc. Servs. of N.Y.C.*,
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ..........................................13
*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) ...........................................................6
*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .....................................................................4
*Mullenix v. Luna*, 577 U.S. 7, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) .........................6, 7
*Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) ...................6
*Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011)..................................................................8, 9
*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ..................................................4
*Rhyne v. Henderson Cty.*, 973 F.2d 386 (5th Cir. 1992)....................................................8

*Rios v. City of Del Rio, Tex.*, 444 F.3d 417 (5th Cir. 2006) ................................................. 5
*Sanders–Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010) ................................. 13, 14
*Smith v. Brenoettsy*, 158 F.3d 908 (5th Cir. 1998) ......................................................... 8, 12
*Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) .............................. 14
*Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997) .......................... 12
*White v. Pauly*, 580 U.S. 73 (2017) ..................................................................................... 9

**Statutes**

42 U.S.C. § 1983 ................................................................................. 10, 11, 13, 14

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 4
Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 4, 5

## I. STATEMENT OF FACTS

1. This lawsuit stems from the death of Jaleen Anderson ("Decedent" or "Mr. Anderson"), who died of a seizure on April 3, 2024, while in custody at the LaSalle Correctional Center. Pursuant to an agreement between Harris County, Texas and Lasalle Corrections, Mr. Anderson was housed at the LaSalle Correctional Center because of overcrowding at the Harris County Jail.

2. Plaintiffs, Nefertiti Gilbert, Christi Jackson, and Jyrie Polk bring their claims against Defendants Harris County, Texas, Harris County Sheriff Ed Gonzalez, LaSalle Correctional Center, LLC, LaSalle Corrections, LLC, LaSalle Management Company, LLC, Clay McConnell, William McConnell, John Stuckey, Paul Smith, Lieutenant Morehead, Pamela Hearn, Charlotte Fussell, Shannon Brewer, Gwen Warren, Denise Finlay, and Mariah Dickey for allegedly violating Mr. Anderson's Fourteenth Amendment Right to the United States Constitution for inadequate medical care.

3. Plaintiffs allege that on April 2, 2024 at around 6:03 a.m., Mr. Anderson had a seizure while he was in his bunk. DE 1, ¶ 36. Plaintiffs allege Defendant LPN Gwen Warren responded and noted Mr. Anderson had urinated on himself. *Id.* at ¶ 43. Plaintiffs assert Defendant LPN Gwen Warren did not attempt to alert a doctor, but instead took Mr. Anderson to the bathroom for a shower and returned him to his bunk. *Id.* at ¶¶ 45, 47.

4. Plaintiffs assert that on April 3, 2024 at around 6:01 a.m., Mr. Anderson had another seizure while sitting at a table near his bunk, and fell to the floor. *Id.* at ¶ 48. Plaintiffs assert fellow detainees alerted guards of Mr. Anderson's condition and he was escorted to Olla LLC's medical clinic. *Id.* at ¶¶ 49, 50. Plaintiffs assert Mr. Anderson waited in the

1

clinic for nearly four hours before he was seen by Defendant Nurse Practitioner Shannon Brewer. Plaintiffs assert Nurse Practitioner Brewer did not attempt to provide medical care or transport Mr. Anderson to the hospital, but instead ordered Mr. Anderson be placed in a medical observation cell. *Id.* at ¶ ¶ 53, 54, 55, 58.

5.  Plaintiffs assert that shortly before 5:39 p.m. on April 3, 2024, Mr. Anderson suffered another seizure. *Id.* at ¶ 63. Plaintiffs assert that despite being on medical observation, no correctional officer or medical staff provided medical care or treatment to Mr. Anderson during his seizure. *Id.* at ¶ 65. Plaintiffs assert Mr. Anderson knocked on the cell of his door and informed the guard that he had suffered another seizure. Plaintiffs assert he was escorted to a restroom to wash up and get a change of clothing, where he suffered another seizure. Plaintiffs assert Mr. Anderson was placed in a wheelchair and Defendant Dickey called Defendant LPN Denise Finlay on the phone and told her that Mr. Anderson had suffered more seizures. *Id.* at ¶ 72. Plaintiffs assert Defendant Finlay made no attempt to determine the cause of Mr. Anderson's seizures.

6.  Plaintiffs assert Mr. Anderson was placed back in a medical observation cell with a camera. Plaintiffs assert that around 7:05 p.m., Mr. Anderson began to vomit while in his bunk and suffered another seizure. Plaintiffs assert no staff member came to his aid. *Id.* at ¶ ¶ 79, 80, 81. Plaintiffs assert that around 7:11 p.m., Sergeant Rasberry responded to Mr. Anderson's cell, spoke to him briefly and walked away. *Id.* at ¶ 84. Plaintiffs assert Mr. Anderson then collapsed on the floor in the cell in visible distress. Plaintiffs assert that around 7:15 p.m. guards arrived and sat Mr. Anderson up from the laying position. *Id.* at ¶ 87. Plaintiffs assert Guards placed Mr. Anderson in a wheelchair and wheeled him back to

the OLLA LCC medical clinic where Defendant Dickey again called Defendant Finlay. *Id*. at ¶ 93.

7.    Plaintiffs assert Defendant Finaly told Defendant Dickey they would not send Mr. Anderson to the hospital for the seizure and instead instructed Defendant Dickey to give Mr. Anderson 50mg of Zoloft and return to his cell. *Id.* at ¶¶ 94, 95. Plaintiffs assert Mr. Anderson suffered another seizure at 8:03 p.m. and began to convulse, vomit, and lose consciousness. *Id*. at ¶ 111.

8.    Plaintiffs assert at 8:13 p.m. Lieutenant Love called an ambulance for Mr. Anderson and when EMS arrived at 8:22 p.m., Mr. Anderson was unresponsive. *Id.* at ¶¶ 116, 117. Plaintiffs assert that at 8:59 p.m., Mr. Andersson was pronounced dead. *Id.* at ¶ 124.

9.    Plaintiffs assert Harris County and Sheriff Gonzalez sought to privatize the operation of the Harris County Jail by delegating final policy-making authority to LaSalle. *Id*. at ¶ 148. Plaintiffs assert Harris County and Sheriff Gonzalez were on notice that LaSalle had a policy of providing inadequate medical care. *Id*. at ¶ 149.

10.    Plaintiffs assert Sheriff Gonzalez, in his individual capacity, is one of five supervisors who supervised one or more persons who violated Mr. Anderson's rights. *Id.* at ¶ 167. Plaintiffs assert the Defendant supervisors adopted policies that encouraged or were indifferent to the provision of inadequate medical care within LaSalle facilities, including the Olla LCC., which caused Mr. Anderson's death. *Id.* at ¶¶ 168, 169.

11.    Plaintiffs have not alleged facts that are sufficient to state a plausible claim against Gonzalez in his individual or official capacity as Sheriff of Harris County, Texas. Defendant Gonzalez now moves to dismiss Plaintiff's claims against him because

3

Plaintiff's general, conclusory allegations are simply masquerading as factual conclusions of individual and governmental liability and nothing more.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

### A. Statement of Issues.

12. The issues to be ruled upon by the Court regarding Sheriff Gonzalez are:

   (a) Whether Plaintiffs stated a claim upon which relief can be granted against Defendant Gonzalez?

   (b) Whether Sheriff Gonzalez is entitled to qualified immunity?

### B. Standard of Review.

13. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim

4

of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

14. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiffs' Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678. Finally, dismissal is appropriate if the complaint fails to include a factual allegation on any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

15. The plausibility standard "is not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), and when a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). When Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III. APPLICABLE LAW

16. **Qualified Immunity.** "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). There are two aspects to qualified immunity: whether the plaintiff has alleged a violation of a constitutional right and whether the right at issue was "clearly established" at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (citation omitted). Courts retain flexibility as to which step of the two-step process they consider first. *Id*. at 236, 129 S.Ct. 808. Still, often "the better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). This is especially true "with respect to questions that do not frequently arise." *Pearson*, 555 U.S. at 236, 129 S.Ct. 808.

17. A right is "clearly established" if it is "one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks and citation omitted). Courts must not "define clearly established

law at a high level of generality"; instead, their "inquiry must be undertaken in light of the specific context of the case." *Id*. at 12, 136 S.Ct. 305 (internal quotation marks and citations omitted). Therefore, unless existing precedent "squarely governs" the conduct at issue, an official will be entitled to qualified immunity. See *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam); *Mullenix*, 577 U.S. at 12, 136 S.Ct. 305 (emphasizing that "[t]he *205 dispositive question is whether the violative nature of particular conduct is clearly established" (internal quotation marks and citation omitted)).

18. Generally, to satisfy this standard, the plaintiff must "identify[ ] a case in which an officer acting under similar circumstances was held to have violated the [Constitution], and ... explain[ ] why the case clearly proscribed the conduct of that individual officer." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case). While an exact case on point is not required, the confines of the officers' violation must be "beyond debate." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (internal quotation marks and citation omitted), cert. denied, ––– U.S. –––, 141 S. Ct. 1379, 209 L.Ed.2d 123 (2021) (mem.). Broad general propositions are not enough to overcome qualified immunity. *Id*.

19. " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). " 'For an official to act with deliberate indifference, the

7

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Id*. (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 453 (5th Cir. 1994) (en banc)). " 'Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity.' " *Id*. (quoting *Alton v. Texas A&M Univ*., 168 F.3d 196, 201 (5th Cir. 1999)).

20.  Additionally, "[a] failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Porter*, 659 F.3d 440, 446 (quoting *Rhyne v. Henderson Cty*., 973 F.2d 386, 392 (5th Cir. 1992)). Nevertheless, "[l]iability for failure to promulgate policy ... require[s] that the defendant ... acted with deliberate indifference." *Id*.

21.  As the Fifth Circuit stated with respect to "failure-to-train" claims:

> To establish that a state actor disregarded a known or obvious consequence of his actions, there must be actual or constructive notice that a particular omission in their training program causes ... employees to violate citizens' constitutional rights and the actor nevertheless chooses to retain that program. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights. Without cabining failure-to-train claims in this manner (or, logically, failure-to-promulgate-policy claims), a standard less stringent than deliberate indifference would be employed, and a failure-to-train claim would result in de facto respondeat superior liability.

*Porter*, 659 F.3d at 447 (citations, alterations, and quotations omitted).

22.     As to the other prong of the Court's analysis, " '[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (per curiam) (alterations and internal quotation marks omitted)). " 'Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.' " *Id*. (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (per curiam)).

"Although '[the Supreme] Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.' " *Id*. (quoting *White*, 580 U.S. at 79 (internal quotation marks omitted)). " 'In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.' " *Id*.

### IV.     SUMMARY OF THE ARGUMENT

23.     Plaintiffs' official capacity claim against Sheriff Gonzalez is tantamount to a suit against Harris County. *Kentucky v. Graham*, 473 U.S. 159 (1985). Because Plaintiffs have also sued Harris County, the official capacity claim should be dismissed as "redundant" to the Harris County claim.

24.     Plaintiffs fail to state a viable individual capacity claim against Sheriff Gonzalez for a constitutional violation. Plaintiffs' pleadings are devoid of any facts that are sufficient to

state a plausible claim against Sheriff Gonzalez in his individual capacity. Plaintiffs have not pled any facts that Sheriff Gonzalez had personal knowledge of a substantial risk of serious harm to Mr. Anderson and responded with deliberate indifference to that risk. Rather, Plaintiffs rely on conclusory statements that cannot survive a motion to dismiss. Plaintiffs have further failed to establish a waiver of Sheriff Gonzalez's qualified immunity. For these reasons, Plaintiffs' individual capacity claim against Sheriff Gonzalez should be dismissed.

## V. ARGUMENT AND AUTHORITIES

**A. Fourteenth Amendment Section 1983 Claim Against Sheriff Gonzalez in his Individual Capacity for Inadequate Medical Care.**

25. In order to successfully plead a cause of action in a civil rights case under 42 U.S.C. § 1983, a plaintiff must ordinarily articulate a set of facts that illustrates the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). To prevail on a § 1983 claim against an individual defendant, a pretrial detainee must show that the defendant "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir.1996) (en banc ).  However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Id*. at 645, 649.

26. Plaintiffs' pleadings are devoid of any facts suggesting that Sheriff Gonzalez was personally involved in the acts that deprived Mr. Anderson of his constitutional rights.

27. Plaintiffs seek to extend supervisory liability to Sheriff Gonzalez in his individual capacity as the supervisor of one or more persons who violated Mr. Anderson's rights while

10

in custody at LaSalle Correctional Center. DE 1, ¶ 167. Plaintiffs allege that Sheriff Gonzalez as the supervisor adopted and/or failed to adopt policies with deliberate indifference to the safety of Mr. Anderson. *Id*. at ¶ 168. These allegations are not only speculative, but conclusory and unsupported by plausible facts. Section 1983 does not impose vicarious or respondeat-superior liability." *Magnolia Island Plantation, LLC v. Whittington*, 29 F.4th 246, 251 (5th Cir. 2022) (quoting *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988)). Therefore, an official, like the Sheriff, "cannot be held liable in his individual capacity merely because a subordinate committed some constitutional violation." *Id*. To be subject to individual liability, an official "must either be 'personally involved in the constitutional violation' or commit 'acts [that] are causally connected to the constitutional violation alleged.' " *Id*. (quoting *Anderson v. Pasadena Indep. Sch. Dist*., 184 F.3d 439, 443 (5th Cir. 1999)). Stated differently, "a 'supervisor is not personally liable for his subordinate's actions in which he had no involvement.' " *Id*. (quoting *James v. Tex. Collin Cnty*., 535 F.3d 365, 373 (5th Cir. 2008)). At this stage, Plaintiffs' operative pleading must contain allegations of some personal involvement of Sheriff Gonzalez in the alleged constitutional violation. The allegation that Harris County Sheriff Ed Gonzalez supervised one or more of the persons at LaSalle Corrections who violated Mr. Anderson's rights is speculative and conclusory. Sheriff Gonzalez did not have supervisory power over any of the LaSalle Defendants and Plaintiffs assertions are purely speculative.

28.     Taken the Plaintiffs assertions as true, Section 1983 does not impose respondeat-superior liability. "A supervisor cannot be held liable under section 1983 on the basis of respondeat superior.... Rather, the misconduct of the subordinate must be affirmatively

11

linked to the action or inaction of the supervisor." *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997). Plaintiff must allege facts sufficient to show that (1) Sheriff Gonzalez either failed to supervise or train the subordinate officials; (2) a causal link exists between the failure to train or supervise the violation of Mr. Anderson's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998). Plaintiffs' complaint fails to allege any facts to support supervisory liability. Plaintiffs have failed to plead plausible facts showing what supervisory power Sheriff Gonzalez had over any of the LaSalle Defendants. Plaintiffs have failed to show what actions Sheriff Gonzalez undertook, if any, against Mr. Anderson. Plaintiff merely sets forth "labels and conclusions" without sufficient factual matter. See *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

29.     Qualified immunity shields state and municipal officials from money damages unless a plaintiff pleads facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." See *Ashcroft v. al–Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). The burden is on the plaintiff to overcome a defendant's invocation of qualified immunity. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

30.     **No Deliberate Indifference.** Plaintiffs have failed to plead any plausible factual allegations of deliberate indifference or causation by Sheriff Gonzalez. For the individual defendant, the plaintiff "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." *Flores v. County of Hardeman*, 124 F.3d 736, 738-739 (5th Cir.1997). Subjective deliberate indifference

12

means "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650. Other than bare allegations, Plaintiffs have failed to meet their pleading burden with sufficient facts to establish Sheriff Gonzalez had subjective knowledge of a substantial risk of serious harm to Mr. Anderson and responded with deliberate indifference to that risk. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted against Sheriff Gonzalez and the claim against Sheriff Gonzalez should be dismissed.

**B.    Official Capacity Claim**

31.    A plaintiff can bring § 1983 suits against municipalities and municipal officials in their official capacity. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity. *Id*. Thus, when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as "redundant" to the municipal-entity claim. *Sanders–Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (noting that plaintiff's § 1983 claims against a governmental entity "render[ed] any official capacity claim against [an employee of that entity] redundant").

32.    Here, Plaintiffs' Complaint, specifically Count One alleges that Defendant Harris County and Sheriff Gonzalez (the "*Monell* Defendants") violated Mr. Anderson's constitutional rights. DE 1, ¶¶ 159-165. Plaintiffs' allegations against Harris County and Sheriff Gonzalez are conclusory and fail to establish a pattern of prior incidents necessary to support *Monell* liability. The claim asserted against Sheriff Gonzalez, in his official

13

capacity, is identical to the claim asserted against Harris County. Because Plaintiffs have asserted claims against Harris County, the government agency, and Sheriff Gonzalez, a government official in his official capacity, the Court should dismiss the official capacity claim as "redundant" to the government-entity claims. See *Sanders–Burns*, 594 F.3d at 373.

### C. Punitive Damages Claim

33. Punitive damages may be awarded in § 1983 cases "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Reckless indifference has been described by the Supreme Court as " 'subjective consciousness' of a risk of injury or illegality and a 'criminal indifference to civil obligations.' " *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) (citation omitted). "[U]nlike compensatory damages, punitive damages are never available as a matter of right, no matter how egregious the defendant's conduct may be." *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990). Because Plaintiffs have not asserted that Sheriff Gonzalez's conduct was motivated by evil motive or intent, this claim should be dismissed.

### VI. CONCLUSION

34. For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Sheriff Ed Gonzalez in his individual or official capacity. Sheriff Gonzalez is entitled to dismissal of Plaintiff's claims as a matter of law.

14

WHEREFORE, PREMISES CONSIDERED, Defendant Ed Gonzalez requests that the Court grant his motion and enter an order dismissing Plaintiff's claim with prejudice and grant all other relief to which this Defendant is entitled.

Date: May 27, 2025.

                                        Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ Gregory Burnett*
**GREGORY BURNETT \***
Assistant County Attorney
Texas Bar No. 24057785
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

By:   */s/ Seth Hopkins*
**SETH HOPKINS**
Special Assistant County Attorney for Litigation
Louisiana Bar No. 26341
Tel: (337) 540-9120
Seth.Hopkins@harriscountytx.gov
LOCAL COUNSEL

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

\* admitted *pro hac vice*

**ATTORNEYS FOR HARRIS COUNTY, TEXAS and SHERIFF ED GONZALEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May 2025, a copy of the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

*/s/ Gregory Burnett*
GREGORY BURNETT
