## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## FIRST DIVISION

| | |
|---|---|
| **NEFERTITI GILBERT, ET AL.,** | **: CIVIL ACTION NO. 1:25-CV-00421-DDD-JPM** |
| | **:** |
| **Plaintiffs,** | **:** |
| | **:** |
| **VS.** | **:  JUDGE DEE D DRELL** |
| | **:** |
| **HARRIS COUNTY, TEXAS; ET AL.** | **:** |
| | **:** |
| **Defendants.** | **: MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES** |


## DEFENDANT HARRIS COUNTY, TEXAS'S MEMORANDUM
## <u>IN SUPPORT OF 12(B)(6) MOTION TO DISMISS</u>


Defendant, Harris County, Texas ("Haris County"), respectfully requests the Court to dismiss the claims made against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Harris County files this Memorandum in Support of its Motion to Dismiss, and in support of said motion, would respectfully show the Court as follows:

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................ iii

I.    Statement of Facts ................................................................................................. 1

II.   Statement of Issues and Standard of Review ..................................................... 4

      A.  Statement of Issues. .................................................................................... 4

      B.  Standard of Review. .................................................................................... 4

III.  Summary of The Argument .................................................................................. 6

IV.   Argument and Authorities .................................................................................... 6

      A.  Fourteenth Amendment Section 1983 Claim Against Harris County for
          Inadequate Medical Care. ........................................................................... 6

      B.  Conditions of Confinement .......................................................................... 11

      C.  Punitive Damages Claim ............................................................................. 12

V.    Conclusion ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Akins v. Liberty Cnty.*,
No. 1:13-cv-328, 2014 WL 105839, at *9 (E.D. Tex. Jan. 9, 2014) ............................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 4, 5, 6

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997) .............................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 4, 5, 6

*Bell v. Wolfish*, 441 U.S. 520 (1979) ........................................................................ 11

*Bennett v. City of Sidell*, 735 F.2d 861 (5th Cir. 1984) ...................................................... 9

*Cadena v. El Paso Cnty.*, 946 F.3d 717 (5th Cir. 2020) .................................................. 11

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) ........................................ 10

*Carlucci v. Chapa*, 884 F.3d 534 (5th Cir. 2018) ............................................................ 11

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ............................................ 12

*Connick v. Thompson*, 560 U.S. 51 (2011) ................................................................... 6, 7

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) ............................................................ 7

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) ................................................ 7

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) ................................................. 8

*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993) ................................ 9

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016) ................................................... 10

*Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996) ...................................................... 11

*Hennington v. Lumpkin*, No. 620CV00593JDKJDL, 2021 WL 5710105 (E.D. Tex. Nov.
1, 2021), report and recommendation adopted, No. 6:20CV593, 2021 WL 5630621
(E.D. Tex. Dec. 1, 2021) ...................................................................................... 11

*Hicks-Fields v. Harris Cnty.*, 860 F.3d 803 (5th Cir. 2017) .................................................. 7

*In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201 (5th Cir. 2010) ...................... 5

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ....................................................... 4

*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) ....................................................... 8

*Johnson v. Moore*, 958 F.2d 92 (5th Cir. 1992) .............................................................. 5

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ............................................................... 5

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) ................. 10

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) .................... 6, 7, 8

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .................................................................. 4

*Papasan v. Allain*, 478 U.S. 265 (1986) .......................................................................... 9

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ........................................ 7

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) ........................................... 7

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ................................. 7, 8, 9, 10

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) .................................................. 4

*Rios v. City of Del Rio, Tex.*, 444 F.3d 417 (5th Cir. 2006) ............................................... 5

*Robinson v. Hunt County, Tex.*, 921 F.3d 440 (5th Cir. 2019) ......................................... 12

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997) ............................................... 9

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ........................................ 11

*Valentine v. Collier*, 978 F.3d 154 (5th Cir. 2020) ......................................................... 11

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ................................................... 7

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
   2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ......................................................... 9, 10

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 4

Rule R. Civ. P. 12(b)(6) ................................................................................................Passim

## I.    STATEMENT OF FACTS

1.      This lawsuit stems from the death of Jaleen Anderson ("Decedent" or "Mr. Anderson"), who died of a seizure on April 3, 2024, while in custody at the LaSalle Correctional Center. Pursuant to an agreement between Harris County, Texas and Lasalle Corrections, Mr. Anderson was housed at the LaSalle Correctional Center because of overcrowding at the Harris County Jail.

2.      Plaintiffs, Nefertiti Gilbert, Christi Jackson, and Jyrie Polk bring their claims against Defendants Harris County, Texas, Harris County Sheriff Ed Gonzalez, LaSalle Correctional Center, LLC, LaSalle Corrections, LLC, LaSalle Management Company, LLC, Clay McConnell, William McConnell, John Stuckey, Paul Smith, Lieutenant Morehead, Pamela Hearn, Charlotte Fussell, Shannon Brewer, Gwen Warren, Denise Finlay, and Mariah Dickey for allegedly violating Mr. Anderson's Fourteenth Amendment Right to the United States Constitution for inadequate medical care.

3.      Plaintiffs allege that on April 2, 2024 at around 6:03 a.m., Mr. Anderson had a seizure while he was in his bunk. DE 1, ¶ 36. Plaintiffs allege Defendant LPN Gwen Warren responded and noted Mr. Anderson had urinated on himself. *Id.* at ¶ 43. Plaintiffs assert Defendant LPN Gwen Warren did not attempt to alert a doctor, but instead took Mr. Anderson to the bathroom for a shower and returned him to his bunk. *Id.* at ¶ ¶ 45, 47.

4.      Plaintiffs assert that on April 3, 2024 at around 6:01 a.m., Mr. Anderson had another seizure while sitting at a table near his bunk, and fell to the floor. *Id.* at ¶ 48. Plaintiffs assert fellow detainees alerted guards of Mr. Anderson's condition and he was escorted to Olla LLC's medical clinic. *Id.* at ¶ ¶ 49, 50. Plaintiffs assert Mr. Anderson waited in the

clinic for nearly four hours before he was seen by Defendant Nurse Practitioner Shannon Brewer. Plaintiffs assert Nurse Practitioner Brewer did not attempt to provide medical care or transport Mr. Anderson to the hospital, but instead ordered Mr. Anderson be placed in a medical observation cell. *Id.* at ¶ ¶ 53, 54, 55, 58.

5.      Plaintiffs assert that shortly before 5:39 p.m. on April 3, 2024, Mr. Anderson suffered another seizure. *Id.* at ¶ 63. Plaintiffs assert that despite being on medical observation, no correctional officer or medical staff provided medical care or treatment to Mr. Anderson during his seizure. *Id.* at ¶ 65. Plaintiffs assert Mr. Anderson knocked on the cell of his door and informed the guard that he had suffered another seizure. Plaintiffs assert he was escorted to a restroom to wash up and get a change of clothing, where he suffered another seizure. Plaintiffs assert Mr. Anderson was placed in a wheelchair and Defendant Dickey called Defendant LPN Denise Finlay on the phone and told her that Mr. Anderson had suffered more seizures. *Id.* at ¶ 72. Plaintiffs assert Defendant Finlay made no attempt to determine the cause of Mr. Anderson's seizures.

6.      Plaintiffs assert Mr. Anderson was placed back in a medical observation cell with a camera. Plaintiffs assert that around 7:05 p.m., Mr. Anderson began to vomit while in his bunk and suffered another seizure. Plaintiffs assert no staff member came to his aid. *Id.* at ¶ ¶ 79, 80, 81. Plaintiffs assert that around 7:11 p.m., Sergeant Rasberry responded to Mr. Anderson's cell, spoke to him briefly and walked away. *Id.* at ¶ 84. Plaintiffs assert Mr. Anderson then collapsed on the floor in the cell in visible distress. Plaintiffs assert that around 7:15 p.m. guards arrived and sat Mr. Anderson up from the laying position. *Id.* at ¶ 87. Plaintiffs assert Guards placed Mr. Anderson in a wheelchair and wheeled him back to

the OLLA LCC medical clinic where Defendant Dickey again called Defendant Finlay. *Id*. at ¶ 93.

7.    Plaintiffs assert Defendant Finaly told Defendant Dickey they would not send Mr. Anderson to the hospital for the seizure and instead instructed Defendant Dickey to give Mr. Anderson 50mg of Zoloft and return to his cell. *Id.* at ¶ ¶ 94, 95. Plaintiffs assert Mr. Anderson suffered another seizure at 8:03 p.m. and began to convulse, vomit, and lose consciousness. *Id*. at ¶ 111.

8.    Plaintiffs assert at 8:13 p.m. Lieutenant Love called an ambulance for Mr. Anderson and when EMS arrived at 8:22 p.m., Mr. Anderson was unresponsive. *Id.* at ¶ ¶ 116, 117. Plaintiffs assert that at 8:59 p.m., Mr. Andersson was pronounced dead. *Id*. at ¶ 124.

9.    Plaintiffs assert Harris County and Sheriff Gonzalez sought to privatize the operation of the Harris County Jail by delegating final policy-making authority to LaSalle. *Id*. at ¶ 148. Plaintiffs assert Harris County and Sheriff Gonzalez were on notice that LaSalle had a policy of providing inadequate medical care. *Id*. at ¶ 149.

10.    Plaintiffs assert Sheriff Gonzalez, in his individual capacity, is one of five supervisors who supervised one or more persons who violated Mr. Anderson's rights. *Id*. at ¶ 167. Plaintiffs assert the Defendant supervisors adopted policies that encouraged or were indifferent to the provision of inadequate medical care within LaSalle facilities, including the Olla LCC., which caused Mr. Anderson's death. *Id.* at ¶ ¶ 168, 169.

11.    Plaintiffs have not alleged facts that are sufficient to state a plausible claim against Gonzalez in his individual or official capacity as Sheriff of Harris County, Texas. Defendant Gonzalez now moves to dismiss Plaintiff's claims against him because

Plaintiff's general, conclusory allegations are simply masquerading as factual conclusions of individual and governmental liability and nothing more.

## II.    STATEMENT OF ISSUES AND STANDARD OF REVIEW

### A.    Statement of Issues.

12.    The issue to be ruled upon by the Court regarding Harris County is:

    (a)    Whether Plaintiffs have stated a claim upon which relief can be granted against Defendant Harris County?

### B.    Standard of Review.

13.    **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim

of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

14.    To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiffs' Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678. Finally, dismissal is appropriate if the complaint fails to include a factual allegation on any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417,421 (5th Cir. 2006).

15.    The plausibility standard "is not akin to a 'probability requirement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), and when a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). When Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III.    SUMMARY OF THE ARGUMENT

16.    Plaintiffs' *Monell* claim against Harris County should be dismissed. Under *Monell*, municipal liability requires proving both a constitutional violation and that an official policy or custom was the moving force behind the violation. Plaintiffs have failed to meet this standard. Plaintiffs' allegations about unconstitutional customs, policies, or procedures are conclusory rather than factual. Plaintiffs have failed to identify an official Harris County policy or custom that was the moving force behind the alleged violations of Mr. Anderson's constitutional rights. Plaintiffs have failed to state any plausible factual allegations demonstrating through deliberate indifference, Defendant Harris County's customs, policies, or procedures were the moving force behind Plaintiff's death. Even accepting the Plaintiffs facts as true, there are no factual allegations showing Harris County engaged in conduct that violated Mr. Anderson's rights.

### IV.    ARGUMENT AND AUTHORITIES

**A.    Fourteenth Amendment Section 1983 Claim Against Harris County for Inadequate Medical Care.**

17.    ***Monell* Claims**. "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The

alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., County is not vicariously liable for its deputies' actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

18.     To state a claim for municipal liability under § 1983, the plaintiff must allege that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)). A policy is the moving force when there is "a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001).

19.     An official policy "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. In general, it is important for courts to disaggregate asserted policies or customs when "they express no single municipal policy but only a series of adversarial conclusions." *Piotrowski*, 237 F.3d at 581. Disaggregation

is similarly warranted when each custom "concerns a discrete [municipal] program or area of decision-making, and each invokes separate aspects of the policy issue." *Id*. And finally, courts should disaggregate asserted policies when "each alleged policy may have had a distinct impact as the moving force" for the alleged constitutional violation. *Id*. Aggregating asserted policies or customs may provide an illusion of persistent, widespread practices that are merely a series of isolated violations that provide an insufficient basis for municipal liability. See *id*.

20.     It is therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiffs, therefore, bear the burden of demonstrating that, through deliberate indifference, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty*., 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

21.     Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision.  *See Brown*, 520 U.S. at 411.  Thus, Plaintiffs must allege facts which show not only an

unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

22.     "In addition to culpability, [the pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiffs' description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). The Court is "not bound to accept as true [the Plaintiffs'] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Fifth Circuit has defined "official policy" as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by official adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Sidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). The "widespread practice" type of policy or custom cannot be proven by "random acts or isolated incidents...." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *Akins*, 2014 WL 105839 at *11. "Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (internal quotations omitted). "To demonstrate a governmental policy or custom under § 1983, a plaintiff must show at least a pattern of similar incidents in which the citizens were injured." *Akins*, 2014 WL 105839 at *11 (internal citations and quotations omitted). Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff...." *Piotrowski*, 237 F.3d at 579. The causation element requires that the plaintiff demonstrate the policy itself was the "moving force" behind the alleged constitutional violations. *See Akins v. Liberty Cnty.*, No. 1:13-cv-328, 2014 WL 105839, at *9 (E.D. Tex. Jan. 9, 2014) (Crone, J.) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996) ).

23.    For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). Here, Plaintiffs have not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Mr. Anderson's constitutional rights. Nor have Plaintiffs established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011)

(Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted). Plaintiffs have failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed as a matter of law.

**B.    Conditions of Confinement**

24.    Conditions of confinement claims are a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc). In a conditions of confinement case, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

25.    "To prevail on a conditions of confinement claim, an inmate must prove that prison officials acted, or failed to act, with deliberate indifference to a substantial risk of serious harm." *Hennington*, 2021 WL 5710105, at *5 (citing *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)). "To show a violation, inmates must prove that they were exposed 'to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk.' " *Valentine v. Collier*, 978 F.3d 154, 162 (5th Cir. 2020) (quoting *Carlucci*, 884 F.3d at 538). The presence of a substantial risk "is an objective inquiry," while deliberate indifference is subjective and "requires a showing that prison officials had actual knowledge of a risk and disregarded it." *Id*. at 163.

26.    Plaintiffs' pleading falls short of showing that Harris County's decision to house

11

inmates at LaSalle Correctional Center amounted to punishment, in violation of Mr. Anderson's constitutional rights. To the extent that Plaintiffs' lawsuit may be read to raise conditions of confinement claims, Plaintiffs have failed to state a claim upon which relief may be granted because Plaintiffs have not identified an explicit policy or restriction, nor demonstrated a pattern or acts or omissions attributable to Harris County giving rise to an unconstitutional de facto policy or custom. For these reasons, Plaintiffs have failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed as a matter of law.

## C.    Punitive Damages Claim

27.    If Plaintiff intends to seek punitive damages against the Harris County, such claim fails as a matter of law. Plaintiff is not entitled to punitive damages from Harris County because Harris County is immune. *See Robinson v. Hunt County, Tex.*, 921 F.3d 440, n.6 (5th Cir. 2019) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)). Therefore, Plaintiff's claim for punitive damages against Harris County, if any, fails as a matter of law and dismissal should be with prejudice.

## V.    CONCLUSION

28.    For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County or Sheriff Ed Gonzalez in his individual or official capacity, and they are entitled to dismissal of Plaintiff's claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County requests that the Court grant this motion and enter an order dismissing Plaintiff's claim with prejudice and grant all other relief to which this Defendant is entitled.

Date: May 27, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:    */s/ Gregory Burnett*
**GREGORY BURNETT \***
Assistant County Attorney
Texas Bar No. 24057785
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

By:    */s/ Seth Hopkins*
**SETH HOPKINS**
Special Assistant County Attorney for Litigation
Louisiana Bar No. 26341
Tel: (337) 540-9120
Seth.Hopkins@harriscountytx.gov
LOCAL COUNSEL

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

\* admitted *pro hac vice*

**ATTORNEYS FOR HARRIS COUNTY,
TEXAS and SHERIFF ED GONZALEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May 2025, a copy of the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

/s/ Gregory Burnett
GREGORY BURNETT