UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., LaSalle Management Company, L.L.C., Clay McConnell, William McConnell, John Stuckey, Paul Smith, Richard Morehead, Mariah Dickey, Pamela Hearn, M.D., Charlotte Fussell, Shannon Brewer, Gwen Warren, and Denise Finlay (collectively "LaSalle Defendants") who respond as follows to the Complaint filed in the captioned matter by Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. (collectively "Plaintiffs").

## AFFIRMATIVE DEFENSES

LaSalle Defendants have not yet had an opportunity to conduct discovery or to complete an investigation of this matter, and therefore, rely upon the following defenses to the extent they may prove applicable based upon subsequently learned information.

## FIRST DEFENSE

Plaintiffs have failed to state a cause of action against LaSalle Defendants.

## SECOND DEFENSE

LaSalle Defendants plead that the alleged harm suffered by Jaleen Anderson was the result of intervening and superseding causes which operate to bar or reduce Plaintiffs' potential recovery.

## THIRD DEFENSE

LaSalle Defendants plead that the medical care provided to Jaleen Anderson was reasonable under the circumstances.

## FOURTH DEFENSE

LaSalle Defendants plead that they in no way acted maliciously and that their alleged treatment of Jaleen Anderson does not rise to the level of a violation of his civil rights.

## FIFTH DEFENSE

LaSalle Defendants aver that they cannot be held generally liable under a theory of respondeat superior or for the torts of employees, subordinates, or co-workers.

## SIXTH DEFENSE

LaSalle Defendants assert the affirmative defense of *Monell* municipal immunity because the Plaintiffs cannot establish a deprivation of rights protected by the Constitution or federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. LaSalle Defendants assert that the Plaintiffs cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, Plaintiffs cannot establish a causal link between any of LaSalle Defendants' alleged actions and any deprivation of federal rights.

## SEVENTH DEFENSE

Jaleen Anderson's death was not caused by LaSalle Defendants, but was caused by others for whom LaSalle Defendants are not legally responsible and/or was caused by natural causes.

## EIGHTH DEFENSE

LaSalle Defendants assert all statutory and jurisprudential immunities available to them under federal and state law.

## NINTH DEFENSE

Other parties may owe indemnity and/or defense for Plaintiffs' claims.

## TENTH DEFENSE

LaSalle Defendants are entitled to a set-off from any collateral source or other compensations received by Plaintiffs.

## ELEVENTH DEFENSE

LaSalle Defendants assert the affirmative defenses of res judicata and collateral estoppel.

## TWELFTH DEFENSE

To the extent the alleged harm suffered by Jaleen Anderson occurred as a result of pre-existing medical conditions, causes, or injuries, the existence of those pre-existing or other medical conditions, causes, or injuries, bar and/or mitigate the recovery of Plaintiffs.

## THIRTEENTH DEFENSE

LaSalle Defendants aver that at all times relevant to this litigation, they conducted themselves appropriately, in good faith, and in accordance with all applicable laws, ordinances, and regulations.

## FOURTEENTH DEFENSE

LaSalle Defendants aver that all claims made against them, pursuant to 42 U.S.C. § 1983 will be determined to be unfounded and not adequately supported by facts or law. Accordingly, under 42 U.S.C. § 1988, LaSalle Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

## FIFTEENTH DEFENSE

LaSalle Defendants reserve their right to assert any additional affirmative defenses and any counterclaim or crossclaim that they may discover during the course of additional investigation and discovery.

## SIXTEENTH DEFENSE

In the alternative, LaSalle Defendants deny each and every allegation of Plaintiffs' Complaint except as to those which are expressly admitted or modified herein.

## JURY DEMAND

LaSalle Defendants pray for a trial by jury on all issues.

## ANSWER TO PLAINTIFFS' COMPLAINT

In response to the specific allegations contained in Plaintiffs' Complaint, LaSalle Defendants respectfully aver:

## JURISDICTION

1.

The factual allegations in Paragraph 1 of Plaintiffs' Complaint and the unnumbered paragraphs above Paragraph 1 are denied. To the extent Paragraph 1 of Plaintiffs' Complaint and the unnumbered paragraphs above Paragraph 1 contain conclusions of law, no response is necessary. However, to the extent a response is deemed required, those allegations are denied.

2.

The allegations in Paragraph 2 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

3.

The allegations in Paragraph 3 of Plaintiffs' Complaint are only admitted insofar as venue is proper. All other allegations are denied at this time for lack of sufficient information to form a belief therein.

## **PARTIES**

4.

The allegations in Paragraph 4 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

5.

The allegations in Paragraph 5 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

6.

The allegations in Paragraph 6 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

7.

The allegations in Paragraph 7 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

8.

The allegations in Paragraph 8 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

9.

The allegations in Paragraph 9 of Plaintiffs' Complaint are not directed toward LaSalle Defendants, and therefore, require no response therefrom. To the extent a response is required, LaSalle Defendants admit the factual allegations of this paragraph upon information and belief.

To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

10.

The allegations in Paragraph 10 of Plaintiffs' Complaint are not directed toward LaSalle Defendants, and therefore, require no response therefrom. To the extent a response is required, LaSalle Defendants admit the factual allegations of this paragraph upon information and belief. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

11.

The factual allegations in Paragraph 11 of Plaintiffs' Complaint are admitted upon information and belief.  To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

12.

The allegations in Paragraph 12 of Plaintiffs' Complaint contain conclusions of law and are not directed toward LaSalle Defendants, and therefore, no response is necessary. To the extent a response is deemed required, the factual allegations of this paragraph are admitted.  Furthermore, to the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

13.

The factual allegations in Paragraph 13 of Plaintiffs' Complaint are only admitted insofar as LaSalle Correctional Center, L.L.C. owns LaSalle Correctional Center in Olla, Louisiana. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

14.

The allegations in Paragraph 14 of Plaintiffs' Complaint are denied.

15.

The allegations in Paragraph 15 of Plaintiffs' Complaint are denied as written.

16.

The allegations in Paragraph 16 of Plaintiffs' Complaint are denied as written.

17.

The allegations in Paragraph 17 of Plaintiffs' Complaint contain conclusions of law, and therefore, no response is necessary. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

18.

The allegations in Paragraph 18 of Plaintiffs' Complaint are denied as written.

19.

The allegations in Paragraph 19 of Plaintiffs' Complaint are denied as written.

20.

The allegations in Paragraph 20 of Plaintiffs' Complaint are only admitted insofar as John Stuckey is the Warden of the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Mr. Stuckey, the allegations are denied.

21.

The allegations in Paragraph 21 of Plaintiffs' Complaint are only admitted insofar as Paul Smith is the Assistant Warden of the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Mr. Smith, the allegations are denied.

22.

The allegations in Paragraph 22 of Plaintiffs' Complaint are only admitted insofar as Lieutenant Morehead is a correctional officer at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Mr. Morehead, the allegations are denied.

23.

The allegations in Paragraph 23 of Plaintiffs' Complaint are only admitted insofar as Pamela Hearn, M.D. is the Medical Director at the LaSalle Correctional Center located in Olla, Louisiana. To the extent this paragraph alleges liability on the part of Dr. Hearn, the allegations are denied.

24.

The allegations in Paragraph 24 of Plaintiffs' Complaint are only admitted insofar as Charlotte Fussell is the Health Services Administrator at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Ms. Fussell, the allegations are denied.

25.

The allegations in Paragraph 25 of Plaintiffs' Complaint are only admitted insofar as Shannon Brewer is Nurse Practitioner at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Ms. Brewer, the allegations are denied.

26.

The allegations in Paragraph 26 of Plaintiffs' Complaint are only admitted insofar as Gwen Warren is a Licensed Professional Nurse at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Ms. Brewer, the allegations are denied.

27.

The allegations in Paragraph 27 of Plaintiffs' Complaint are only admitted insofar as Denise Finlay was a Licensed Professional Nurse at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Ms. Finlay, the allegations are denied.

28.

The allegations in Paragraph 28 of Plaintiffs' Complaint are only admitted insofar as Mariah Dickey is a correctional officer at the LaSalle Correctional Center, L.L.C. To the extent this paragraph alleges liability on the part of Ms. Dickey, the allegations are denied.

29.

The allegations in Paragraph 29 of Plaintiffs' Complaint contain conclusions of law, and therefore, no response is necessary. To the extent a response is deemed required, those allegations are denied as written at this time for lack of sufficient information to justify a belief therein.

## FACTS COMMON TO ALL COUNTS

30.

The allegations in Paragraph 30 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

31.

The allegations in Paragraph 31 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

32.

The allegations in Paragraph 32 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

33.

The allegations in Paragraph 33 of Plaintiffs' Complaint are denied as written.

34.

The allegations in Paragraph 34 of Plaintiffs' Complaint are only admitted insofar as Jaleen Anderson was transferred to LaSalle Correctional Center in Olla, Louisiana on March 22, 2024. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

35.

The allegations in Paragraph 35 of Plaintiffs' Complaint are denied as written, upon information and belief.

36.

The allegations in Paragraph 36 of Plaintiffs' Complaint are denied.

37.

The factual allegations in Paragraph 37 of Plaintiffs' Complaint are admitted at this time, upon information and belief.

38.

The factual allegations in Paragraph 38 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

39.

The allegations in Paragraph 39 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

40.

The allegations in Paragraph 40 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent a response is deemed required, the allegations are denied as written.

41.

The allegations in Paragraph 41 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent a response is deemed required, the allegations are denied as written.

42.

The allegations in Paragraph 42 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent a response is deemed required, the allegations are denied as written.

43.

The factual allegations in Paragraph 43 of Plaintiffs' Complaint are admitted at this time upon information and belief. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

44.

The allegations in Paragraph 44 of Plaintiffs' Complaint are denied.

45.

The allegations in Paragraph 45 of Plaintiffs' Complaint are denied.

46.

The allegations in Paragraph 46 of Plaintiffs' Complaint are denied as written.

47.

The allegations in Paragraph 47 of Plaintiffs' Complaint are denied as written.

48.

The allegations in Paragraph 48 of Plaintiffs' Complaint are denied.

49.

The factual allegations in Paragraph 49 of Plaintiffs' Complaint are admitted at this time, upon information and belief.

50.

The allegations in Paragraph 50 of Plaintiffs' Complaint are denied as written.

51.

The allegations in Paragraph 51 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

52.

The allegations in Paragraph 52 of Plaintiffs' Complaint call for a medical opinion, and therefore, no response is necessary. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

53.

The allegations in Paragraph 53 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

54.

The factual allegations in Paragraph 54 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

55.

The allegations in Paragraph 55 of Plaintiffs' Complaint are denied.

56.

The allegations in Paragraph 56 of Plaintiffs' Complaint are denied.

57.

The allegations in Paragraph 57 of Plaintiffs' Complaint are denied.

58.

The factual allegations in Paragraph 58 of Plaintiffs' Complaint are only admitted insofar as Defendant, Shannon Brewer ordered that Mr. Anderson be placed in "medical observation." To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

59.

The allegations in Paragraph 59 of Plaintiffs' Complaint are denied.

60.

The allegations in Paragraph 60 of Plaintiffs' Complaint are denied as written.

61.

The allegations in Paragraph 61 of Plaintiffs' Complaint are denied.

62.

The allegations in Paragraph 62 of Plaintiffs' Complaint are denied.

63.

The allegations in Paragraph 63 of Plaintiffs' Complaint are denied.

64.

The allegations in Paragraph 64 of Plaintiffs' Complaint are denied as written.

65.

The allegations in Paragraph 65 of Plaintiffs' Complaint are denied.

66.

The allegations in Paragraph 66 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

67.

The allegations in Paragraph 67 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

68.

The allegations in Paragraph 68 of Plaintiffs' Complaint are denied as written.

69.

The allegations in Paragraph 69 of Plaintiffs' Complaint are denied.

70.

The factual allegations in Paragraph 70 of Plaintiffs' Complaint are admitted at this time, upon information and belief. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

71.

The factual allegations in Paragraph 71 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

72.

The allegations in Paragraph 72 of Plaintiffs' Complaint are denied as written at this time upon information and belief.

73.

The allegations in Paragraph 73 of Plaintiffs' Complaint are denied.

74.

The factual allegations in Paragraph 74 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

75.

The allegations in Paragraph 75 of Plaintiffs' Complaint are denied.

76.

The allegations in Paragraph 76 of Plaintiffs' Complaint are denied.

77.

The factual allegations in Paragraph 77 of Plaintiffs' Complaint are admitted upon information and belief. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

78.

The allegations in Paragraph 78 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

79.

The allegations in Paragraph 79 of Plaintiffs' Complaint are denied as written.

80.

The allegations in Paragraph 80 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

81.

The allegations in Paragraph 81 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

82.

The allegations in Paragraph 82 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

83.

The allegations in Paragraph 83 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

84.

The allegations in Paragraph 84 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

85.

The allegations in Paragraph 85 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

86.

The allegations in Paragraph 86 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

87.

The allegations in Paragraph 87 of Plaintiffs' Complaint are denied as written at this time for lack of sufficient information to form a belief therein.

88.

The allegations in Paragraph 88 of Plaintiffs' Complaint are denied as written at this time
for lack of sufficient information to form a belief therein.

89.

The allegations in Paragraph 89 of Plaintiffs' Complaint are denied as written at this time
for lack of sufficient information to form a belief therein.

90.

The allegations in Paragraph 90 of Plaintiffs' Complaint are denied as written at this time
for lack of sufficient information to form a belief therein.

91.

The factual allegations in Paragraph 91 of Plaintiffs' Complaint are admitted. To the extent
this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

92.

The allegations in Paragraph 92 of Plaintiffs' Complaint are denied as written at this time
for lack of sufficient information to form a belief therein.

93.

The allegations in Paragraph 93 of Plaintiffs' Complaint are denied as written at this time
for lack of sufficient information to form a belief therein.

94.

The allegations in Paragraph 94 of Plaintiffs' Complaint are denied.

95.

The allegations in Paragraph 95 of Plaintiffs' Complaint are denied at this time for lack of
sufficient information to form a belief therein.

96.

The allegations in Paragraph 96 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

97.

The allegations in Paragraph 97 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

98.

The allegations in Paragraph 98 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

99.

The allegations in Paragraph 99 of Plaintiffs' Complaint are denied as written.

100.

The allegations in Paragraph 100 of Plaintiffs' Complaint are denied.

101.

The allegations in Paragraph 101 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

102.

The allegations in Paragraph 102 of Plaintiffs' Complaint are denied.

103.

The allegations in Paragraph 103 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

104.

The allegations in Paragraph 104 of Plaintiffs' Complaint are denied.

105.

The allegations in Paragraph 105 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

106.

The allegations in Paragraph 106 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

107.

The allegations in Paragraph 107 of Plaintiffs' Complaint are denied.

108.

The allegations in Paragraph 108 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

109.

The allegations in Paragraph 109 of Plaintiffs' Complaint are denied as written.

110.

The allegations in Paragraph 110 of Plaintiffs' Complaint are denied as written.

111.

The allegations in Paragraph 111 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

112.

The allegations in Paragraph 112 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

113.

The factual allegations in Paragraph 113 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

114.

The allegations in Paragraph 114 of Plaintiffs' Complaint are denied.

115.

The allegations in Paragraph 115 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

116.

The allegations in Paragraph 116 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

117.

The factual allegations in Paragraph 117 of Plaintiffs' Complaint are admitted only to the extent that EMS was called and transported Mr. Anderson to an offsite medical center.  All remaining allegations of this paragraph are denied at this time for lack of information sufficient to justify a belief therein. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

118.

The allegations in Paragraph 118 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

119.

The allegations in Paragraph 119 of Plaintiffs' Complaint are denied.

120.

The factual allegations in Paragraph 120 of Plaintiffs' Complaint are admitted. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

121.

The allegations in Paragraph 121 of Plaintiffs' Complaint are denied.

122.

The allegations in Paragraph 122 of Plaintiffs' Complaint are denied.

123.

The allegations in Paragraph 123 of Plaintiffs' Complaint are denied at this time for lack of sufficient information to form a belief therein.

124.

The factual allegations in Paragraph 124 of Plaintiffs' Complaint are admitted to the extent that Mr. Anderson died on April 3, 2024. All remaining allegations of this paragraph are denied at this time for lack of information sufficient to justify a belief therein. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

125.

The allegations in Paragraph 125 of Plaintiffs' Complaint are denied at this time for lack of information sufficient to justify a belief therein.

126.

The allegations in Paragraph 126 of Plaintiffs' Complaint are denied.

127.

The allegations in Paragraph 127 of Plaintiffs' Complaint are denied as written.

128.

The allegations in Paragraph 128 of Plaintiffs' Complaint are denied as written.

129.

The allegations in Paragraph 129 of Plaintiffs' Complaint are denied as written.

130.

The allegations in Paragraph 130 of Plaintiffs' Complaint are denied.

131.

The allegations in Paragraph 131 of Plaintiffs' Complaint are denied.

132.

The allegations in Paragraph 132 of Plaintiffs' Complaint are denied.

133.

The allegations in Paragraph 133 of Plaintiffs' Complaint are denied.

134.

The allegations in Paragraph 134 of Plaintiffs' Complaint are denied.

135.

The allegations in Paragraph 135 of Plaintiffs' Complaint are denied.

136.

The allegations in Paragraph 136 of Plaintiffs' Complaint are denied.

137.

The allegations in Paragraph 137 of Plaintiffs' Complaint are denied.

138.

The allegations in Paragraph 138 of Plaintiffs' Complaint are denied.

139.

The allegations in Paragraph 139 of Plaintiffs' Complaint, including subparts (a) – (l) are denied as written. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

140.

The allegations in Paragraph 140 of Plaintiffs' Complaint are denied.

141.

The allegations in Paragraph 141 of Plaintiffs' Complaint are denied as written.

142.

The allegations in Paragraph 142 of Plaintiffs' Complaint are denied.

143.

The allegations in Paragraph 143 of Plaintiffs' Complaint are denied.

144.

The allegations in Paragraph 144 of Plaintiffs' Complaint are denied as written.

145.

The allegations in Paragraph 145 of Plaintiffs' Complaint contain conclusions of law, and therefore, no response is necessary. To the extent a response is deemed required, those allegations are denied.

146.

The allegations in Paragraph 146 of Plaintiffs' Complaint are denied.

147.

The allegations in Paragraph 147 of Plaintiffs' Complaint are denied.

148.

The allegations in Paragraph 148 of Plaintiffs' Complaint are not directed toward LaSalle Defendants, and therefore, no response is necessary. To the extent a response is deemed required, the allegations are denied.

149.

The allegations in Paragraph 149 of Plaintiffs' Complaint are denied.

150.

The allegations in Paragraph 150 of Plaintiffs' Complaint are denied. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

151.

The allegations in Paragraph 151 of Plaintiffs' Complaint are denied.

152.

The allegations in Paragraph 152 of Plaintiffs' Complaint are denied.

153.

The allegations in Paragraph 153 of Plaintiffs' Complaint are denied.

154.

The allegations in Paragraph 154 of Plaintiffs' Complaint are denied.

155.

The allegations in Paragraph 155 of Plaintiffs' Complaint are denied as written.

156.

The allegations in Paragraph 156 of Plaintiffs' Complaint are denied as written.

157.

The allegations in Paragraph 157 are denied as written. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

158.

The allegations in Paragraph 158 of Plaintiffs' Complaint are not directed toward LaSalle Defendants, and therefore, no response is necessary. To the extent this paragraph alleges liability on the part of LaSalle Defendants, the allegations are denied.

## **CAUSE OF ACTION I**

159.

LaSalle Defendants adopt by reference incorporate as if copied herein *in extenso* their responses to the previous paragraphs of Plaintiffs' Complaint. LaSalle Defendants deny any allegations not specifically admitted, qualified, or denied herein.

160.

The allegations in Paragraph 160 of Plaintiffs' Complaint are denied.

161.

The allegations in Paragraph 161 of Plaintiffs' Complaint are denied.

162.

The allegations in Paragraph 162 of Plaintiffs' Complaint are denied.

163.

The allegations in Paragraph 163 of Plaintiffs' Complaint are denied.

164.

The allegations in Paragraph 164 of Plaintiffs' Complaint are denied.

165.

The allegations in Paragraph 165 of Plaintiffs' Complaint are denied.

## CAUSE OF ACTION II

166.

LaSalle Defendants adopt by reference incorporate as if copied herein *in extenso* their responses to the previous paragraphs of Plaintiffs' Complaint. LaSalle Defendants deny any allegations not specifically admitted, qualified, or denied herein.

167.

The allegations in Paragraph 167 of Plaintiffs' Complaint are denied.

168.

The allegations in Paragraph 168 of Plaintiffs' Complaint are denied.

169.

The allegations in Paragraph 169 of Plaintiffs' Complaint are denied.

170.

The allegations in Paragraph 170 of Plaintiffs' Complaint are denied.

171.

The allegations in Paragraph 171 of Plaintiffs' Complaint are denied.

172.

The allegations in Paragraph 172 of Plaintiffs' Complaint are denied.

173.

The allegations in Paragraph 173 of Plaintiffs' Complaint are denied.

## CAUSE OF ACTION III

174.

LaSalle Defendants adopt by reference incorporate as if copied herein *in extenso* their responses to the previous paragraphs of Plaintiffs' Complaint. LaSalle Defendants deny any allegations not specifically admitted, qualified, or denied herein.

.

175.

The allegations in Paragraph 175 of Plaintiffs' Complaint are denied.

176.

The allegations in Paragraph 176 of Plaintiffs' Complaint are denied.

177.

The allegations in Paragraph 177 of Plaintiffs' Complaint are denied.

178.

The allegations in Paragraph 178 of Plaintiffs' Complaint are denied

179.

The allegations in Paragraph 179 of Plaintiffs' Complaint are denied.

180.

The allegations in Paragraph 180 of Plaintiffs' Complaint are denied.

## CAUSE OF ACTION IV

181.

LaSalle Defendants adopt by reference incorporate as if copied herein *in extenso* their responses to the previous paragraphs of Plaintiffs' Complaint. LaSalle Defendants deny any allegations not specifically admitted, qualified, or denied herein..

182.

The allegations in Paragraph 182 of Plaintiffs' Complaint are denied.

183.

The allegations in Paragraph 183 of Plaintiffs' Complaint are denied.

184.

The allegations in Paragraph 184 of Plaintiffs' Complaint are denied at this time for lack of information sufficient to justify a belief therein.

185.

The allegations in Paragraph 185 of Plaintiffs' Complaint are denied at this time for lack of information sufficient to justify a belief therein.

186.

The allegations in Paragraph 186 of Plaintiffs' Complaint are denied.

187.

LaSalle Defendants specifically deny Plaintiffs' prayer for relief.

188.

Defendants deny all allegations not previously admitted, qualified, or denied.

189.

## **JURY DEMAND**

LaSalle Defendants pray for a trial by jury on all issues.


WHEREFORE, Defendants, LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., LaSalle Management Company, L.L.C., Clay McConnell, William McConnell, John Stuckey, Paul Smith, Richard Morehead, Mariah Dickey, Pamela Hearn, M.D., Charlotte Fussell, Shannon Brewer, Gwen Warren, and Denise Finlay pray that their Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings, there be judgement herein in favor of Defendants, and against Plaintiffs, dismissing with prejudice Plaintiffs' claims, at their cost, and for any such other relief as this Court deems just and proper.

[*signature on next page*]

Respectfully submitted,

*/s/ Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY (24167) (T.A.)
dmcglinchey@mcglinchey.com
BRANDON B. BROWN (31068)
bbbrown@mcglinchey.com
COURTNEY T. JOINER (32878)
ctjoiner@mcglinchey.com
ROBERT K. DENNY(33092)
rdenny@mcglinchey.com
GILLIAN M. MCCARROLL (40452)
gmccarroll@mclinchey.com
RYAN G. LAVELLE (41305)
rlavelle@mcglinchey.com
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, Suite 1200
New Orleans, Louisiana 70130
Telephone  (504) 586-1200
Facsimile  (504) 596-2800
*ATTORNEYS FOR LASALLE CORRECTIONAL*
*CENTER, L.L.C., LASALLE CORRECTIONS,*
*L.L.C., LASALLE MANAGEMENT COMPANY,*
*L.L.C., CLAY MCCONNELL, WILLIAM*
*MCCONNELL, JOHN STUCKEY, PAUL SMITH,*
*RICHARD MOREHEAD, MARIAH DICKEY,*
*PAMELA HEARN, CHARLOTTE FUSSELL,*
*SHANNON BREWER, GWEN WARREN, AND*
*DENISE FINLAY*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2025, a copy of this pleading was filed electronically with the

Clerk of Court using the CM/ECF system which will send notification to all counsel of record.


*/s/ Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY