**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**FIRST DIVISION**

| | |
|---|---|
| NEFERTITI GILBERT, ET AL., | : CIVIL ACTION NO. 1:25-CV-00421-DDD-JPM |
| | : |
| Plaintiffs, | : |
| | : |
| VS. | : JUDGE DEE D DRELL |
| | : |
| HARRIS COUNTY, TEXAS; ET AL. | : |
| | : |
| Defendants. | : MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |

**DEFENDANTS HARRIS COUNTY AND ED GONZALEZ'S**
**REPLY IN SUPPORT OF THE 12(B)(6) MOTIONS TO DISMISS**

Defendants, Harris County ("County") and Ed Gonzalez ("Sheriff Gonzalez"), files

this Reply in Support of their respective Motions to Dismiss, and in support of said

motions, would respectfully show the Court as follows:

## I.    ARGUMENT

**A.    Individual Capacity Claim against Sheriff Gonzalez.**

1.    Plaintiffs have failed to allege any action taken by Sheriff Gonzalez that could create

personal liability. DE 1, ¶ ¶ 168, 169. Individual liability under § 1983 must rest on facts

reflecting the defendant's personal participation or involvement in the alleged wrong, either

by action or approval of custom or policy. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th

Cir.1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986).  Plaintiffs have failed

to allege any specific conduct by the Sheriff in his individual or "unofficial" capacity. In

other words, Plaintiffs do not allege the Sheriff was personally involved in the acts that

form the basis of their section 1983 civil rights action, i.e., failing to provide adequate

medical care, failing to train, and failing to supervise. Plaintiffs only make speculative and

conclusory assertions that Sheriff Ed Gonzalez sought to privatize the operation of the Harris County jail by delegating final policy-making authority to LaSalle. Plaintiffs have asserted no plausible facts to support this contention.

2.      Supervisory officials like the Sheriff are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of respondeat superior does not apply to such actions. See *Iqbal*, 556 U.S. at 676 (holding government officials may not be held liable for unconstitutional conduct of subordinates under theory of respondeat superior); *Carnaby v. City of Houston*, 646 F.3d 183, 189 (5th Cir. 2011) (holding government officials may be held liable solely for their own conduct). Only direct acts or omissions of government officials — not those of their subordinates — will give rise to individual liability under section 1983. See *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"). Thus, to state a section 1983 claim against someone like Sheriff Gonzalez in his individual capacity, Plaintiffs had to allege the Sheriff was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. See *id.*; *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

3.      In their response (DE 48), Plaintiffs allege the Sheriff knowingly contracted with a medical provider with a documented history of poor care resulting in preventable deaths. This assertion is untrue and unsupported by the alleged facts. DE 1, ¶ ¶ 127, 150. While it is true that Harris County contracted with the LaSalle entity to house some of its inmates,

the County did not enter a separate contract with a medical provider to provide medical care at the LaSalle Correctional Center. Contracting with a private entity such as LaSalle to house detainees is not the same as contracting with a medical provider for medical care.

4.    Plaintiffs have asserted no facts that the individual LaSalle Defendants were subordinates of Sheriff Gonzalez. Plaintiffs' complaint lacks sufficient facts to show Sheriff Gonzalez had supervisory power over any of the LaSalle Defendants. The assertion that Sheriff Ed Gonzalez supervised one or more of the individual LaSalle Defendants is speculative and conclusory. Therefore, Plaintiffs have failed to allege facts that would support a section 1983 claim against the Sheriff in his individual capacity.

5.    **Qualified Immunity.** Government officials who perform discretionary functions are entitled to qualified immunity shielding them from individual liability as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person in the defendant's position would have known. *Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The applicable standard for examining qualified immunity is one of objective legal reasonableness in light of the rights of the parties involved. *Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984); *612 *Harlow*, 457 U.S. at 819, 102 S.Ct. at 2739. Claims of immunity are thus to be analyzed by whether a reasonable official in the defendant's position could have believed that his conduct was lawful in light of the clearly established law and the information he possessed. *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040.

6.    Plaintiffs have asserted no facts to overcome Sheriff Gonzalez's entitlement to

3

qualified immunity. Plaintiffs have pleaded no plausible facts that Sheriff Gonzalez acted with deliberate indifference to Mr. Anderson's medical needs.

**B.    Claims Against Harris County and Sheriff Gonzalez in his Official Capacity.**

7.    A federal claim against a county employee in his official capacity is the equivalent of a claim made against the county. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55 (1978). Thus, alleging the same section 1983 claims against a county employee in his official capacity and the county is redundant. *Wakat v. Montgomery Cnty*., 471 F. Supp. 2d 759, 768 (S.D. Tex.) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that "[s]uits against state official in their official capacity therefore should be treated as suits against the State.")), aff'd, 246 Fed. App'x 265 (5th Cir. 2007). Because the official capacity claim against the Sheriff is redundant, it should be dismissed.

8.    Municipalities cannot be held liable under section 1983 on a respondeat *574 superior theory, and a city is not liable where an injury is caused solely by one of its employees. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Proof of municipal liability requires "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

9.    First, Plaintiffs must demonstrate the existence of a municipal policy or custom. "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). To prove the existence of a custom,

a plaintiff must demonstrate a "persistent, widespread practice of city officials ... which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc)).

10.    The Plaintiffs have not identified an official policy by Harris County that was the moving force behind the alleged constitutional violation. Contracting with a private facility to house detainees is not unconstitutional. The allegation that Harris County delegated its final policy-making authority to LaSalle is conclusory, speculative, and unsupported by plausible facts. Further, Plaintiffs have pleaded no plausible facts that Harris County had notice of any alleged inadequate medical care at LaSalle. For this reason, Plaintiffs have failed to state a claim against Harris County.

## VI.    CONCLUSION

11.    Plaintiffs fail to state any plausible claim upon which relief can be granted against Harris County and Sheriff Ed Gonzalez in his individual or official capacity.

WHEREFORE, PREMISES CONSIDERED, Defendants Harris County and Ed Gonzalez request that the Court grant their motions and enter an order dismissing Plaintiff's claim with prejudice and grant all other relief to which these Defendants are entitled.

Date: September 2, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**

DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     /s/ Gregory Burnett
       **GREGORY BURNETT \***
       Assistant County Attorney
       Texas Bar No. 24057785
       Tel: (713) 274-5224 (direct)
       gregory.burnett@harriscountytx.gov

By:     /s/ Seth Hopkins
       **SETH HOPKINS**
       Special Assistant County Attorney for Litigation
       Louisiana Bar No. 26341
       Tel: (337) 540-9120
       Seth.Hopkins@harriscountytx.gov
       LOCAL COUNSEL

       **OFFICE OF THE HARRIS COUNTY ATTORNEY**
       1019 Congress Street
       Houston, Texas 77002

       \* admitted *pro hac vice*

       **ATTORNEYS FOR HARRIS COUNTY,
       TEXAS and SHERIFF ED GONZALEZ**

## CERTIFICATE OF SERVICE

       I hereby certify that on the 2nd day of September 2025, a copy of the foregoing Motion to
Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, with notice
to be sent by operation of the court's electronic filing system to all counsel of record.

                                        /s/ Gregory Burnett
                                        GREGORY BURNETT