# EXHIBIT 8



Deirdre C. McGlinchey
Partner
D: 504.582.8731
F: 504.589.8731
dmcglinchey@joneswalker.com

January 16, 2026

Stephen H. Weil, Esq. (via email only) (sweil@rblaw.net)
Romanucci and Blandin, LLC
321 N. Clark St.
Chicago, IL 60654

    Re:    *Nefertiti Gilbert, et al. v. LaSalle Corrections LLC, et al.*
              United States District Court; Western District of Louisiana; No.: 1:25-cv-421
              Rule 37 Correspondence Reply

Dear Mr. Weil:

        We are writing in response to your December 30, 2025, letter regarding the Defendants' written discovery responses to "Plaintiffs' First Set of Interrogatories and Request For Production" directed to LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC, which includes sixteen (16) interrogatories and one hundred and twenty-three (123) requests for production, not including subparts.

        As we discussed during our Rule 37 conference on January 8, 2025, we have agreed to supplement many of the responses now that we have a better understanding of which specific documents and materials Plaintiffs are seeking in their written discovery requests. Some of those documents will be designated for production subject to a protective order. However, we maintain our position that several of Plaintiffs' discovery requests are well-beyond the scope of permissible discovery. As such, many of Plaintiffs' requests are objectionable, and nothing in this correspondence should be deemed as waiving any objections previously made by any of the defendants in their prior discovery responses.

        This correspondence is meant to convey our willingness to supplement the discovery responses of LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C. As we have previously communicated, LaSalle Corrections, LLC has no assets or employees. LaSalle Corrections, LLC was created merely to safeguard the trade name of "LaSalle Corrections." It is not involved in the operation of any facility and does not have any information, documents, or materials responsive to Plaintiffs' discovery requests.

        In an attempt to amicably resolve any potential discovery dispute, LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C. (hereinafter "Defendants") respond to your December 30, 2025, letter as follows:

Stephen H. Weil, Esq.
January 16, 2026
Page 2

### I.     General issues pertaining to all discovery

In your letter, you claim that Defendants' objections to Plaintiffs' discovery requests have been waived and the scope of discovery includes cross-facility information. We respectfully disagree with your position.

### II.    Specific discovery categories at issue

#### Category 1: Corporate Structure and operations

*Interrogatory 2 and 3*: The facility known as LaSalle Correctional Center, located at 15976 Highway 165, Olla, LA 71465, is owned by LaSalle Correctional Center, L.L.C., which employs the majority of the employees working at the facility. LaSalle Management Company, L.L.C. provides back-office support to LaSalle Correctional Center such as handling payroll and invoice processing for the facility. No other business entity is involved in the management of LaSalle Correctional Center.

LaSalle Management Company, L.L.C. provides the same type of back-office support for other LaSalle-branded facilities. Each of the eighteen LaSalle-branded facilities is operated by a separate limited liability company.

*Request for Production No. 45*: As stated in prior discovery responses, Defendants do not have an organizational chart. As discussed, Defendants are under no obligation to create documents for discovery responses that do not otherwise exist.

*Request for Production No. 46*: Documents reflecting the ownership of the LaSalle-branded facilities are equally available to Plaintiffs in the form of public records. *See e.g., https://coraweb.sos.la.gov /CommercialSearch/CommercialSearchDetails.aspx?CharterID=502574_46F1D8FA9A*.

#### Category 2: Policymakers – identification and actions

*Interrogatory 15 and 16*: As you will recall, we objected to the requests seeking a determination of Defendants' policymakers as these requests seek a legal conclusion. Subject to and without waiving any objection, Pamela Hearn, M.D. is Medical Director for LaSalle Correctional Center, and John Stuckey is Warden of LaSalle Correctional Center.

*Request for Production Nos. 11, 52, and 53*: We are in the process of searching for additional responsive documents based on our understanding of these requests, including quality assurance audits for issues arising at LaSalle Correctional Center related to the subject matter of the areas listed above, if any, and will supplement our responses if these documents exist.

Stephen H. Weil, Esq.
January 16, 2026
Page 3

**Category 3: Deaths at LaSalle facilities**

*Interrogatory No. 13 and Requests for Production Nos. 72-75, 78, 94-95*: We will produce mortality reviews for in-custody deaths at LaSalle Correctional Center for the five years preceding the subject incident provided that we determine a HIPAA qualified protective order is sufficient to negate the requirement to obtain authorization from an individual before producing that individual's protected health information in matters involving claims made under Louisiana state law.

*Request for Production No. 76*: As a preliminary matter, we maintain our objection to this request as overly broad as it seeks documents irrelevant to this case. Additionally, there is no master disciplinary file at LaSalle Correctional Center, and each disciplinary record is stored in the individual employee's personnel file. Attempting to locate each disciplinary action taken against any employee over a ten-year period and reviewing each record to determine its responsiveness to this request would be extremely burdensome and is not proportional to the needs of this case.

**Category 4: Critical incident tracking and reporting**

*Request for Production No. 71*: We are in the process of obtaining documents provided to insurance carriers regarding deaths, injury, or other critical incidents at LaSalle Correctional Center between January 1, 2019, and April 3, 2024, and will produce only documents relevant to the subject matter of this litigation that are not protected from disclosure by any privilege provided under the law.

*Request for Production Nos. 79, 80*: As we explained during our discovery conference, Defendants do not maintain a file of public statements made concerning deaths.

*Requests for Production No. 99*: As discussed during our discovery conference, Defendants do not maintain a master file of critical incident reports. Each report generated is maintained in the individual inmate's file.

*Interrogatory No. 14 and Requests for Production Nos. 66, 67, 81-83*: As we explained during our discovery call, Defendants do not separately track every time an ambulance is summoned to LaSalle Correctional Center. Defendants do not have a contract with Hardtner Medical Center. All transportation either to or from the facility is tracked on a handwritten daily log sheet. Scanning and producing daily log sheets for a five-year period would present an undue burden for Defendants and is not proportional to the needs of the case. Furthermore, we are still ascertaining whether a HIPAA qualified protective order is sufficient to negate the requirement for obtaining authorization from an individual before producing that individual's protected health information in matters involving claims made under Louisiana state law. If we determine a HIPAA qualified protective order is sufficient, we will search for daily logs for the time period of March 22, 2024, to April 3, 2024, and produce any discoverable, non-privileged documents.

**Category 5: Grievances about medical care**

*Requests for Production Nos. 84-86, 88-89, 116*: As reported during the Rule 37 conference, official grievances at LaSalle Correctional Center are stored in paper format in a grievance file located at LaSalle

Stephen H. Weil, Esq.
January 16, 2026
Page 4

Correctional Center. We have requested that file and will review it to determine the existence of any grievances related to alleged inadequate medical care within the last five years. However, we are still ascertaining whether a HIPAA qualified protective order is sufficient to negate the requirement for obtaining authorization from an individual before producing that individual's protected health information in matters involving claims made under Louisiana state law. Additionally, we are ascertaining whether unofficial grievances at LaSalle Correctional Center initially submitted via electronic tablet are able to be searched electronically.

**Category 6: Review, audits, and inspections**

*Requests for Production Nos. 39, 40, 96, 101*: We have requested any audits and inspections by government and third-party entities of LaSalle Correctional Center that occurred between April 3, 2019, and April 3, 2024, and will supplement Defendants' discovery responses accordingly.

**Category 7: Policies**

*Requests for Production Nos. 41, 42, 51, 61, 43, 44*: Defendants have already produced LaSalle Correctional Center's policies responsive to Plaintiffs' requests as well as education and training materials for named defendants and medical training materials provided to medical staff. *See* documents marked with bates numbers LaSalle 2553 – 2612. We have requested an index of all LaSalle Correctional Center's policies and will produce it if one exists for further discussion regarding any relevant and discoverable policies.

**Category 8: Staffing Levels**

*Requests for Production Nos. 47-50, 59, 60*: We have already produced documents reflecting staffing levels for correctional staff and medical staff for April 1, 2024, through April 3, 2024. *See* documents marked with bates stamp numbers LaSalle 3224 – 3411. Defendants are ascertaining whether any other documents exist that concern a master staffing plan.

**Category 9: Financial Information**

*Requests for Production Nos. 54-58*: In Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production, we designated for production the 2nd Amendment to the Agreement with Harris County, Texas. *See* documents marked with bates numbers LaSalle 2446 – 2552. We will agree to produce a Financial Summary for LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C., subject to a protective order in this matter, at the time of trial.

**Category 10: Client Communications**

*Requests for Production Nos. 100, 102, 103, 109*: We need not address this category in that you agreed to "table it" during our Rule 37 conference.

Stephen H. Weil, Esq.
January 16, 2026
Page 5

### Category 11: Affirmative Defenses

*Interrogatory 6 and Requests for Production 37, 38*: We object to this discovery which asks Defendants to identify all documents showing a superseding or intervening cause of Mr. Anderson's death in that it seeks the mental impressions and theories of undersigned counsel. We also maintain our objection that these requests are premature as discovery is ongoing and our investigation continues. We will produce relevant, non-privileged documents in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order.

### Category 12: Witness Information

*Requests for Production Nos. 32-24: 36, 60, 63, 64*: We have already produced work schedules for the officers and staff present at the facility from April 1, 2024, to April 3, 2024. *See* documents marked with bates stamp numbers LaSalle 3224 – 3411. As discussed during the discovery conference, we object to producing the names of other detainees present at the facility in that this request is so overly broad that it seeks information irrelevant to this matter. Also, regarding Plaintiffs' request for any diagrams or floorplans we maintain our objection to this request in that the disclosure of such items constitutes a security risk. However, we are ascertaining whether any fire escape diagrams exist that would be responsive to this request.

###   III.   Remaining issues identified in Rule 37 correspondence

With respect to the remaining issues outlined in your letter, we have already communicated that LaSalle Management Company, L.L.C. has adopted by reference LaSalle Correctional Center, L.L.C.'s original objections and responses to Plaintiffs' discovery requests.

Additionally, we already produced the insurance policy applicable to this matter. *See* documents marked with bates stamp numbers LaSalle 1374 – 1467. As we explained during the Rule 37 conference, no other excess or umbrella policy exists.

###   IV.   Plan for moving forward

Finally, we will continue to collect, review, and produce documents and materials that are relevant, discoverable, and responsive to Plaintiffs' discovery requests. We ask that you allow us twenty-one (21) days to complete this process and formally supplement our prior discovery responses.

Stephen H. Weil, Esq.
January 16, 2026
Page 6

Please do not hesitate to contact us if you wish to discuss any of these matters further.

Sincerely,

Deirdre C. McGlinchey

DCM/ck

cc: Sam Harton, Esq. (via email only) (sharton@rblaw.net)
Greg Schafer, Esq. (via email only) (gschafer@joneswalker.com)
Ryan Lavelle, Esq. (via email only) (rlavelle@joneswalker.com)