**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ******************************** | * | **JURY TRIAL REQUESTED** |

<u>**MEMORANDUM IN OPPOSITION TO**</u>
<u>**CORRECTED PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOC. 58)**</u>

# TABLE OF CONTENTS

Page

BACKGROUND ................................................................................................................1

ARGUMENT ....................................................................................................................2

I.      LEGAL STANDARD...............................................................................................3

II.     PLAINTIFFS' MOTION TO COMPEL DISCOVERY SHOULD BE DENIED AS
        PREMATURE. ........................................................................................................4

III.    DISCOVERY REQUESTS RELATED TO CORRECTIONAL FACILITIES
        OTHER THAN LASALLE CORRECTIONAL CENTER ARE OVERBROAD
        AND IRRELEVANT TO PLAINTIFFS' *MONELL* LIABILITY CLAIMS. .....................7

        A.      The Fifth Circuit has held that information regarding other facilities is
                irrelevant to a plaintiff's *Monell* claim. .................................................8

        B.      Federal District Courts in other Circuits agree that discovery targeted at
                other facilities is beyond the scope of *Monell* discovery.........................9

        C.      The authority cited by Plaintiffs is not binding on this Court................10

        D.      Plaintiffs erroneously assert that "LaSalle" is a single company that operates
                multiple correctional facilities. ...............................................................11

IV.     ALL RELEVANT POLICIES WERE ALREADY DESIGNATED FOR
        PRODUCTION SUBJECT TO A PROTECTIVE ORDER...............................................12

V.      PLAINTIFFS' REQUEST FOR AN INMATE ROSTER IS OVERBROAD AND
        DUPLICATIVE. .....................................................................................................13

VI.     PLAINTIFFS' REQUESTED RELIEF SEEKS AN IMPERMISSIBLY VAGUE,
        GENERAL PRONOUNCEMENT FROM THE COURT. .............................................15

VII.    DISCOVERY REQUESTS MUST BE LIMITED IN SCOPE TO ADDRESS THE
        MATTER AT ISSUE................................................................................................17

VIII.   THE SCOPE OF PLAINTIFFS' REQUESTS EXCEEDS THAT WHICH IS
        ALLOWED UNDER THE FEDERAL RULES..............................................................18

CONCLUSION.................................................................................................................20

CERTIFICATE OF SERVICE .......................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Brokers Logistics, Ltd.*,
   2024 U.S. Dist. LEXIS 65423 (W. D. Tex. 2024) ................................................15

*Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co.*,
   186 So. 3d 1220 (La. App. 5 Cir. 2016) .................................................11

*Arsberry v. Wesford Health Sources, Inc.*,
   2021 U.S. Dist. LEXIS 217636 (N.D. Ill. 2021) ....................................10

*Bonilla v. Gerlach*,
   2024 U.S. Dist. LEXIS 187160 (W.D. Okla. 2024) ..........................9, 20

*Castillo v. JLG Indus.*,
   2019 U.S. Dist. LEXIS 245046 (S.D. Tex. 2019) ............................4, 17

*Crawford-El v. Britton*,
   523 U.S. 574 (1998) ....................................................................................4

*Hanna v. Armor Corr. Health Servs.*,
   2020 U.S. Dist. LEXIS 258745 (M.D. Fla. 2020) ..................................10

*Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*,
   2014 U.S. Dist. LEXIS 150201 (E.D. Mich. 2014) ................................11

*Herr v. Armor Corr. Health Servs. Inc.*,
   2019 U.S. Dist. LEXIS 237402 (M.D. Fla. 2019) ..................................10

*Herr v. Elos Env't, LLC*,
   2025 U.S. Dist. LEXIS 155093 (E.D. La. 2025) ....................................16

*Jefferson Radiation Oncology v. Advanced Care Scripts*,
   2015 U.S. Dist. LEXIS 199287 (E.D. La. 2015) ......................................6

*Johnson v. Harris Cnty.*,
   83 F.4th 941 (5th Cir. 2023) .............................................................17, 18

*Marcum v. Scioto Cnty., Ohio*,
   2012 U.S. Dist. LEXIS 77927 (S.D. Ohio 2012) ...................................18

*Martinez v. Nueces Cnty.*,
   71 F.4th 385 (5th Cir. 2023) ...............................................................8, 11

iii

*McEvoy v. Hillsborough Cnty.*,
   2011 U.S. Dist. LEXIS 54917 (D.N.H. 2011) .......................................................................18

*Millege v. Tucker*,
   2018 U.S. Dist. LEXIS 170803 (M.D. Fla. 2018) .................................................................14

*Murray v. Leblanc*,
   2023 U.S. Dist. LEXIS 26594 (M.D. La. 2023) ................................................................8, 18

*Murray v. LeBlanc*,
   629 F. Supp. 3d 437 (M.D. La. 2022) ...............................................................................8, 18

*Nava v. Allstate Tex. Lloyds*,
   2021 U.S. Dist. LEXIS 256037 (E.D. Tex. 2021) ................................................................20

*Nugent v. Spectrum Juv. Just. Servs.*
   *2024 U.S. Dist. LEXIS* 164519 (E.D. Mich. 2024). .....................................................18, 19

*Omni Env't Sols. Inc. v. Ironshore Specialty Ins. Co.*,
   2025 U.S. Dist. LEXIS 177787 (W.D. La. 2025) ...............................................................3, 4

*Ordonez v. Amazon.com Servs.*,
   2024 U.S. Dist. LEXIS 81442 (W.D. Tex. 2024) .................................................................15

*Seaman v. Seacor Marine, L.L.C.*,
   2008 U.S. Dist. LEXIS 142230 (E.D. La. 2008) ....................................................................4

*Shadrick v. Hopkins Cnty.*,
   805 F.3d 724 (6th Cir. 2015) ...............................................................................................11

*Shields v. Prince George's Cnty.*,
   2016 U.S. Dist. LEXIS 118924 (D. Md. 2016) ..............................................................10, 11

*United States EEOC v. Exxon Mobil Corp.*,
   2024 U.S. Dist. LEXIS 100720 (M.D. La. 2024) ..................................................................6

*United States v. Hammer*,
   2012 U.S. Dist. LEXIS 189464 (M.D. Pa. 2012) .................................................................14

*Young v. LeBlanc*,
   2025 U.S. Dist. LEXIS 43620 (M.D. La. 2025) .........................................................5, 8, 9, 19

## Statutes

42 U.S.C. § 1983 .........................................................................................................1, 8, 9, 17

## Other Authorities

Fed. R. Civ. Proc. 26 .........................................................................................................3

# BACKGROUND

This is a civil rights lawsuit filed by Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. ("Plaintiffs") for the death of Jaleen Anderson.[1] Plaintiffs allege Defendants are liable under 42 U.S.C. § 1983 and state law.[2]

Plaintiffs served their First Interrogatories and Requests for Production ("Plaintiffs' Requests") to "LaSalle," whom Plaintiffs defined as the following entities: "LaSalle Correctional Center LLC, LaSalle Corrections LLC, and LaSalle Management Co LLC."[3] Plaintiffs' Requests included sixteen (16) interrogatories and one hundred and twenty-three (123) requests for production, not counting subparts.[4]

In response to Plaintiffs' Requests, LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC (hereinafter "Defendants") have submitted the following: (1) LaSalle Correctional Center, L.L.C.'s responses and objections on December 5, 2025; (2) LaSalle Corrections, LLC's responses and objections on December 18, 2025; (3) LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C.'s supplemental responses and objections on December 18, 2025;[5] and (4) LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C.'s second supplemental responses and objections on February 6, 2026.[6]

---

[1] Doc. 1, pp. 4-5.
[2] *Id.* at p. 30.
[3] Doc. 58-1, p. 4.
[4] *See id.* at 58-1, pp. 2-34.
[5] Pursuant to Federal Rule of Civil Procedure 10(c), LaSalle Management Company, L.L.C. adopted by reference LaSalle Correctional Center, L.L.C.'s original responses and objections served on December 5, 2025.
[6] *See* Docs. 58-2, 58-3, 58-4, and 58-5.

LaSalle Correctional Center, L.L.C.'s original responses and objections totaled one hundred and forty (140) pages.[7] In total, Defendants have produced, or designated for production, one hundred and nineteen (119) documents or videos, with the total designated production consisting of three thousand four hundred and fifty-two (3,452) pages.[8] Defendants designated fifty-one (51) of the one hundred and nineteen (119) responsive documents to be produced subject to a Protective Order.[9] As Plaintiffs have indicated in their motion to compel, the parties are negotiating a protective order.[10]

The parties have participated in a Rule 37 conference and exchanged written correspondence regarding Plaintiffs' Requests. The last Rule 37 conference occurred on January 8, 2026. Defendants subsequently supplemented their discovery responses to Plaintiffs' Requests after Plaintiffs clarified some of the requests Defendants found vague. Defendants communicated their willingness to further supplement discovery responses as information and documents become available and the parties agree to the scope discoverable information.[11]

## ARGUMENT

As a preliminary matter, Plaintiffs' Motion to Compel Discovery (Doc. 58) should be denied as premature. Plaintiffs' motion unnecessarily involves the Court because the parties are in the process of attempting to amicably resolve their discovery dispute. Further, the parties have not yet come to terms on a proposed Protective Order to submit for the Court's approval, and therefore, Plaintiffs have not reviewed the documents designated for production subject to a Protective Order by Defendants, which makes up nearly half of the documents Defendants agreed to produce.

---

[7] *See* Doc. 58-2.
[8] Doc. 58-5, pp. 3-12.
[9] *Id.* at pp. 3-12.
[10] Doc. 58, p. 14.
[11] The parties continue to discuss rescheduling yet another Rule 37 conference as recently as March 2, 2026, to discuss Plaintiffs' Requests.

Plaintiffs cannot in good faith claim the need for additional document production to prove their claims when they have not yet reviewed almost half the documents already designated for production.

Plaintiffs' motion should also be denied because the information and documents sought are not within the scope of permissible discovery. The Fifth Circuit and Federal District Courts throughout the nation have recognized incidents at other facilities are irrelevant to a plaintiff's *Monell* liability claims. Additionally, Plaintiffs improperly seek a vague and general pronouncement from the Court that LaSalle "respond to [*Monell*] discovery as written" instead of identifying specific responses to be compelled.[12] For these reasons, and as further explained below, the Court should deny Plaintiffs' Motion to Compel Discovery.

## I.    Legal Standard.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery:

> Regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Proc. 26(b)(1). "A relevant discovery request seeks information that is 'either admissible or "reasonably calculated to lead to the discovery of admissible evidence."'" *Omni Env't Sols. Inc. v. Ironshore Specialty Ins. Co.*, 2025 U.S. Dist. LEXIS 177787, at *5 (W.D. La. 2025) (quoting *McLeod Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990)).

---

[12] Doc. 58-8, p. 2.

Even when discovery requests arguably seek relevant information, the scope of discovery is not without limits. *See id.* The Court may protect a party from responding to discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* (internal quotations omitted).

"[I]f the discovery request 'is overly broad on its face' or the 'relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request.'" *Castillo v. JLG Indus.*, 2019 U.S. Dist. LEXIS 245046, at *5-6 (S.D. Tex. 2019). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). However, it is not the Court's job to redraft overbroad discovery. *Seaman v. Seacor Marine, L.L.C.*, 2008 U.S. Dist. LEXIS 142230, at * 8 (E.D. La. 2008).

## II. Plaintiffs' Motion to Compel Discovery should be denied as premature.

The parties have worked together to address many of the issues set forth in Plaintiffs' Motion to Compel as well as other issues that Plaintiffs have not addressed in their motion. As evidenced by the Rule 37 correspondence and supplemental discovery responses by Defendants, the parties have amicably resolved a portion of the issues Plaintiffs initially raised after Defendants' original discovery responses.[13] Even as late as March 2, 2026—over two weeks after Plaintiffs filed their motion to compel—the parties have continued to exchange email correspondence regarding the scheduling of another Rule 37 conference in order to avoid unnecessarily involving the Court in this discovery dispute. Rule 37 and judicial efficiency demand

---

[13] *See* Docs. 58-4, 58-5, 58-6, and 58-7.

that Plaintiffs' motion be denied as premature to allow the parties to first exhaust their efforts to resolve these issues without judicial intervention. If the Court's intervention is ultimately necessary, it should be at a time when all discovery disputes that can be resolved amicably are resolved and only discovery issues on which the parties have reached an impasse remain to be adjudicated. Addressing these issues piecemeal is likely to result in unnecessarily litigating issues that could be resolved with further cooperation between the parties. Additionally, it will increase the cost of this litigation for all parties and further delay the ultimate resolution of this matter.

Plaintiffs' Motion to Compel is also premature because Plaintiffs did not attempt to conduct another Rule 37 Conference after receiving Defendants' second supplemental discovery responses. Instead, Plaintiffs simply filed their motion to compel. When a party supplements its discovery responses after a Rule 37 conference, the requesting party must set another Rule 37 conference to address any perceived deficiencies with the supplemental responses prior to moving the Court for an order compelling discovery. *See Young v. LeBlanc*, 2025 U.S. Dist. LEXIS 43620, at *6-7 (M.D. La. 2025).  The Plaintiffs never did this.

As Plaintiffs point out, the parties engaged in a Rule 37 video conference to discuss Plaintiffs' Requests after Defendants' original responses.[14] That conference occurred on January 8, 2026.[15] After the Rule 37 conference, Defendants served Plaintiffs with their second supplemental responses to Plaintiffs' Requests on February 6, 2026.[16] Defendants' February 6, 2026, responses supplemented many of the requests for which Plaintiffs seek to compel responses, including but not limited to, Interrogatory Nos. 2 and 3 and Requests for Production Nos. 39, 40, 41, 51, 61, 67, 73, 96 and 99.  Plaintiffs did not communicate any deficiencies with these responses

---

[14] Doc. 58, p. 18.
[15] *See* Doc. 58-7, p. 2. There is a typo in Exhibit 7 to Plaintiffs' motion; however, undersigned counsel represents that the Rule 37 conference occurred on January 8, 2026, not January 8, 2025.
[16] Doc. 58-5, p. 46.

or attempt to conduct another Rule 37 conference prior to filing their motion to compel. Before involving the Court in a discovery dispute, the parties must "sufficiently engage" on the issues, a "process that was abruptly cutoff with the filing of this Motion." *See United States EEOC v. Exxon Mobil Corp.*, 2024 U.S. Dist. LEXIS 100720, at *9 (M.D. La. 2024).

Furthermore, Plaintiffs' motion is premature in that the parties have not agreed on a proposed Protective Order in this matter. *See e.g., Jefferson Radiation Oncology v. Advanced Care Scripts*, 2015 U.S. Dist. LEXIS 199287, at *9 (E.D. La. 2015) (reasoning that it was appropriate for the court to compel production of documents now that a protective order is in place). Many of the documents Plaintiffs seek, if discoverable, will only be produced subject to a Protective Order in this matter.[17] Until a Protective Order is in place, it is premature to seek an order compelling production of documents that will only be produced subject to that order. Furthermore, because many of the documents Defendants have agreed to produce are designated to be produced subject to a Protective Order, Plaintiffs cannot in good faith claim that they need additional documents to fully support their *Monell* claims until those documents have been produced and Plaintiffs review them. For example, Plaintiffs argue for the production of additional policies, including "sally-port procedures," but Defendants have already designated "LCC Post Order – Back Gate Officer" marked with bates stamp numbers LaSalle 2999 – 3010 for production.[18] That post order contains information regarding sally-port procedures. This is just one example of why Plaintiffs' motion is premature and unnecessarily involves the Court at this juncture.

---

[17] Undersigned counsel represents that the parties have been negotiating the scope of a proposed Protective Order to submit for the Court's approval, and while the scope remains unsettled, the parties have agreed that information that reveals trade secrets; research, technical, commercial or financial information that the party has maintained as confidential will be included in the scope of the proposed order.

[18] Doc. 58-4, p. 10.

Instead of working amicably toward resolving these discovery disputes, Plaintiffs have filed a motion to compel, which has further delayed resolution of these matters and unnecessarily involved the Court. Plaintiffs' motion should be denied as premature.

### III.  Discovery requests related to correctional facilities other than LaSalle Correctional Center are overbroad and irrelevant to Plaintiffs' *Monell* liability claims.

In Plaintiffs' Complaint,[19] First Interrogatories and Requests for Production,[20] and Motion to Compel,[21] Plaintiffs refer to LaSalle Correctional Center, L.L.C.; LaSalle Management Company, L.L.C.; and LaSalle Corrections, LLC—three separate and distinct limited liability companies—collectively as "LaSalle." Plaintiffs have sought discovery from "LaSalle" on numerous topics involving information related to other correctional facilities across multiple states in support of their claim that "LaSalle" had a "company-wide" *de facto* policy of inadequate medical care.[22] Altogether, Plaintiffs seek discovery from at least eighteen (18) correctional facilities in their lawsuit that arises out of an incident occurring at one correctional facility, i.e., LaSalle Correctional Center in Olla, Louisiana.[23]

Plaintiffs' Requests targeted at other facilities include Interrogatories 2 and 3, which Plaintiffs have pasted a portion of in their motion, and which seek information regarding the ownership, operation, and management of other "LaSalle-branded" facilities.[24] Additionally, Plaintiffs refer generally to their Rule 37 "enforcement letter" for "*Monell* discovery" requests for which they seek to compel responses "[r]ather than list each affected request here".[25] Defendants will address why Plaintiffs' reference to a summary of their requests is improper in a motion to

---

[19] Doc. 1, ¶ 16.
[20] Doc. 58-1, 4.
[21] Doc. 58, p. 5.
[22] *Id.* at p. 8.
[23] *See id.*
[24] *Id.* at p. 12.
[25] *Id.* at pp. 10-11.

compel later in the memorandum. However, putting aside Plaintiffs' improperly overbroad requested relief, requests related to information regarding other facilities are overbroad on their face and irrelevant to Plaintiffs' claims for *Monell* liability.

A.    The Fifth Circuit has held that information regarding other facilities is irrelevant to a plaintiff's *Monell* claim.

The Fifth Circuit, in the case of *Martinez v. Nueces Cnty.*, upheld a district court's dismissal of a plaintiff's § 1983 claim against Wellpath, "a nationwide company that operates in jails and other institutions across the country," because plaintiff's complaint did not allege a single other instance of medical negligence that was caused by Wellpath at the facility in question. *Martinez v. Nueces Cnty.*, 71 F.4th 385, 391-92 (5th Cir. 2023). Like Plaintiffs here, the plaintiff in *Martinez* attempted to support his § 1983 claim against Wellpath by "describing lawsuits, allegations, and investigations against Wellpath for injuries and deaths of inmates" at facilities serviced by Wellpath across the country. *Id.* at 391. The Fifth Circuit found that events alleged to have occurred at other facilities are irrelevant to support a § 1983 claim. *Id.* at 392. Thus, according to the Fifth Circuit's *Martinez* decision, Plaintiffs' Requests seeking information and documents relating to other facilities are irrelevant in this matter.

Similarly, the Middle District of Louisiana has held that information related to other facilities was not discoverable. *Murray v. Leblanc*, 2023 U.S. Dist. LEXIS 26594, at *15-16 (M.D. La. 2023). Like the instant matter, *Murray* involved claims by plaintiffs alleging liability under *Monell* against a LaSalle-branded facility. *Murray v. LeBlanc*, 629 F. Supp. 3d 437, 448 (M.D. La. 2022). The Middle District found that information related to events occurring at other LaSalle-branded facilities had only attenuated relevance to plaintiffs' claims and were not proportional to the needs of the case. *Murray*, 2023 U.S. Dist. LEXIS 26594, at *15-16. Further, in *Young v. LeBlanc*, the Middle District of Louisiana again ruled that requests that sought discovery regarding

8

events at "not just the [subject facility], but also at other facilities" constitute "overbroad requests" that "will not be compelled." *Young v. LeBlanc*, 2025 U.S. Dist. LEXIS 43620, at *25.

      B.      <u>Federal District Courts in other Circuits agree that discovery targeted at other facilities is beyond the scope of *Monell* discovery.</u>

Courts outside of the Fifth Circuit also find that *Monell* discovery sought regarding other facilities is beyond the scope of discovery under Rule 26. While not binding on this Court, decisions from other circuits are instructive to this discovery issue. In *Bonilla v. Gerlach*, the Western District of Oklahoma examined whether a request almost identical to Plaintiffs' Request for Production No. 72 was within the scope of permissible discovery. *See Bonilla v. Gerlach*, 2024 U.S. Dist. LEXIS 187160, at *4 (W.D. Okla. 2024). As in the matter at bar, *Bonilla* also involved a plaintiff's § 1983 claims for *Monell* liability brought against Turn Key, a private prison services company. *Id.* at *2. The request in question asked for:

> All mortality reviews, morbidity reports, root cause analyses, or any similar type of audits or reviews—internal or external—relating to inmate deaths in corrections facilities where Turn Key provides services in the past ten (10) years.

*Id.* at *4. For reference, Plaintiffs' Request for Production No. 72 reads:

> Any and all documents or materials relating to deaths of persons incarcerated at any LaSalle correctional facility, including but not limited to medical records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications. This request includes persons who died at the facilities themselves, as well as persons (like Jaleen Anderson) who suffered from medical events at the facility and died after being transported out of the facility to an outside medical provider.[26]

Similar to the Movers here, the plaintiff in *Bonilla* claimed that "this type of evidence is a staple of *Monell* claims." *Id.* The court denied plaintiff's motion to compel, finding it overbroad on its face as it did not contain sufficient geographic, temporal, or descriptive limitations. *Id.* at *4-5.

---

[26] Doc. 58-1, pp. 25-26.

*Hanna v. Armor Corr. Health Servs.* also involved a plaintiff's claim for *Monell* liability. *Hanna v. Armor Corr. Health Servs.*, 2020 U.S. Dist. LEXIS 258745, at *4 (M.D. Fla. 2020). In deciding the permissible scope of topics for the corporate deposition of Armor (another private prison services company), the Middle District of Florida held that "some of the 142 topics were outside Rule 26's liberal scope." *Id.* at *17. "For example, Plaintiff sought to ask Armor about incidents unrelated to [the detainee] that occurred at other facilities." *Id.* at * 17, n.7. Likewise, in *Arsberry v. Wesford Health Sources, Inc.*, the Northern District of Illinois held that discovery requests seeking information about medical care at other facilities were irrelevant to plaintiff's *Monell* claim. *Arsberry v. Wesford Health Sources, Inc.*,2021 U.S. Dist. LEXIS 217636, at *28 (N.D. Ill. 2021). Thus, it is not only the Fifth Circuit or Louisiana Federal District Courts that have determined that discovery seeking information related to other facilities is not permissible under Rule 26. Courts "across the country" agree—discovery aimed at other facilities is overly broad in the context of a plaintiff's *Monell* claim.

    C.    <u>The authority cited by Plaintiffs is not binding on this Court.</u>

Plaintiffs claim "[c]ourts across the country have repeatedly held that under *Monell*," practices at other facilities are relevant.[27] In support of this assertion, Plaintiffs cite to *Herr v. Armor Corr. Health Servs. Inc.*; *Shadrick v. Hopkins County*; and *Shields v. Prince George's County*. Plaintiffs' "authority" is inapposite here.

*Herr* is a case decided by the Middle District of Florida, and as shown by the subsequent *Hanna* decision, that district court does not rule consistently on the issue. *See* Section III(B)*, supra*; *Herr v. Armor Corr. Health Servs. Inc.*, 2019 U.S. Dist. LEXIS 237402 (M.D. Fla. 2019). Furthermore, *Shields* was decided by the District of Maryland and is not binding on this Court. *See*

---

[27] Doc. 58-9.

*Shields v. Prince George's Cnty.*, 2016 U.S. Dist. LEXIS 118924 (D. Md. 2016). *Shadrick* was decided by the 6th Circuit and is also not binding on this Court. *See Shadrick v. Hopkins Cnty.*, 805 F.3d 724 (6th Cir. 2015). Plaintiffs do not cite to any Fifth Circuit authority that would contradict the holding in *Martinez*. Nor do Plaintiffs cite to any district court decisions within the Fifth Circuit. And as demonstrated by *Arsberry*, Plaintiffs' proposition is not even uniformly accepted in their counsel's home district.

D.    <u>Plaintiffs erroneously assert that "LaSalle" is a single company that operates multiple correctional facilities.</u>

As Defendants have informed Plaintiffs, there is no overarching "LaSalle" parent company from which Plaintiffs can seek discovery.[28] Each of the "LaSalle-branded" correctional facilities is owned and operated by separate limited liability companies. To the extent Plaintiffs are seeking discovery from non-defendant corporate entities, Rule 33 and 34 discovery requests are the improper procedural vehicle to do so. "Rule 26 governs discovery from parties only. It does not imbue the Court with power to compel discovery from non-parties." *See e.g., Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 U.S. Dist. LEXIS 150201, at *13 (E.D. Mich. 2014).

Although Plaintiffs may wish that all "LaSalle-branded" entities were one company based on their alleged unity of ownership,[29] that is neither accurate nor how limited liability companies are treated under the law. *See e.g., Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co.*, 186 So. 3d 1220, 1224 (La. App. 5 Cir. 2016) (recognizing the "wholly separate" nature of natural person owners from their juridical person entities). Plaintiffs have not pled, and Defendants strenuously object, to any notion that all eighteen (18) facilities across multiple states are operated as a single enterprise. Accordingly, discovery as to all such entities is improper.

---

[28] *See* Doc. 58-7, p. 3.
[29] *See* Doc. 58, p. 11.

Plaintiffs' Requests seeking information related to other facilities are beyond the scope of discovery. To the extent Plaintiffs' Motion to Compel seeks an order compelling responses to Interrogatory Nos. 2 and 3, Request for Production No. 46, and discovery related to "Categories 2, 3, 4, 5, 6, and 10" of their Rule 37 letter, Plaintiffs' motion should be denied. Moreover, to the extent Plaintiffs seek a general pronouncement from the Court that "LaSalle Defendants [s]hall not confine responses to Plaintiffs' Monell discovery to the Olla, Louisiana facility, but rather shall respond to said discovery as written," Plaintiffs' motion should also be denied.

## IV.    All relevant policies were already designated for production subject to a Protective Order.

Plaintiffs seek to compel production of "written policies relating to healthcare" and "a broader set of policies relating to the Olla facility."[30] Plaintiffs state that production of these policies was requested in Request for Production Nos. 41, 42, 51, 61, 62, and 63. Defendants have already designated the relevant and discoverable healthcare and operational policies in place at the facility for production subject to a Protective Order.[31] To the extent Plaintiffs seek to compel further production pursuant to Request for Production Nos. 41, 42, 51, 61, 62, and 63, Plaintiffs' motion should be denied as moot.

Plaintiffs claim that Defendants have produced some policies but are objecting to a wider production.[32] This is a mischaracterization of Defendants' position. As discussed by the parties during the Rule 37 conference, there are some medical policies in effect at other "LaSalle-branded" facilities that do not pertain to the Olla facility. As discussed above, information, documents, and materials related to other facilities are not relevant to Plaintiffs' *Monell* claims. *See* Section III, *supra*. However, in an attempt to address Plaintiffs' concerns, Defendants offered to produce an

---

[30] Doc. 58, p. 13.
[31] Doc. 58-4, pp. 9-12.
[32] Doc. 58, p. 13.

index of additional policies so that Plaintiffs could be satisfied they have all relevant medical policies. Based on discussion between counsel at the January 8, 2026, Rule 37 conference, it was Defendants' understanding that this was an acceptable solution to address Plaintiffs' concerns. Accordingly, Defendants designated a "Jail Medical Policies, Table of Contents" for production in their second supplemental responses.[33] Instead of communicating any perceived deficiency with this designated production, Plaintiffs now move the Court to compel production of "full policies."[34] Defendants have already designated for production all medical policies that were in effect at the Olla facility. Plaintiffs' demand for additional, inapplicable policies should be denied.

Similarly, Defendants have already designated for production all operational policies in place at the Olla facility.[35] Plaintiffs claim to have "been careful to request operational policies only for the Olla facility."[36] Defendants have agreed to produce all relevant and responsive policies and did not withhold any operational policies for the facility. Plaintiffs should have reviewed the list of documents that Defendants agreed to produce before bringing this motion. In regard to operational policies, Plaintiffs' motion is premature and unnecessarily involves the Court where there is no actual dispute. To the extent Plaintiffs' seek to compel responses to Request for Production Nos. 41, 42, 51, 61, 62, and 63, Plaintiffs' motion should be denied.

**V.  Plaintiffs' request for an inmate roster is overbroad and duplicative.**

In Request for Production No. 32, Plaintiffs seek "[a]ny and all documents or materials" sufficient to show "all detainees at Olla, LCC" during the time Mr. Anderson was housed at the facility.[37] Plaintiffs' request is overbroad and clearly a "fishing expedition." In support of their

---

[33] Doc. 58-5, p. 12.
[34] *See* Doc. 58, p. 14.
[35] Doc. 58-4, pp. 10-12.
[36] Doc. 58, p. 14.
[37] *See id.* at p. 15.

demand for the personal information of "all detainees" present at the facility, Plaintiffs cite to three cases where, as Plaintiffs' claim, the court noted production of inmate rosters without comment.[38] However, a court noting the production of a category of documents without comment is not the same as a court holding that production of that type of document falls within the scope of discovery.

Contrary to Plaintiffs' argument, courts often do refuse to compel the production of inmate names when parties have submitted requests similar to Plaintiffs' requests. In *Millege v. Tucker*, the court denied a plaintiff's motion to compel "housing records sufficient to show the name of inmates who were housed on the wing with Plaintiff on the date of the incident sued upon." *Millege v. Tucker*, 2018 U.S. Dist. LEXIS 170803, at *8 (M.D. Fla. 2018). The *Millege* court reasoned that plaintiffs' request "is overbroad as stated" because it did not limit the request by identifying cell numbers near the scene of the incident. *Id.* If a request for the names of all inmates "housed on the wing" is overbroad, a request for all inmates at the facility is even more so. *See id.*; *Cf. United States v. Hammer*, 2012 U.S. Dist. LEXIS 189464, at *17 (M.D. Pa. 2012) (compelling production when the request "[did] not seek the disclosure of the names of inmates or any identifying information").

Moreover, as noted above, Plaintiffs' request is premature because a Protective Order is not yet in place. While Defendants maintain their objections to the production of inmate health records, any potentially responsive documents to Plaintiffs' request seeking "[a]ny and all documents or materials" sufficient to show "all detainees at Olla, LCC" may include documents that contain confidential healthcare information. As previously stated, the parties are still

---

[38] Doc. 58, p. 16.

negotiating the scope of a proposed Protective Order in this matter. An order compelling disclosure of this information would be premature at this time.

Finally, Plaintiffs yet again failed to review the discovery documents already produced in this matter before moving for Court intervention. Codefendant, Harris County has already produced a list of all Harris County inmates housed at the facility during the subject confinement in a document marked with bates number HC_Gilbert 0465-0485.[39] Once again, Plaintiffs have prematurely and unnecessarily involved the Court in this discovery dispute.

## VI.    Plaintiffs' requested relief seeks an impermissibly vague, general pronouncement from the Court.

Plaintiffs seek a general pronouncement from the Court that Defendants should not confine their responses to Plaintiffs' *Monell* discovery to the Olla, Louisiana facility.[40] Plaintiffs' proposed order requests the Court make a general finding regarding the scope of *Monell* discovery without reference to specific responses they seek to compel. This is improper. Without a proposed order explicitly detailing what Plaintiffs want, the Court cannot fashion the specific relief sought. *See Alvarez v. Brokers Logistics, Ltd.*, 2024 U.S. Dist. LEXIS 65423, at 2 (W. D. Tex. 2024). An "exceedingly general" proposed order should be denied. *See Ordonez v. Amazon.com Servs.*, 2024 U.S. Dist. LEXIS 81442, at *4 (W.D. Tex. 2024).

Instead of listing the specific "*Monell* discovery" requests Plaintiffs seek to compel in their motion, Plaintiffs ask the Court to review their "Rule 37 discovery enforcement letter" in order to figure out which requests Plaintiffs are seeking to compel.[41] In that letter Plaintiffs have summarized their requests to shrink the scope of each request.[42] This is deceptive. A motion to

---

[39] While there were some additional, non-Harris County inmates detained at LaSalle Correctional Center at the time of Mr. Anderson's confinement, Defendants maintain their objection to Plaintiffs' overbroad request for those inmates' names.
[40] Doc. 58-8, p. 2.
[41] Doc. 58, p. 11.
[42] *See* Doc. 58-6.

compel "must properly identify each discovery request at issue, the response, the basis of the objection, and valid citation to cases in support of the motion." *Herr v. Elos Env't, LLC*, 2025 U.S. Dist. LEXIS 155093, at *17 (E.D. La. 2025).

The discovery requests at issue in the instant motion are Plaintiffs' First Interrogatories and Requests for Production, not Plaintiffs' letter summarizing what they claim to have "meant" by those requests. This distinction is important because there are critical differences between the two documents. For example, Plaintiffs' "enforcement letter" describes Request No. 94 simply as "Mortality/morbidity reviews."[43] However, Request for Production No. 94 actually states:

> Please produce all mortality or morbidity reviews, quality improvement analyses, or internal examinations/investigations into the deaths of any inmates in any LaSalle-run facility from January 1, 2019 to June 30, 2025.[44]

Upon examining the actual request, Plaintiffs are seeking more than just "Mortality/morbidity reviews," and they are seeking documents concerning more than just the subject facility.

Furthermore, Plaintiffs describe Interrogatory Nos. 15 and 16 as seeking the "[I]dentity of policymakers and their efforts to review/investigate problems."[45] However, the actual interrogatories read:

> **Interrogatory No. 15.** Identify each employee or agent of LaSalle who was responsible for or had final policymaking authority for any policy, procedure, or practice on any of the following subjects relating to the operation of LaSalle correctional facilities:
>
> a) Delivery of medical care to detainees;
> b) Medical services provided at Olla LCC;
> c) Referral of detainees to off-site medical facilities;
> d) Treatment of seizures;
> e) Coordination of care among correctional and medical staff;
> f) Responses to requests by prisoners for medical attention, evaluation, or treatment;

---

[43] Doc. 58-6, p. 7.
[44] Doc. 58-1, p. 29.
[45] Doc. 58-6, p. 6.

g) Healthcare and correctional staffing levels at the Olla LCC;
h) Utilization Management.

**Interrogatory No. 16.** Describe any effort of the policymakers identified by the preceding interrogatory to review, investigate, analyze, uncover, prevent, or determine the prevalence of any deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in the interrogatory, and identify any documents related to that effort, as well as any changes made by LaSalle as a result of that effort and documents reflecting same.[46]

Apart from requesting Defendants to respond with a legal conclusion, Interrogatory Nos. 15 and 16 are objectionable as exceedingly overbroad. There is no time limitation provided and the scope of requested information is well-beyond what might be relevant to Plaintiffs' alleged claims.

Plaintiffs cannot alter the scope of their requests by reference to summarizations contained in their Rule 37 letter. Plaintiffs request the Court to make a general ruling and compel discovery based on the categories listed in the Rule 37 letter, but "[i]t is not the Court's responsibility to modify patently overbroad discovery requests." *Castillo v. JLG Indus.*, 2019 U.S. Dist. LEXIS 245046, at * 6 (S.D. Tex. 2019).

## VII.    Discovery requests must be limited in scope to address the matter at issue.

Plaintiffs have alleged a claim under § 1983 and *Monell* for inadequate medical care provided in response to the alleged seizures suffered by Mr. Anderson.[47] The subject matter of discoverable information and documents should be limited to the subject matter of those allegations.

In order to prove a *Monell* liability claim under § 1983, a plaintiff must prove the existence of a custom by showing a pattern of unconstitutional conduct. *See e.g., Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023). A pattern is established by proving the occurrence of prior events

---

[46] Doc. 58-1, p. 11.
[47] Doc. 1, pp. 3-4.

that are "similar to the case at hand" and similar to the "specific violation in question." *Id.* A plaintiff cannot simply point to "any and all 'bad' or unwise acts." *Id.*

It is Plaintiffs' burden to tailor their discovery requests to subject matter relevant to their claims. In *Marcum v. Scioto Cnty., Ohio*, plaintiff alleged inadequate medical care of an inmate with asthma, and the court ordered production of *Monell* discovery related to inmates with asthma. *Marcum v. Scioto Cnty., Ohio*, 2012 U.S. Dist. LEXIS 77927, at *19-20 (S.D. Ohio 2012). In *McEvoy v. Hillsborough Cnty.*, plaintiff alleged inadequate medical care of an inmate receiving treatment for detoxification, and the court ordered production of *Monell* discovery related to inmates being treated for detoxification. *McEvoy v. Hillsborough Cnty.*, 2011 U.S. Dist. LEXIS 54917, at *14 (D.N.H. 2011). Accordingly, the Court should deny Plaintiffs' motion to the extent it seeks to compel responses to requests seeking information regarding occurrences dissimilar to Plaintiffs' allegations.

**VIII.   The scope of Plaintiffs' Requests exceeds that which is allowed under the Federal Rules.**

Not only do Plaintiffs' Requests exceed the scope of discovery as contemplated in *Monell* actions, but the requests also exceed the general scope of discovery as set forth in Fed. R. Civ. Proc. 26. Plaintiffs' Requests seek information, documents, and materials from a time period far greater than what is acceptable. Courts can limit the scope of a plaintiff's request to specific time periods in order to "strike[] the proper balance in light of the claims and defenses in the action." *Murray*, 2023 U.S. Dist. LEXIS 26594, at * 13.

The relevant time period determined by courts varies, but examples from other *Monell* cases show the time period for which Plaintiffs seek information is impermissibly overbroad. In *Murray v. LeBlanc*, the court set the relevant time period for which the plaintiff could seek *Monell* discovery at two (2) years. *Id.* In *Nugent v. Spectrum Juv. Just. Servs.*, the court "limited the

temporal scope of the documents request to five [5] years" in an action involving a *Monell* claim. *Nugent v. Spectrum Juv. Just. Servs.,* 2024 U.S. Dist. LEXIS 164519, at *3 (E.D. Mich. 2024). And in *Young v. LeBlanc*, the court found that requests spanning time periods of eight (8) years and beyond were overbroad and that the information sought was not discoverable. *Young*, 2025 U.S. Dist. LEXIS 43620, at *25. The time periods set in Plaintiffs' Requests far exceed what is typical and are overbroad on their face.

In many of Plaintiffs' Requests, the timeframe specified is upwards of ten (10), eleven (11), or twelve (12) years, e.g., Interrogatory Nos. 3 and 13 and Request for Production Nos. 73, 74, 76, 85, 86. Moreover, some requests have no time limitation at all, e.g., Request for Production No 72, which seeks "any and all documents or materials relating to deaths of persons incarcerated at any LaSalle Correctional facility..." To the extent the Court deems it appropriate to set a relevant period for discoverable information, it should not be more than five years.

Additionally, Plaintiffs' Requests also seek an overbroad number of documents that far exceed what may be necessary to prove any of their alleged claims. For example, Plaintiffs' Request for Production No. 46, of which Plaintiffs have only pasted a partial quote in their motion, seeks:

> Any and all documents or materials reflecting who owns, operates, manages, and controls City of Ft. Worth Jail Booking Intake, Fannin County Jail, Irwin County Detention Center, Jackson Parish Correctional Center, Jefferson County Downtown Jail, LaSalle Corrections Headquarters, LaSalle Southwest Corrections Headquarters, Limestone County Detention Center, Parker County Jail, Prairieland Detention Center, Richwood Correctional Center, River Correctional Center, Rolling Plains Detention Center, San Luis Regional Detention Center, Southern Correctional Center, West Texas Detention Center, Willacy State Jail, Winn Correctional Center, the Bi-State Jail, and/or any other facility identified in your response to Interrogatory No. 3.[48]

---

[48] Doc. 58-1, pp. 20-21.

As written, Plaintiffs' Request asks for all documents reflecting who owns, operates, manages, and controls at least eighteen (18) facilities that are located across multiple states. Plaintiffs' request essentially asks for every document pertaining to who owns, operates, manages, and controls eighteen (18) facilities. Never mind relevance, the scope of Request No. 46 is clearly overbroad on its face and disproportional to the needs of this case.

Request No 46 is not the only Request that seeks information far beyond the scope of discovery. A review of Plaintiffs' Requests—the actual requests, not Plaintiffs' Rule 37 summary—shows they are inherently overbroad. It is not the Court's job to redraft Plaintiffs' overly broad discovery requests. *E.g., Bonilla v. Gerlach*, 2024 U.S. Dist. LEXIS 187160, * 6 (W.D. Okla. 2024). "The burden to propound discovery requests that comply with Rule 26 should be on the party propounding discovery and not on the courts to redraft overly broad discovery so that, as re-drawn by the court, the requests comply with the Rules." *Nava v. Allstate Tex. Lloyds*, 2021 U.S. Dist. LEXIS 256037, at *24-25 (E.D. Tex. 2021).

## CONCLUSION

Plaintiffs propounded an excessive amount of discovery requests on Defendants seeking, in many cases, irrelevant information. Those requests were clearly objectionable in that they were overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendants responded to this discovery with objections as well as discoverable and relevant information and documents. Plaintiffs voiced their discontent with Defendants' original responses and the parties participated in Rule 37 conferences to amicably resolve these discovery issues. Afterward, Defendants twice supplemented their discovery responses to produce additional information and documents in a good faith effort to engage in discovery. Without further communication regarding any perceived deficiencies with Defendants' supplemental responses (much less the required Rule 37 Conference), Plaintiffs prematurely filed this Motion to Compel seeking a general order from the

Court without fully specifying the requested relief. Defendants, therefore, respectfully request that this Court deny Plaintiffs' Corrected Motion to Compel (Doc. 58) as premature, improper, and unfounded.

Respectfully submitted,

*/s/ Deirdre C. McGlinchey*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE*
*CORRECTIONAL CENTER, L.L.C.,*
*LASALLE MANAGEMENT COMPANY,*
*L.L.C., AND LASALLE CORRECTIONS, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY