**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Nefertiti Gilbert *et al.*, | |
| Plaintiffs, | |
| v. | Case 1:25-cv-00421-DDD-JPM |
| Harris County, Texas *et al.*, | |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

Plaintiffs, through their undersigned counsel, submit this reply in support of their motion to compel (ECF 58) and in rejoinder to the response filed by the LaSalle defendants (ECF 61). None of LaSalle's arguments withstand scrutiny. Plaintiffs' motion should be granted.

***Plaintiffs' motion to compel is timely***. Plaintiffs moved to compel only after the parties determined they were at issue regarding the specific discovery requests raised in the motion. *See* ECF 58 at 18 (L.R. 7.4.1 certification identifying exhibits). LaSalle does not contest this point, but it argues the motion is premature because the parties have not completed their discussions related to all discovery and have yet to finalize a protective order. ECF 61 at 4-7. That position lacks merit. Plaintiffs' motion concerns specific areas of discovery in which the parties are at issue and which have been taken off the table in their ongoing discussions. LaSalle, for example, has taken the position that *Monell* discovery should be confined to the Olla facility where Mr. Anderson died, rather than the company-wide pattern-and-practice discovery Plaintiffs seek. As a result, ongoing discussions have been confined to the Olla facility only. The same goes for the protective order—it has not yet been issued, but it will not change any of the areas of dispute that are set out in Plaintiffs' motion. The motion to compel is timely.

1

***The company-wide* Monell *claims call for company-wide discovery*.** The complaint alleges that LaSalle has a company-wide custom of providing inadequate medical care to its detainees, including by failing to refer detainees for offsite medical care. *See* ECF 1 ¶¶ 126-38; 140-47. It supports these allegations by pointing to medical events across various LaSalle facilities. *Id*. ¶¶ 139(a)-(*l*). LaSalle has never contended that these allegations are insufficient to state a plausible *Monell* claim against it.

Plaintiffs' discovery seeks to gather evidence to support those claims. LaSalle argues it should not be allowed, citing cases in which a court rejected a *Monell* plaintiff's efforts to point to other facilities. *See* ECF 61 at 8-10. None of those decisions, however, even approaches the only-one-facility rule LaSalle asks the Court to adopt. Rather, they say the opposite.[1]

In LaSalle's principal case, *Martinez v. Nueces County*, 71 F.4th 385 (5th Cir. 2023), the Court held that a *Monell* plaintiff's complaint failed to tie jail healthcare vendor Wellpath's national policies to his own poor medical care. But *Martinez* never rejected the proposition that

---

[1]  Plaintiffs' motion, meanwhile, identified several decisions permitting company-wide *Monell* discovery against entities like LaSalle. *See* ECF 58 at 5-7. Contra LaSalle's suggestion that those are the only cases to so hold, ECF 61 at 10-11, there are many more such cases, including in the Fifth Circuit. *See, e.g.*, *Amos v. Cain*, No. 4:20-cv-7, 2020 WL 6688864, at *4 (N.D. Miss. Nov. 12, 2020) (citing *Shadrick* for the proposition that "incidents at other facilities may also establish deliberate indifference when the same policies are in place at those facilities such that the incidents should have alerted a policy maker to the inadequacy of the policies." (cleaned up; quotation omitted); *Boyer v. Advanced Corr. Healthcare, Inc.*, No. 20-cv-1123, 2023 WL 3978147, at *7 (W.D. Wis. June 13, 2023) (denying motion to dismiss *Monell* claim in light of allegations about "the treatment of other detainees in ACH's care across the country,"); *Bost v. Wexford Health Sources, Inc.*, No. 15-cv-3278, 2020 WL 1890506, at *16 (D. Md. Apr. 15, 2020) (noting, in a *Monell* action against jail health care provider based on failure to provide emergency medical care at one jail, relevant discovery included documents relating to defendant's provision of emergency care at other facilities); *Robinson v. Pytlewski*, No. 19-cv-1025, 2022 WL 2359359, at *12 (D. Md. June 30, 2022) (permitting multi-facility *Monell* discovery because the "statewide polic[y allegations] . . . share the same core facts alleged in the original complaint—that [vendor-defendant] . . . failed to implement or enforce effective policies, which caused Robinson's suffering and death."); *Estate of Cross v. Turn Key Health Clinics, LLC*, No. 1:22-cv-03143, 2024 WL 4444446, at *9 (D. Colo. Oct. 8, 2024) (noting that "courts have ordered discovery of records concerning other inmates' deaths or serious injuries . . . without restricting the discovery to only one facility . . . .").

such a claim can be viable. To the contrary, it presumed "that a nationwide corporation . . . can be sued" under to *Monell*, 71 F.4th at 391, which would require a plaintiff to "show the existence of a policy or custom that was the moving force behind the violation of his constitutional rights." *Id.* The *Martinez* plaintiff had not done this, but that was only because "there is not enough detail in [the] complaint to clear this bar." *Id.* It was "unclear from the face of the complaint what exact role Wellpath even played at Nueces County," *id.* at 391-92, and the *Martinez* plaintiff had not even "allege[d], with sufficient detail, what happened to him at the jail." *Id.* at 392. The allegations against Wellpath failed not because they were company-wide in scope, but because the "sparse complaint and conclusory allegations would not survive a motion to dismiss." *Id*.

Another decision, *Bonilla v. Gerlach*, No. 23-cv-1060, 2024 WL 4497114 (W.D. Okla. Oct. 15, 2024), makes this point explicitly. LaSalle cites *Bonilla* for its rejection of discovery covering multiple facilities serviced by medical vendor Turn Key because the discovery " 'did not contain any geographic, temporal, or descriptive limitations[.]' " ECF 61 at 9 (quoting *Bonilla*). In the very next passage, though, *Bonilla* went on: "Turn Key should not, however, take too much comfort from this finding because it is evident that much of the information sought by these requests is relevant," 2024 WL 4497114, *2, including "production of event records . . . ***concerning inmates housed at other facilities*** who were seriously injured in ways that were similar to the plaintiff." *Id.* (emphasis added; citation omitted). It was only the plaintiff's drafting of the discovery requests that required adjustment. *Id.* The other decisions cited by LaSalle are similar.[2] *Not one* categorically rejects multi-facility *Monell* discovery, as LaSalle asks the Court to do in its brief.

---

[2] *Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-cv-596, 2020 WL 10692760, at *5 n.7 (M.D. Fla. June 30, 2020) rejects Rule 30(b)(6) deposition topics served on short notice that concerned other facilities in a footnote, with no explanation or reasoning. In *Arsberry v. Wexford Health Sources, Inc.*, No. 3:17-cv-50044, 2021 WL 5232733 (N.D. Ill. Nov. 10, 2021), meanwhile, the plaintiff's *Monell* theory focused on a court-appointed monitor's "facility-specific findings relating to [medical care in] Dixon [prison]." *Id.* at *1. Given that theory, the court rejected discovery

There is no reason to bar company-wide discovery here, either. Plaintiffs' factual allegations of company-wide practices are robust, and nowhere does LaSalle claim they are implausible. Indeed if anything, incidents occurring over multiple years, across multiple facilities, involving multiple different LaSalle employees, are *more* relevant evidence of LaSalle's corporate policies, since they make it more plausible that LaSalle's leadership knew of and condoned practices of deficient medical care. Company-wide discovery is entirely appropriate in this case.

***Plaintiffs' discovery identifying the various "LaSalle" entities is appropriate.*** Plaintiffs have described the web of entities the LaSalle defendants use to operate and oversee the various LaSalle facilities,[3] and the efforts LaSalle has made to evade discovery asking it to identify these entities. *See* ECF 58 at 7-9. LaSalle now argues that Plaintiffs should not be allowed to pursue this discovery on grounds that it is directed to non-entities. ECF 61 at 11. But that is simply not so: the discovery is directed at the existing LaSalle defendants themselves, to *identify* the related entities. Such discovery is entirely appropriate and must be answered to the extent the answering party or its lawyers have knowledge (Rule 33) or documents (Rule 34) responsive to the request.

***The Court should reject LaSalle's premature "scope" arguments.*** LaSalle smuggles into its response two scope arguments: first, that Plaintiffs' *Monell* discovery should be limited to a certain number of years, and second, that it should be limited only to detainees with seizures, which was Mr. Anderson's medical condition. Both these arguments are premature: Plaintiffs' discovery already contains time limitations which the parties have only briefly discussed and about which

---

about other prisons in the IDOC because the plaintiff had "provide[d] no explanation as to . . . how medical care at other [IDOC] facilities are relevant to his *Monell* claim." *Id.* at *9. Neither decision suggests that the courts believed such discovery inappropriate as a categorical matter.

[3] This includes LaSalle's owners, who are sued in their official capacities, *see* ECF 58 at 2 n.1.

they have never come to issue; meanwhile, the parties have *never* discussed limiting *Monell* discovery only to detainees with seizures. Neither topic, notably, was covered in Plaintiffs' motion.

In all events, LaSalle is wrong. Plaintiffs do not allege LaSalle had a custom of indifference to *seizures*; they allege that LaSalle had a custom of providing inadequate treatment to detainees' serious medical needs generally, including a failure to obtain outside medical care. ECF 1 ¶¶ 126-38. *Bost v. Wexford Health Sources, Inc.*, No. 15-cv-3278, 2022 WL 4290528 (D. Md. Sept. 16, 2022) aptly describes the scope of discovery for such claims: "[T]he issue here is whether Wexford had a pattern and practice of failing promptly to procure off-site emergency care for an inmate whose symptoms suggested such care was medically necessary. For this claim, it makes no difference whether the patient's need for emergency care was the result of a heart attack, a stroke, or some other medical condition." *Id.* at *53. *Accord Boyer*, 2023 WL 3978147, at *7 (same).

The cases LaSalle cites, *see* ECF 61 at 18, say no different. The court in *Marcum v. Scioto Cnty., Ohio*, No. 1:10-CV-790, 2012 WL 2018523 (S.D. Ohio June 5, 2012) may have limited discovery to other asthma cases, but that is because the *Monell* theory there was that the jail had failed to "implement policies that adequately address potential health risks to inmates with asthma" specifically. *Id.* at *2. Likewise, in *McEvoy v. Hillsborough Cnty.*, No. 09-cv-431, 2011 WL 1813014 (D.N.H. May 5, 2011), the *Monell* claim was that the jail had "inadequate training and supervision of the personnel at the jail regarding drug detoxification" and its symptoms. *Id.* at *2.

The *Monell* theory in this case does not resemble the condition-specific theories in *Marcum* and *McEvoy*. It resembles the broader policy claims in *Bost* and *Boyer*. In such cases discovery is not defined by a particular type of medical ailment but by the problematic practices at issue.

As for LaSalle's argument that discovery should be limited to five years, ECF 61 at 18, Plaintiffs do not *necessarily* disagree, though such a limitation would depend on various factors

(such the burden of gathering certain categories of documents) that the parties simply have yet to discuss. Any such limitation should wait until the parties discuss specific discovery areas.

   ***LaSalle should produce all its medical policies***. LaSalle objects that it should not have to produce all its medical and operational policies because it is already prepared to produce the "relevant" policies in this case. ECF 61 at 12. But that's just the problem—LaSalle is withholding policies that are responsive to Plaintiffs' requests based on its own unilateral determination about relevance. It is axiomatic, however, that "a party may not unilaterally withhold information or documents that are responsive to a discovery request" on grounds of relevance. *Spendlove v. RapidCourt, LLC*, No. 3:18-cv-856, 2019 WL 7143664, at *5 (E.D. Va. Dec. 23, 2019) (quotation omitted). "If a party intends to withhold information or documents responsive to a discovery request based on lack of relevancy, an objection based on lack of relevancy must be lodged in the responsive pleading." *Id.* (quotation omitted).  LaSalle's boilerplate objections fail to do this, leaving Plaintiffs to guess how LaSalle decided which policies were relevant and which were not. And LaSalle's "offer" to provide Plaintiffs with an "index" letting them guess at relevance without reading the policies, *see* ECF 61 at 13, simply reifies LaSalle's impermissible withholding. LaSalle is wrong on the merits in any event:  policies are relevant because of the way they work together, and a seemingly irrelevant policy can take on central importance depending on its context in the facts of a case. LaSalle's medical policies should be produced in full.

   ***Discovery of an inmate roster is proper in this case***.  LaSalle opposes production of an inmate roster, citing cases where full rosters have been denied. ECF 61 at 13-15. There are certainly cases where a full roster would be useless, such as when all pertinent events occurred in a single location. But that is not the case here, since Mr. Anderson was moved around the facility as he got worse. LaSalle has identified no burden to producing such a roster, and there should be none. And

6

while Harris County has produced a list of detainees at Olla, *id*. at 15, that list does not identify housing locations within the Olla facility, which is critical for identifying likely witnesses.

***A motion going to the scope of discovery need not list out specific requests.*** LaSalle's position that discovery be confined to the Olla facility impacts dozens of discovery requests. And because that position has been categorical, the parties' Rule 37 conferences have never addressed the proportionality of any request beyond the Olla facility. That makes LaSalle's insistence that Plaintiffs' motion list specific discovery requests hard to follow. *See* ECF 61 at 15-17. Some company-wide requests may indeed prove unduly burdensome, but the parties have never conferred on proportionality precisely because LaSalle has refused to do so. Given this categorical refusal, LaSalle should not now be heard to insist that the proportionality of particular requests be litigated in Plaintiffs' motion, or that certain requests are disproportionate under Rule 26(b)(1).

*     *     *

Plaintiffs' motion to compel should be granted.

Date: March 9, 2026

Respectfully submitted,

/s/ Aaron N. Maples
Aaron N. Maples (La. Bar No. 35224)
Brendan Connick (La. Bar No. 35456)
Maples & Connick
733 Dante Street, Suite H
New Orleans, LA 70118
Tel: 504-269-3870
aaron@maplesconnick.com
brendan@maplesconnick.com

/s/ Stephen H. Weil
Stephen H. Weil*
Sam Harton*
Romanucci & Blandin, LLC
321 N. Clark St. STE 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
sweil@rblaw.net
sharton@rblaw.net

* Admitted *pro hac vice*

*Attorneys for Plaintiffs*