UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************* | * | **JURY TRIAL REQUESTED** |

**LASALLE CORRECTIONAL CENTER, L.L.C., LASALLE MANAGEMENT COMPANY, L.L.C., AND LASALLE CORRECTIONS, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER**

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

This is a civil rights lawsuit filed by Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. ("Plaintiffs") for the death of Jaleen Anderson during his incarceration at LaSalle Correctional Center.[1] Among those named as Defendants were LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC ("LaSalle"). Plaintiffs allege Defendants are liable under 42 U.S.C. § 1983 and state law.[2]

LaSalle sought the Plaintiffs' consent to a proposed protective order to protect from disclosure outside of this litigation confidential and proprietary information that will be the subject of discovery. *See* **Ex. A,** Proposed Protective Order. While agreeing to many of the provisions of the proposed protective order, the parties (despite months of email correspondence and

---

[1] Doc. 1, pp. 4-5.
[2] *Id.* at p. 30.

conferences) have reached an impasse over certain provisions.  Accordingly, despite good faith efforts by the Defendants, the parties have not been able to reach an agreement as to the entry of an order.

Entry of a protective order will ensure the orderly disclosure of documentation and information in this matter.  Additionally, the protective order will safeguard the privacy of such items as LaSalle's policy and procedure manual and the personnel files of employees, which because certain of the Defendants are involved in the operations of the prison at issue, significant security and safety concerns are involved.  While in no way does the listing of certain documents in the Proposed Protective order represent an admission by LaSalle that these items are discoverable and/or admissible at trial, the Proposed Protective Order will appropriately safeguard the disclosure of confidential and proprietary information.  Accordingly, LaSalle respectfully requests that the Court enter its Proposed Protective Order.

## II. LAW AND ARGUMENT

### A.    Legal Standard.

A court may for "good cause" issue a protective order to protect a party.  Fed R. Civ. P. 26(c)(1).  Such an order may be entered requiring a "trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed R. Civ. P. 26(c)(1)(G).  Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17, 29 (1984).  "The movant bears the burden of showing that a protective order is necessary, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).  Such an order may

be issued if the moving party demonstrates good cause. *Boudreaux v. Sch. Bd. of St. Mary Par.*, 2022 U.S. Dist. LEXIS 88290, at *6 (W.D. La. May 16, 2022), 2022 WL 1541620. "In determining whether to grant a protective order, the court must balance the requesting party's need for the information against the injury that might result if uncontrolled disclosure is compelled." *Gutierrez v. Benavides*, 292 F.R.D. 401, 404 (S.D. Tex. 2013).

In the instant matter, good cause exists to enter the Proposed Protective Order: the need to maintain confidentiality over LaSalle's confidential and proprietary information as well as issues involving public safety. The Proposed Protective Order provides the proper safeguards that will not impose a hardship on any of the parties.

### B. Good Cause Exists for Entry of the Proposed Protective Order.

The Plaintiffs have requested a wide array of items from LaSalle that contain information that is confidential, proprietary and related to public safety. Such information includes (but is not limited to) LaSalle's policies and procedures, training and education manuals, floor plans of the jail and personnel files. Documents pertaining to LaSalle's policies and procedures and training contain trade secrets and could be utilized by competitors. Floor plans of the jail and personnel files of employees of the prison contain highly sensitive information that could jeopardize the safety of the individual employees as well as the public at large. Plaintiffs have also exhibited an interest in obtaining various financial records of LaSalle. Because LaSalle is a private company, financial records of the Defendants contain information that is clearly proprietary and is not available to the public. LaSalle has a legitimate interest in ensuring that these materials stay within the confines of this litigation and are not disclosed to competitors.

LaSalle's request that the disclosure of these items be subject to the Proposed Protective Order is not unusual and is in keeping with the law. In *Lafleur v. Leglue*, 2017 U.S. Dist. LEXIS 106551 (M.D. La. July 10, 2017), the Livingston Parish Sheriff's Office objected to producing

3

policy and procedure manuals, training materials and operations manuals.  The court found that good cause existed and issued a protective order prohibiting the disclosure of these items outside of the litigation.  Similarly, in *Gravolet v. Tassin*, No. 08-3646, 2009 U.S. Dist. LEXIS 41715, 2009 WL 1210877, at * 1-2 (E.D. La. May 4, 2009), the court determined that disciplinary files and personnel records should only be produced subject to a protective order.  In *Cannon v. Lodge*, No. Civ.A. 98-2859, 1999 U.S. Dist. LEXIS 12358, 1999 WL 600374, at *1 (E.D. La. Aug. 6, 1999), personnel files were also determined to be subject to a protective order.  Lastly, in *Pipkin v. Acumen*, 2020 U.S. Dist. LEXIS 75403 (D. Utah Apr. 28, 2020), the court found that confidential financial information of the defendant should be protected from dissemination outside of the litigation and ordered the parties to prepare a protective order.

Accordingly, pursuant to Fed R. Civ. P. 26(c)(1) and the jurisprudence interpreting it, entry of the Defendants' Proposed Protective Order is appropriate to safeguard information that is confidential, proprietary, contains trade secrets and related to public safety. LaSalle's concerns that information involving these sensitive topics is especially pronounced in this matter, where plaintiffs' counsel has already placed a detailed account of this case on their website, including an alleged statement of one of the Defendants (Exhibit C).  This post portends and highly suggests that further information would likely appear online for the public to peruse if this Proposed Protective Order was not entered. LaSalle desires and is entitled to prevent the public disclosure of sensitive information in this case. The Proposed Protective Order will accomplish this result without placing an undue burden on the Plaintiffs.

### III.    CONCLUSION

The Plaintiffs have requested a wide array of documents and materials in this matter, including policy and procedure manuals, personnel records, floor plans of the jail and educational materials.  While the discoverability of a number of these items are disputed, if they are ultimately

4

produced, Defendants' Proposed Protective Order will ensure that these items are not disseminated outside the bounds of this matter while permitting the Plaintiffs to obtain information they deem important to their claims.  As a result, LaSalle requests that this Honorable Court grant the Defendants' Motion for Entry of their Proposed Protective Order.

Respectfully submitted,

*/s/ T. Gregory Schafer*
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE CORRECTIONAL CENTER, L.L.C., LASALLE MANAGEMENT COMPANY, L.L.C., AND LASALLE CORRECTIONS, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 16, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ T. Gregory Schafer*
T. Gregory Schafer

5