# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| NEFERTITI GILBERT ET AL, <br> Plaintiff | CIVIL DOCKET NO. 1:25-CV-00421 |
| VERSUS | JUDGE DRELL |
| HARRIS COUNTY TX ET AL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 27) filed by Defendant Sheriff Ed Gonzalez ("Sheriff Gonzalez") and a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 28) filed by Defendant Harris County, Texas ("Harris County"). Plaintiffs Nefertiti Gilbert (proceeding both as the personal representative of the deceased Jaleen Anderson ("Anderson") and on her own behalf), Christi Jackson (on behalf of her minor children), and Jyrie Polk (on behalf of her minor child) (collectively, "Plaintiffs") oppose both motions. ECF No. 48.

Because Plaintiffs fail to state a claim against Harris County and Sheriff Gonzalez,

IT IS RECOMMENDED that Sheriff Gonzalez's and Harris County's Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim (ECF Nos. 27 & 28) be GRANTED and all Plaintiffs' claims (ECF No. 1) against Sheriff Gonzalez and Harris County be DISMISSED. The 42 U.S.C. § 1983 claim against Harris County, the

individual capacity § 1983 claim against Sheriff Gonzalez, the punitive damage claim premised on Sheriff Gonzalez's individual capacity, and the state law wrongful death claims against both Sheriff Gonzalez and Harris County should be DISMISSED WITHOUT PREJUDICE. The official capacity § 1983 claim against Sheriff Gonzalez and the remaining punitive damage claims against Harris County and Sheriff Gonzalez should be DISMISSED WITH PREJUDICE.

## I.  Background

This 42 U.S.C. § 1983 and wrongful death action arises from Anderson's death while being detained at the LaSalle Correctional Center ("LCC") in Olla, Louisiana. ECF No. 1. On March 3, 2024, Anderson was arrested in Houston and initially detained in Harris County's jail. ECF No. 1 ¶¶31–32. Pursuant to "an outstanding contract with LaSalle[1] to jail people who are imprisoned by Harris County while they await trial," Anderson was transferred to LCC. *Id.* ¶¶33–34.

From April 2–3, 2024, Anderson allegedly suffered from a series of increasingly severe seizures. *Id.* ¶¶ 36, 48, 63–64, 79, 97, and 111–12. Plaintiffs allege that LCC staff failed to provide adequate medical care, assess Anderson or diagnose the cause of the seizures, or arrange for Anderson to be taken to the hospital. *Id.* ¶¶43–45, 54–57, 71–73, 94–95, 100, 102–04, and 106–07. On the evening of April 3, Anderson eventually lost consciousness. *Id.* ¶¶111–12. Anderson was transported to Hartner Medical Center in Olla, Louisiana, where he was pronounced dead. *Id.* ¶¶123–24.

---

[1] LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., and LaSalle Management Company, L.L.C. (collectively, "LaSalle").

Sheriff Gonzalez and Harris County move to dismiss the claims against them. ECF Nos. 27 & 28. Sheriff Gonzalez argues the § 1983 claims against him should be dismissed because the official capacity claim is redundant and the individual capacity claim is both barred by qualified immunity and insufficient to establish liability. ECF No. 27. Harris County argues the § 1983 claim against it should be dismissed because Plaintiffs have not satisfied the elements for establishing municipal liability. ECF No. 28. Both Harris County and Sheriff Gonzalez additionally seek the dismissal of any punitive damages claims asserted against them. ECF Nos. 27 & 28. Plaintiffs argue they adequately alleged facts supporting their claims. ECF No. 48.

II.   <u>Law and Analysis</u>

A. <u>Rule 12(b)(6) Standard</u>

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted." But a complaint should not be dismissed "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right

3

to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

A court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

### B. 42 U.S.C. § 1983

Title 42, United States Code, Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

### C. Harris County's Motion to Dismiss

Plaintiffs allege Harris County had "[a]n official policy or custom" pursuant to which it "provided inadequate medical care to detainees in the custody of Harris County that are housed in LaSalle facilities." ECF No. 1 ¶160. Plaintiffs argue "[t]hese policies and customs were the driving force behind the failure to provide adequate medical care to [] Anderson." *Id.* ¶164. Plaintiffs seek punitive damages.

Harris County moves to dismiss both claims. ECF No. 28.

### 1. <u>Section 1983 Claim</u>

Harris County is a municipality, and, as such, "may not be held liable under §
1983 on a basis of vicarious liability." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d
803, 808 (5th Cir. 2017). But Harris County "may be liable where 'the action that is
alleged to be unconstitutional implements or executes a policy statement . . . officially
adopted and promulgated by that body's officers.'" *Id.* (quoting *Monell v. Dep't of Soc.
Servs. of City of New York*, 436 U.S. 658, 690 (1978)). The plaintiff must demonstrate
"(1) an official policy (2) promulgated by the municipal policymaker (3) was the
moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande
City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields*, 860 F.3d at 808).

"Official municipal policy includes the decisions of a government's lawmakers,
the acts of its policymaking officials, and practices so persistent and widespread as to
practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To
charge a municipality with liability for that custom, a plaintiff must "establish
'[a]ctual or constructive knowledge of such custom' by the municipality." *Hicks-
Fields*, 860 F.3d at 808 (alteration original) (quoting *Webster v. City of Houston*, 735
F.2d 838, 841 (5th Cir.), *on reh'g*, 739 F.2d 993 (5th Cir. 1984)). A municipality can
be attributed with constructive knowledge if "it would have known of the violations
if it had properly exercised its responsibilities, as, for example, where the violations
were so persistent and widespread that they were the subject of prolonged public
discussion or of a high degree of publicity." *Bennett v. City of Slidell*, 728 F.2d 762,
768 (5th Cir. 1984).

To establish that a policy is the moving force behind a constitutional violation, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). "That is, 'the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.'" *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl.*, 520 U.S. at 411). The "complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Here, Plaintiffs allege Harris County has an "outsourcing contract" with LaSalle to "house[] and [] provide[] healthcare to people housed in various LaSalle jails." ECF No. 1 ¶¶33, 127. Plaintiffs argue Harris County knew "LaSalle had a policy of providing inadequate healthcare" but continued to "contract[] with LaSalle to house Harris County detainees." *Id.* ¶¶149–50.

Plaintiffs' Complaint fails to adequately allege that Harris County knew of and was deliberately indifferent to any LaSalle policy of providing inadequate healthcare to detainees. None of the incidents cited by Plaintiffs are alleged to involve LCC, LCC staff, or Harris County detainees. ECF No. 1 ¶139. And the cited incidents are sporadic in both timing and location. Further, while some of the incidents may have

6

been publicized, the latest publicized incident occurred in July 2018, five years before Anderson's transfer to LCC.[2] Given the sporadic timing and location of the cited incidents as well as the lack of more current incidents, the Court cannot reasonably infer that Harris County knew LaSalle had a current or continuing policy of providing inadequate medical care when Harris County entered into the contract and sent Anderson to LCC.[3] Nor can the Court reasonably infer that Harris County was deliberately indifferent to any such policy.

Because the identified defect may feasibly be cured through amendment and no amendment has been previously granted, Plaintiffs' § 1983 claim against Harris County should be dismissed without prejudice.

### 2. Punitive Damages

The United States Supreme Court has unequivocally held that a municipality is immune from punitive damages under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Skyy v. City of Arlington*, 712 Fed.App'x. 396, 401 (5th Cir. 2017) ("When this circuit has had occasion to address the issue of punitive damages against a municipality we have faithfully applied *City of Newport*, rejecting

---

[2] Plaintiffs rely in part on *Reed v. Sw. Corr. Med. Grp., PLLC*, No. 21-CV-126, 2023 WL 11829982 (N.D. Tex. Mar. 31, 2023). However, in that case, the county was alleged to know of the medical providers' "history of being sued for constitutional violations" because "the county required every potential contactor [sic] to submit its litigation history in order to be considered for the Wichita County Jail contract." *Reed*, 2023 WL 11829982, at *3. No similar allegation is made here.

[3] The inquiry is further complicated by the Complaint's failure to allege when Harris County and LaSalle entered into the contract.

attempts to impose punitive damages for constitutional and other violations where Congress has not expressed a clear intention to do so.").

Harris County, a municipality, is not subject to punitive damages under § 1983. *See Bennett v. Litton*, No. 07-CV-0616, 2008 WL 489319, at *1 (W.D. La. Feb. 20, 2008). Therefore, Plaintiffs' punitive damages claim under § 1983 against Harris County should be dismissed with prejudice.

### D. Sheriff Gonzalez's Motion to Dismiss

Plaintiffs assert official and individual capacity § 1983 claims and a wrongful death claim against Sheriff Gonzalez. ECF No. 1 ¶¶160–173 and 181–186. Plaintiffs seek, among other things, punitive damages for the § 1983 claims. ECF No. 1 ¶¶165 and 173.

Sheriff Gonzalez moves to dismiss these claims. ECF No. 27.

### 1. Official Capacity Claim

A lawsuit against a government official in his official capacity is, in essence, a lawsuit against the government entity itself because the entity will ultimately bear any liability imposed. *See Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015); *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Thus, "[w]hen the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and courts in this Circuit have found it is appropriate to dismiss them." *Deshotels v. Vill. of Pine Prairie*, 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012) (citing *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)), *report and recommendation*

8

*adopted*, 11-CV-2052, 2012 WL 1712549 (W.D. La. May 15, 2012); *Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 539 (W.D. Tex. 2007)).

Here, the official capacity claims against Sheriff Gonzalez are redundant of the claims against Harris County. Therefore, the official capacity claims against Sheriff Gonzalez should be dismissed with prejudice.

### 2. Individual Capacity Claim

Plaintiffs allege Sheriff Gonzalez, as a "supervisor," "adopted policies that encouraged or were indifferent to the provision of inadequate medical care within LaSalle facilities." ECF No. 1 ¶168. But as with the claim against Harris County, Plaintiffs fail to adequately plead that Sheriff Gonzalez knew of and was deliberately indifferent to any current or continuing LaSalle policy of providing inadequate medical care to detainees when he contracted with LaSalle and/or sent Anderson to LCC. Accordingly, this § 1983 claim fails to establish liability.

Because the identified defect may feasibly be cured through amendment and no amendment has been previously granted, Plaintiffs' individual capacity claim against Sheriff Gonzalez should be dismissed without prejudice.

### 3. Punitive Damages Claim

Plaintiffs' punitive damages claims against Sheriff Gonzalez are premised on the § 1983 claims. Because those claims should be dismissed, the punitive damage claims should also be dismissed. The punitive damages claim premised on official capacity should be dismissed with prejudice, and the punitive damages claim premised on individual capacity should be dismissed without prejudice.

### E. Supplemental Jurisdiction Over State Law Claims

Plaintiffs have asserted state law wrongful deaths against Harris County and Sheriff Gonzalez. ECF No. 1 ¶¶181–86. When, as recommended here, all claims that confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); *see Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). Generally, state claims should be dismissed when the federal claims to which they are pendent are dismissed. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Accordingly, if Plaintiffs' § 1983 claims against Harris County and Sheriff Gonzalez are dismissed, their state law claims should also be dismissed without prejudice to their right to file suit in the appropriate state court or in this Court should they cure any pleading defect through amendment.

### III. Conclusion

Because Plaintiffs fail to state a claim against Harris County and Sheriff Gonzalez,

IT IS RECOMMENDED that Sheriff Gonzalez's and Harris County's Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim (ECF Nos. 27 & 28) be GRANTED and all Plaintiffs' claims (ECF No. 1) against Sheriff Gonzalez and Harris County be DISMISSED. The 42 U.S.C. § 1983 claim against Harris County, the individual capacity § 1983 claim against Sheriff Gonzalez, the punitive damage claim premised on Sheriff Gonzalez's individual capacity, and the state law wrongful death

claims against both Sheriff Gonzalez and Harris County should be DISMISSED WITHOUT PREJUDICE. The official capacity § 1983 claim against Sheriff Gonzalez and the remaining punitive damage claims against Harris County and Sheriff Gonzalez should be DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 19, 2026.

———————————————————
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE