## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

Nefertiti Gilbert et al.,

     Plaintiffs,

     v.

Harris County, Texas et al.,

     Defendants.

Case 1:25-cv-00421-DDD-JPM

## PLAINTIFFS' MOTION FOR ENTRY OF A HIPAA PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 16 and 45 C.F.R. § 164.512(e), Plaintiffs, through their undersigned counsel, move the Court for entry of a HIPAA-qualified protective order in this case.  A proposed order is attached hereto as **Exhibit 1**. Defendant LaSalle[1] opposes this motion.

## BACKGROUND AND INTRODUCTION

This is a *Monell* case in which Plaintiffs have alleged, and must ultimately prove, that LaSalle has a "persistent and widespread" practice of providing inadequate medical care to the persons it incarcerates. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). Proving that claim requires gathering medical records for numerous LaSalle detainees other than Jaleen Anderson, the man whose death gives rise to this case. HIPAA-qualified protective orders under 45 C.F.R. §

---

[1]    Plaintiffs have sued multiple defendants comprising LaSalle.  These are LaSalle Correctional Center LLC, LaSalle Corrections LLC, LaSalle Management Company LLC, Clay McConnell in his official capacity, and William McConnel in his official capacity.  *See* ECF 1 ¶¶ 13-19.

164.512(e) are designed for precisely this situation, where obtaining individual consent from each third party is effectively impossible. Section 164.512(e) protects third-party privacy interests through a protective order stipulating that the health information ("PHI") is kept in confidence, used only for the litigation, and returned or destroyed thereafter. The proposed order satisfies these requirements.

LaSalle opposes this request. LaSalle has reviewed the proposed order and does not dispute that it satisfies Section 512(e).  Instead, LaSalle contends that Louisiana's medical privacy laws, unlike HIPAA, do not permit alternatives to individual consent, and that although this is a Section 1983 case arising under federal law, because Plaintiffs have also asserted pendent state law claims, Louisiana's more stringent medical privilege rules govern discovery in this case.

These arguments are unavailing. It is settled law that where applying state law to discovery would frustrate adjudication of a federal claim, state law must yield to federal law. That principle is dispositive here: if Louisiana medical privacy laws (as LaSalle construes them) would effectively prevent Plaintiffs from gathering evidence necessary to adjudicate their *Monell* claim, then federal law, including HIPAA, must govern instead.  Entry of the proposed HIPAA order is required.

**DISCUSSION**

A. **Plaintiffs require a HIPAA-qualified protective order to gather *Monell* evidence in this case.**

1.  **Plaintiffs' *Monell* claims require the gathering of third-party PHI.**

This Section 1983 case arises from the death of Jaleen Anderson at a LaSalle jail. Plaintiffs allege Mr. Anderson died because his seizure condition was ignored,

2

ECF 1 ¶¶ 30–125 and they claim that his treatment reflected LaSalle's widespread practice of ignoring detainees' medical needs. *Id.* ¶¶ 126–138. The complaint identifies 12 examples of detainees subjected to inadequate care, *id.* ¶¶ 139(a)-(*l*), and it alleges LaSalle's policymakers were on notice of but indifferent to these deficiencies. *Id.* ¶¶ 140-47.

Proving a *Monell* claim, however, requires more than evidence of Mr. Anderson's mistreatment. To establish municipal liability, a practice "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of . . . employees." *Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017). This requires evidence of "sufficiently numerous prior incidents" to permit the inference of a pervasive pattern. *Id. Accord Harris v. Brown*, No. 3:21-cv-01332, 2021 WL 5822100, at *9 (W.D. La. Nov. 22, 2021) (holding plaintiff was required to show patients "besides himself suffered inadequate medical care . . . to establish a *Monell* claim").

Plaintiffs have served discovery targeting deaths from medical conditions, critical incident reports, grievances, and related records. *See* ECF 58 at 4-7 (describing scope of Plaintiffs' *Monell* discovery and identifying exhibits listing particular requests). Once relevant medical incidents are identified through this discovery, Plaintiffs intend to follow up with discovery requests for the underlying medical records reflecting that care, as well as internal communications and other

documents related to that care.  Much of this evidence will likely be treated as PHI under HIPAA.

There is no substitute for this PHI evidence.  Aggregated grievance records, incident reports, and summary statistics may corroborate Plaintiffs' *Monell* claims, but they do not replace the underlying medical records that will enable Plaintiff to offer admissible evidence at trial to demonstrate what care was or was not provided to other LaSalle detainees besides Mr. Anderson, and why.

### 2.  HIPAA orders are necessary in *Monell* cases of like this one.

The evidentiary requirements of *Monell* cases involving inadequate medical care make the entry of HIPAA orders a threshold necessity for the gathering of the relevant widespread practice evidence—a reality courts have routinely recognized. *See, e.g.*, *Reed v. Wexford Health Sources, Inc.*, No. 20-cv-01139, 2021 WL 5578076, at *2 (S.D. Ill. Oct. 19, 2021) (explaining that entry of a HIPAA-qualified protective order was called because "[t]o succeed on a [*Monell*] claim against [a prison medical provider], a [*Monell*] plaintiff is required to show systemic and gross deficiencies that have impacted others in IDOC custody, not just the plaintiff. Thus, generally speaking, third party medical information is discoverable, and Plaintiffs have shown good cause for the entry of a new [HIPAA] protective order governing the use of any third party [PHI] produced."); *Fairfield v. Waukesha Cnty.*, No. 23-cv-873, 2024 WL 1637493, at *4 (E.D. Wis. Apr. 16, 2024) (entering HIPAA order in light of *Monell* plaintiff's obligation under to "provide evidence that other inmates experienced the same unconstitutional medical care as the plaintiff." (quotation omitted; cleaned up));

*Green v. Meeks*, No. 20-CV-00463, 2021 WL 3631264, at *4 (S.D. Ill. July 14, 2021) (entering HIPAA order in light of the fact that "because Plaintiff is alleging that Craigory Green died due to the widespread customs and practices of Wexford, she is entitled to a broad and substantial amount of discovery" regarding other prisoners' medical care).   HIPAA orders are simply a necessary component of *Monell* cases where the plaintiff must prove a widespread pattern of providing inadequate medical care.

### 3.  Plaintiffs' proposed order satisfies HIPAA Section 164.512(e).

Outside litigation, HIPAA generally requires notice and consent before PHI may be disclosed. *See* 45 C.F.R. §§ 164.508; 164.510. In litigation, HIPAA permits disclosure "[i]n response to a subpoena, discovery request, or other lawful process" without notice and consent if the requesting party has obtained "a qualified protective order." 45 C.F.R. § 164.512(e)(1)(ii). A qualifying order must (a) prohibit use or disclosure of PHI for any purpose other than the lawsuit, and (b) require return or destruction of PHI at the lawsuit's conclusion. *Id.*

Plaintiffs' proposed order satisfies these requirements. It designates third-party PHI as confidential (¶ 5(b)); limits use to the present litigation (¶ 5(a)); and requires return or destruction upon conclusion of the case (¶ 7). When such an order is in place, HIPAA "unequivocally permits health care providers and other covered entities to disclose [PHI] . . . in judicial proceedings." *Sanchez v. McCray*, No. 05-cv-22171, 2008 WL 11452601, at *3 (S.D. Fla. Feb. 25, 2008). *Accord United States ex rel. Stewart v. Louisiana Clinic*, No. 99-cv-1767, 2002 WL 31819130, at *5 (E.D. La.

Dec. 12, 2002) (ordering entry of HIPAA protective order upon finding "there is good cause for entry of a protective order concerning the medical records of nonparty patients in this case"). Without the proposed order, Plaintiffs cannot gather the PHI of other LaSalle detainees necessary to support their Section 1983 *Monell* claims.

## B. Louisiana law cannot bar discovery of PHI necessary to prove Plaintiffs' federal *Monell* claims.

### 1. Federal law governs privilege in federal-question cases.

Plaintiffs do not understand LaSalle to disagree with any of the foregoing. LaSalle nevertheless opposes the entry of the proposed HIPAA order, for a different reason. LaSalle argues that Louisiana medical privacy laws do not contain a provision equivalent to Section 512(e) that replaces individual consent with a protective order imposing confidentiality obligations. And, says LaSalle, because Plaintiffs in this case have pendant claims under Louisiana state law, Louisiana's medical privacy laws will prohibit the disclosure of third-party PHI without individual consent in this case—rendering the proposed HIPAA order a nullity, even to gather evidence about Plaintiffs' Section 1983 *Monell* claim. Because of Louisiana's medical privacy laws, says LaSalle, Plaintiff will not be able to gather the PHI of other LaSalle detainees without individual consent, whether the Court enters a HIPAA-qualified protective order or not.

This argument does not withstand scrutiny. This is a federal question case, and "[f]ederal law governs privileges in an action where federal law supplies the rule of decision." *Bach v. Amedisys, Inc.*, No. 10-cv-395, 2017 WL 11768429, at *3 (M.D. La. Mar. 30, 2017). *Bach*, indeed, confronted and rejected an argument functionally

6

identical to the one LaSalle makes here. *Bach* was a federal-question class action involving claims of Medicare fraud. The PHI of class members was relevant evidence in the case. The *Bach* plaintiffs sought entry of a HIPAA-qualified protective order under Section 512(e) and the defendant opposed, arguing, as LaSalle does here, that Louisiana medical privacy laws were "more stringent" than HIPAA. *Id.* at \*1. *Bach* directly rejected an argument identical to LaSalle's. In that federal-question class action involving Medicare fraud, the defendant contended that Louisiana's medical privacy laws were "more stringent" than HIPAA and therefore controlled. *Id.* at *1*. *Bach* explained that "[w]hile a state court is 'free to enforce its more stringent medical-records privilege . . . in suits in state court to enforce state law and . . . in suits in federal court (mainly diversity suits) . . . in which state law supplies the rule of decision,' those more stringent state laws 'do not govern in federal-question suits.'" *Id.* at 3 (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004)

### 2. **The presence of pendent state claims does not change the analysis.**

LaSalle appears to be aware of *Bach* and argues, as Plaintiffs understand it, that *Bach* is inapplicable because it was a suit based *solely* on federal law, *i.e.*, there were no pendent state-law claims. That argument, however, finds no support in *Bach*. It happens that *Bach* did not involve pendent state claims. But *Bach* itself explained that the reason state-law privileges do not govern in federal-question suits was that " '[t]he enforcement of federal law might be hamstrung if state-law privileges more stringent than any federal privilege [regarding] medical records were applicable to all federal cases.' " *Id.* (quoting *Ashcroft*, 362 F.3d at 925 (bracketed word from

*Ashcroft* decision)).  Thus, noted *Bach*, "a majority of courts have concluded that HIPAA does not incorporate state statutes with stricter confidentiality provisions for the purpose of litigation in federal court when jurisdiction is based on a federal question." *Id.* (quotation omitted, collecting cases).

The reasoning behind this rule is straightforward:  " 'The Supremacy Clause of the U.S. Constitution (as well as Federal Rule of Evidence 501) prevent a State from directing a federal court with regard to the evidence it may order produced in the adjudication of a federal claim.' " *Id.* (quoting *Kalinoski v. Evans*, 377 F. Supp. 2d 136, 140-41 (D.D.C. 2005)).  The third-party PHI that Plaintiffs seek to gather *is* evidence for Plaintiffs' widespread-practice *Monell* claim.

LaSalle would have Louisiana privacy law decide for the Court what evidence Plaintiffs are able to gather for their *federal* claims, because Plaintiff has separately pleaded a pendent state law claim as well.  But that would prevent the Court from directing the gathering of evidence to adjudicate a federal claim—precisely what *Bach* holds may not be done.

*Bach* is in no way alone.  To the contrary, courts in this Circuit and across the country, the rule is the opposite.  As one court stated: "the Court has no difficulty with the general proposition that federal privilege law should trump application of state law when a particular piece of evidence is relevant to both federal and state claims." *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 625 (W.D. Tex. 2005). The Eleventh Circuit has held:

> Courts that have confronted this issue [conflict between federal and
> state laws of privilege] in the context of the discoverability of evidence

have uniformly held that the federal law of privilege governs even where the evidence sought might be relevant to a pendent state claim.

*Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992). *See also Robertson v. Neuromedical Ctr.*, 169 F.R.D. 80, 82 (M.D. La. 1996) ("But for the ADA claim, this case would not be in federal court. If only the federal claim had been brought by the plaintiff, federal privilege law would clearly apply. Under these circumstances the policy of Rule 501 should not be set aside simply because of the existence of pendent state law claims in primarily a federal question case.").

3. **State privileges are particularly disfavored in Section 1983 cases.**

This is a Section 1983 case, and as such it challenges the operation of state governmental power. The Court of Appeals has long recognized that "special danger" in permitting state governments to shield state agents with a state-defined privilege. *Carr v. Monroe Manufacturing Co.*, 431 F.2d 384, 389 (5th Cir.1970). As the Court of Appeals elaborated in *ACLU of Mississippi, Inc. v. Finch*, 638 F.2d 1336 (5th Cir. 1981), in Section 1983 cases,

> the federal interest in an independent evaluation of the claimed [state] privilege is particularly strong. The purpose of enacting [Section] 1983 was to ensure an independent federal forum for adjudication of alleged constitutional violations by state officials; and . . . there is a special danger in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.

9

638 F.2d at 1343-44 (5th Cir. 1981) (quoting *Carr*, 431 F.2d at 389).[2]  *In re Combustion, Inc.*, 161 F.R.D. 51, 53–54 (W.D. La. La. 1995) (applying *Fintch to* apply federal law across the board in case involving both federal statutes and state law claims, in part because the relevant federal statutes provided the primary basis for jurisdiction).  Plaintiffs are asserting that same Section 1983 claim here.

## CONCLUSION

The foregoing authorities dictate a single outcome here: Plaintiffs must discover the PHI of numerous other LaSalle detainees to prove their *Monell* claims. Those claims rest on Section 1983 and reflect a "particularly strong" federal interest in the vindication of constitutional rights. Federal law under 45 C.F.R. § 164.512(e) permits gathering this evidence through a qualifying protective order. Allowing Louisiana's individual-consent requirement to override HIPAA's protective-order mechanism would frustrate enforcement of federal law in violation of the Supremacy Clause and settled circuit precedent. For these reasons, this Court should enter Plaintiffs' proposed HIPAA-qualified protective order, attached hereto as Exhibit 1. For the foregoing reasons this Court should enter Plaintiff's proposed HIPAA-qualified protective order, attached hereto as **Exhibit 1**.

Date: March 20, 2026                          Respectfully submitted,

/s/ *Aaron Maples* [with consent]            /s/ *Stephen H. Weil*

---

[2]  The Louisiana medical privilege laws invoked by LaSalle are of general application, but this is of no import since they would (as interpreted by LaSalle) effectively bar systematic inquiries of medical care by private and governmental medical providers alike.

Aaron N. Maples
Brendan Connick
Maples & Connick
733 Dante Street, Suite H
New Orleans, LA 70118
Tel: 504-269-3870
aaron@maplesconnick.com
brendan@maplesconnick.com

Stephen H. Weil
Sam Harton
Colton Johnson Taylor
321 N. Clark St. STE 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

*Attorneys for Plaintiffs*

## LOCAL RULE 7.4.1 CERTIFICATE OF CONFERENCE

I am an attorney representing Plaintiffs in this matter. I certify that I conferred with counsel for the defendants to resolve the issues raised in this motion. I transmitted the proposed HIPAA order to defense counsel on multiple occasions, including in September 2025 and January 11, 2026. The parties have corresponded via email about the order on multiple occasions since then, and they have discussed the order in telephonic Rule 37 conferences. Despite these communications they have not been able to come to agreement regarding the proposed order.

/s/ *Stephen H. Weil*

One of Plaintiffs' attorneys