**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Nefertiti Gilbert *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25cv00421 |
| | ) | |
| v. | ) | Judge Dee D. Drell |
| | ) | |
| Harris County, Texas, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.      The following words and terms are defined for purposes of this Protective Order:

a)      "Parties" shall mean Jaleen Anderson, Defendants, and any additional party that this Court may subsequently recognize as subject to this qualified Protective Order and their attorneys.

b)      "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 24, and 26 U.S.C. (2002).

c)      "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002).

d)      "PHI" shall mean protected health information as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2

e) When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, including but not limited to material produced by any party pursuant to discovery, material produced by any party or non-party in this action (whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement), deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

f) "Confidential Matter" shall mean information pertaining to private financial data, personal addresses, personal telephone numbers, social security numbers, driver's license numbers, employee identification numbers, biometric identifiers, and medical files or records regarding Jaleen Anderson, Defendants, the parties' family members, witnesses, or other non-party.

g) "Non-parties" shall mean all those other than the plaintiffs or the defendants.

2. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

a) The parties shall be familiar with HIPAA and the Privacy Standards.

b) The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties and non-parties to or from other parties and non-parties.

c) Subject to the provisions of this Order, a judicial ruling is required before any Confidential Matter produced in the pretrial discovery process pursuant to this Order can be placed under "seal" when deemed admissible and used at trial or

3

otherwise filed with this Court so as to be of record. Further, as this Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge placement under "seal" of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

3.     This Protective Order shall extend to all PHI documenting the following:

a)     The physical and mental condition of Jaleen Anderson;

b)     The provision of medical care to Jaleen Anderson;

c)     All PHI regarding non-parties; and

d)     The provision of medical care to non-parties.

If, through the course of discovery, the parties determine that treatment outside of this time period or scope is relevant, they will meet and confer about discovery of additional medical or mental health records. A separate protective order and authorization shall be necessary before any other medical records may be disclosed.

4.     All PHI pertaining to Jaleen Anderson disclosed pursuant to subpoena shall be returnable to Plaintiff's counsel so that counsel can review the documents for any privileged information. Plaintiff's counsel must produce the documents and if necessary, a privilege log, within five business days after receiving the subpoenaed documents. Nothing in this Protective Order shall be construed as a waiver of Plaintiff's right to assert the psychotherapist-patient privilege.

5.     The parties will abide by the following terms and conditions:

a)     The parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

b)     The parties will store all PHI while it is in their possession according to the

Privacy Standards.

c)      The parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. However, the parties agree to serve timely notices of any subpoenas issued, as required by the Federal Rules of Civil Procedure.

6.    The parties agree that any request for PHI of an individual other than the requesting party must be made via formal discovery procedures (e.g., Rule 34 requests for production, Rule 45 subpoenas, etc.).

7.    Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Matter produced during the course of this matter shall either be returned to the producing party, or destroyed, unless the document has been offered into evidence or filed without restriction as to disclosure. If a party chooses to destroy in lieu of return, said party shall certify the same to the producing party. (Counsel may nevertheless retain work-product, including an index that refers to designated Confidential Matter, and one complete set of all documents filed with the Court, including those filed under seal.)

8.    The individual pages of each document designated as Confidential Matter shall bear the following designation (or equivalent):

**CONFIDENTIAL – DOCUMENT PRODUCED PURSUANT TO
PROTECTIVE ORDER ENTERED IN CASE NO. 19 C 7089**

or

**CONFIDENTIAL**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

9.    Before disclosing PHI documents and/or Confidential Matter to any persons involved in

5

the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any portion of stenographically or electronically recorded testimony regarding PHI and/or Confidential Matter is subject to the same restrictions as the documents themselves.

10.    To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the fact of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (e.g., social security number).

11.    By this Protective Order, the discovering party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain confidential information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant

6

to this determination is that of "good cause" under Federal Rule of Civil Procedure 26(c), with the burden on the party seeking to designate the documents as Confidential under the terms of this protective order.

12.    Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

13.    This Protective Order may be modified by further written stipulation signed by the parties and/or by further order of this Court upon application to the Court with notice.

14.    No restricted or sealed document is to be filed with the Clerk of the Court unless prior to filing, and upon a motion, a showing or good cause for why the specific document(s) should be filed under seal is established and leave of the Court to file the particular document(s) is specifically obtained.

Dated: ___3/23___, 2026

~~The Honorable Judge Dee D. Drell~~
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7