UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

**PROPOSED PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIALS**

CONSIDERING THE FOREGOING "Motion for Entry of Protective Order Concerning Confidential Materials" filed on behalf of Defendants, LaSalle Correctional Center, L.L.C., LaSalle Corrections, LLC, LaSalle Management Company, L.L.C., Clay McConnell, William McConnell, John Stuckey, Paul Smith, Richard Morehead, Mariah Dickey, Pamela Hearn, M.D., Charlotte Fussell, Shannon Brewer, Gwen Warren, and Denise Finlay (collectively "LaSalle Defendants")

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The LaSalle Defendants may designate as confidential all or any part of material produced by them in the course of discovery, including, but not limited to, initial disclosures, responses to interrogatories and requests for production of documents, deposition testimony and exhibits, or any information derived directly therefrom, provided that the material is (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, proprietary or financial information that the LaSalle Defendants designate as confidential, including, but not limited to, internal policies, procedures, training materials, and documents concerning contract negotiations; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f)

EXHIBIT A

personnel or employment records of any person, regardless of whether that person is a party to this case, or (g) any documents or materials that the LaSalle Defendants have made a good faith determination are confidential. Under no circumstances will any materials of any kind containing financial data or pertaining to the net worth or financial condition of the "LaSalle Defendants" (as fully described in Section 1A below) be disclosed by either the "LaSalle Defendants" or any of the Plaintiffs (individually or through counsel) to Defendants, Harris County, Texas or Ed Gonzales, except pursuant to Section 1A.

1A.    Financial records, statements, tax returns, profit-and-loss data, balance sheets, revenue information, compensation data, banking records, proprietary pricing, and other sensitive non-public financial information may be designated as "ATTORNEY'S EYES ONLY" ("AEO") only where the Producing Party in good faith believes that disclosure to another Party (as opposed to counsel) would create a risk of competitive, commercial, privacy, or other harm that could not be avoided by a less restrictive designation. Any Party may challenge an AEO designation of information as set forth in this protective order. The challenging Party shall provide written notice identifying the specific material challenged and the basis for the challenge. The Parties shall confer in good faith pursuant to Federal Rule of Civil Procedure 26(c) and applicable Local Rules, in an effort to resolve the dispute without Court intervention.

2.    While the designation of material as confidential does not automatically constitute an agreement by any other party as to the confidentiality of such material, all parties agree to treat such material as confidential and subject to this Order, until a determination of the confidentiality of such material is made by the Court.

3.    The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "**Confidential Subject**

EXHIBIT A

**to Protective Order**" or words to that effect. Placing such words across a page diagonally interferes with legibility. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

4. Material or information designated as confidential under this Order shall not be used or disclosed by any party, or its counsel or any person acting on its behalf, to any other persons except as provided for hereinafter, or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

5. Counsel for all parties shall not disclose or permit the disclosure of any material or information designated as confidential under this Order to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to employees of counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, "expert") employed by any party or its counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." In no event shall any disclosure be made to employees, officers, or directors of any competitors of any party, irrespective of whether they are retained as an expert for a party.

(c) Disclosure may be made to any party or witness to the extent required for the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, any

EXHIBIT A

such party or witness shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

(d)     Disclosure is permitted to any court reporters, videographers and outside translators present at a deposition, hearing or trial in this matter.

The parties further agree that Confidential Information shall be used solely for the prosecution of this litigation.

6.     Counsel for all parties shall keep all material or information designated as confidential which is received under this Order within his or her exclusive possession and control, except as provided in this document, and shall take reasonable measures to preserve the confidentiality of the materials and information subject to this Order.

7.     Any person having access to material or information designated confidential under this Order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except for copies, extracts, summaries, or descriptions furnished by counsel to consultants or experts employed by them in the preparation and trial of this litigation. Said consultants or experts shall not make copies of the confidential material or information furnished to them by counsel.

8.     Nothing in this Order shall prohibit any party from using confidential materials at a deposition, in connection with any motion, at any hearing or during the trial of this matter, and nothing in this Order shall prohibit a witness from testifying fully and accurately. The foregoing notwithstanding, if, during trial or in connection with any motion or other proceeding, any party offers into evidence or files into the record any documents, exhibits, or other materials that reveal or may tend to reveal material or information claimed to be confidential pursuant to the terms

EXHIBIT A

hereof, then such party's counsel shall so inform the court at the time of the offering or filing and shall request that the evidence be placed under seal. Likewise, if during any deposition, any witness is questioned on material or information protected by this Order, then counsel for any party may request that the court reporter place under seal any portion of the deposition transcript discussing or revealing such material or information.

9.     Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. A party who inadvertently fails to designate Confidential Information at the time of disclosure, may at any time thereafter designate Confidential Information by providing written notice to the receiving parties. The receiving party shall not be in breach of this Order for any disclosure made prior to receipt of such notice. However, if the receiving party makes a disclosure of information and is subsequently given notice that said information is Confidential, the receiving party shall notify all entities to whom it disclosed said information that it is now Confidential and shall be treated as such.

10.     After final termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

11.     Upon termination of this action by dismissal, judgment, or settlement, counsel for any party that received Confidential Information shall return the Confidential Information to the counsel for the party disclosing or producing the Confidential Information, or upon request of the disclosing party, destroy the Confidential Information and provide a certificate of destruction.

EXHIBIT A

However, the party receiving the Confidential Information may keep their attorney work product which refers or relates to any Confidential Information and one complete set of all documents filed with the Court including those filed under seal.

12.    Nothing in this Order shall prohibit any party from seeking amendments hereto, from seeking to broaden or restrict the rights of access to, or the use of, material and information designated as confidential herein, or from otherwise seeking to modify this Order.

13.    If any party disagrees with the designation of material or information as confidential and protected by this Order, such party may file a motion seeking a determination of whether that material or information should be designated as confidential. The burden of proof and production regarding the confidential nature of the material or information at issue shall rest upon the party asserting that the material or information is confidential. Until such a motion is ruled upon, the material or information designated as confidential shall be treated as confidential under the terms of this Order.

14.    The mere fact that items are listed and/or mentioned in this order is in no way an admission by the LaSalle Defendants that such items are relevant, admissible into evidence or subject to production pursuant to any mechanism permitted by the Federal Rules of Civil Procedure or any other applicable provision of law.

15.    NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER:

a.    The provisions of this order shall not apply to the Court, any of the Court's personnel, or court reporters and recorders engaged for depositions and/or hearings in this matter.

b.    This Order, standing alone, does not authorize the filing of any document under seal. Applications to the Court for any order (including orders to file documents under seal) relating to materials or other documents designated as "Confidential" shall be by motion. Nothing in this

EXHIBIT A

Order, nor any action or agreement of a party under this Order, shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

c.        Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present, or who anticipates that another party may present "Confidential" information at a hearing or trial, shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the substance of the "Confidential" information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

Alexandria, Louisiana, this __30th__ day of _____March_____, 2026.

_____
JUDGE JOSEPH H.L. PEREZ-MONTEZ

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

## PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIALS

## EXHIBIT "A" - CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he or she has read the Protective Order Concerning Confidential Materials in the above-captioned action and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms.

Date: _____

_____
Signature

_____
NAME:

TITLE:

COMPANY: