# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

## MEMORANDUM IN SUPPORT OF
## RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS
## ON BEHALF OF LASALLE CORRECTIONAL CENTER, L.L.C. AND
## LASALLE MANAGEMENT COMPANY, L.L.C.

MAY IT PLEASE THE COURT:

Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. (hereinafter "Plaintiffs") have filed suit against Defendants, LaSalle Correctional Center, L.L.C. ("LCC") and LaSalle Management Company, L.L.C. ("LMC") for claims under 42 U.S.C. § 1983 and state law for the death of Jaleen Anderson.  Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for the reasons set forth below, LCC and LMC respectfully move the Court to dismiss Plaintiffs' claims against them, with prejudice.

**TABLE OF CONTENTS**

Page

I.    BACKGROUND ...............................................................................................................1

II.   ARGUMENT.....................................................................................................................1

      A.    LEGAL STANDARD.............................................................................................2

      B.    PLAINTIFFS FAILED TO PLEAD A PLAUSIBLE 42 U.S.C. § 1983
            CLAIM....................................................................................................................4

            1.    *Monell* claims must be sufficiently pled against each separate entity.
                  ....................................................................................................................4

            2.    Plaintiffs failed to plead sufficient facts to show a policymaker
                  promulgated or ratified the alleged unconstitutional policy or
                  custom. ......................................................................................................6

            3.    Plaintiffs failed to plead sufficient facts to show the existence of an
                  unconstitutional policy or custom. .............................................................7

            4.    Plaintiffs failed to plead sufficient facts to show any alleged
                  unconstitutional policy or custom was maintained with deliberate
                  indifference. .............................................................................................10

            5.    Plaintiffs failed to plead sufficient facts to show any alleged
                  unconstitutional policy or custom was the "moving force" behind
                  any alleged injuries. ................................................................................10

            6.    Plaintiffs failed to plead sufficient facts to support a claim for failure
                  to train. ....................................................................................................11

            7.    Vicarious liability is unavailable for Plaintiffs' § 1983 claims. ................12

      C.    PLAINTIFFS FAILED TO PLEAD A PLAUSIBLE STATE LAW
            CLAIM..................................................................................................................12

      D.    PUNITIVE DAMAGES ARE UNAVAILABLE FOR PLAINTIFFS'
            STATE LAW CLAIMS..........................................................................................14

III.  CONCLUSION...............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Marshall Cty.*,
637 F. App'x 127 (5th Cir. 2016) ........................................................................................11

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) ..................................................................................................5

*Aschroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................3, 4, 7, 12

*Batiste v. Theriot*,
458 F. App'x 351, 358 (5th Cir. 2012) .................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................3

*Black Stallion Enters. v. Bay & Ocean Marine, LLC*,
09-6656, 2010 U.S. Dist. LEXIS 42607 (E.D. La. Mar. 30, 2010) ...........................................2

*City of Canton v. Harris*,
489 U.S. 378 (1989)................................................................................................................10

*Coghlan v. Wellcraft Marine Corp.*,
240 F.3d 449 (5th Cir. 2001) .................................................................................................14

*Coleman v. LaSalle Corr. Ctr.*,
08-0064, 2008 WL 2465989 (W.D. La. May 29, 2008) ............................................................4

*Connick v. Thompson*,
563 U.S. 51 (2011)..................................................................................................................11

*Descant v. CTCI Ams., Inc.*,
25-40112, 2025 U.S. App. LEXIS 29219 (5th Cir. Nov. 6, 2025) ............................................3

*Domino v. Tex. Dep't of Criminal Justice*,
239 F.3d 752 (5th Cir. 2001) .................................................................................................10

*Edwards v. City of Balch Springs, Texas*,
70 F.4th 302 (5th Cir. 2023) ....................................................................................................7

*Fletcher v. Whittington*,
18-1153, 2022 U.S. Dist. LEXIS 151493 (W.D. La. Aug. 23, 2022)......................................13

*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ..................................................................................................10

*Garza v. Escobar*,
  972 F.3d 721 (5th Cir. 2020) .....................................................................................................2

*Groden v. City of Dallas, Tex.*,
  826 F.3d 280 (5th Cir. 2016) .....................................................................................................6

*In re Combustion, Inc.*,
  960 F. Supp. 1056 (W.D. La. 1997)..........................................................................................14

*James v. Harris Cnty.*,
  508 F. Supp. 2d 535 (S.D. Tex. 2007) ......................................................................................11

*Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*,
  379 F.3d 293 (5th Cir. 2004) ....................................................................................................11

*Johnson v. Moore*,
  958 F.2d 92 (5th Cir. 1992) .....................................................................................................4, 8

*Martinez v. City of N. Richland Hills*,
  846 F. App'x 238 (5th Cir. 2021) .............................................................................................5, 6

*Martinez v. Nueces Cty.*,
  71 F.4th 385 (5th Cir. 2023) ........................................................................................8, 9, 10, 11

*McGee v. Arkel Int'l, LLC*,
  671 F.3d 539 (5th Cir. 2012) ....................................................................................................14

*Meade v. ETOH Monitoring, L.L.C.*,
  21-30620, 2025 U.S. App. LEXIS 11153 (5th Cir. May 6, 2025)............................................3

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978)....................................................................................................................2

*Nagle v. Gusman*,
  61 F. Supp. 3d 609 (E.D. La. 2014)..........................................................................................13

*Nunez v. Pinnacle Homes, L.L.C.*,
  180 So. 3d 285 (La. 2015) ..........................................................................................................5

*Oklahoma City v. Tuttle*,
  471 U.S. 808 (1985)..................................................................................................................12

*Oliver v. Scott*,
  276 F.3d 736 (5th Cir. 2002) ....................................................................................................12

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986)...........................................................................................10

*Peña v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018) ..............................................................................6

*Peterson v. City of Fort Worth, Tex.*,
   588 F.3d 838 (5th Cir. 2009) ............................................................................11

*Pioneer Rx LLC v. Roman Health Ventures Inc.*,
   23-00902, 2024 WL 4417358 (W.D. La. Oct. 4, 2024)........................................3

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ...........................................................................4, 7

*Riggins v. Walter*,
   279 F.3d 422 (7th Cir. 1995) ..............................................................................2

*Roberts v. Benoit*,
   605 So. 2d 1032 (La. 1992) ...............................................................................13

*Roberts v. City of Shreveport*,
   397 F.3d 287 (5th Cir. 2005) .............................................................................12

*Ross v. Conoco, Inc.*,
   828 So. 2d 546 (La. 2002) .................................................................................14

*Saenz v. City of El Paso*,
   637 F. App'x 828 (5th Cir. 2016) ........................................................................9

*Smith v. Prator*,
   21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022)...................13

*Walker v. Whittington*,
   25-0258, 2025 U.S. Dist. LEXIS 166138 (W.D. La. Aug. 25, 2025)..................15

**Statutes**

42 U.S.C. § 1983...............................................................1, 2, 4, 5, 8, 10, 11, 12, 13

La. Civ. Code Article 2315...................................................................................13

La. Civ. Code Ann. Article 3543..........................................................................14

La. Civ. Code Article 3546...................................................................................14

**Other Authorities**

Federal Rule of Civil Procedure Rule 8(a) ..........................................................3, 12

Federal Rule of Civil Procedure Rule 12(b)(6)............................................................................3, 4

Federal Rule of Civil Procedure 12(c) ....................................................................................2, 3

## I.    BACKGROUND

This civil rights lawsuit arises out of the April 3, 2024, in-custody death of Jaleen Anderson.[1] At the time of his death, Mr. Anderson was a Harris County, Texas pretrial detainee incarcerated at LaSalle Correctional Center in Olla, Louisiana.[2] Plaintiffs allege that while detained at the facility, Mr. Anderson experienced a series of seizures beginning on the morning of April 2, 2024, and concluding on the evening of April 3, 2024, at which point Mr. Anderson was transported to Hardtner Medical Center, in Olla Louisiana.[3] Mr. Anderson was pronounced dead at Hardtner Medical Center at 8:59 p.m. on April 3, 2025.

Plaintiffs allege that the Defendants, including LCC and LMC, violated Mr. Anderson's constitutional rights and wrongfully caused his death. They seek to recover damages from the Defendants pursuant to 42 U.S.C. §1983 and applicable state law. Plaintiffs allege that LCC "owns and operates the LaSalle Correctional Center in Olla, Louisiana;"[4] and that LMC is "responsible for the operations and employees at various LaSalle facilities," including the facility in Olla.[5] The Complaint refers to each of the three LaSalle-branded Entities, collectively, as "LaSalle."[6] Plaintiffs seek to recover "actual damages, punitive damages, costs, attorneys' fees, disbursement, and any other and further relief as this Court deems just and equitable."[7]

## II.    ARGUMENT

Plaintiffs' claims against LCC and LMC should be dismissed. Plaintiffs failed to plead sufficient factual allegations to raise their right to relief above a speculative level. Plaintiffs failed to sufficiently plead the requisite elements of a *Monell* claim—the only potential source of liability

---

[1] *See* Doc. 1 (Complaint).
[2] *Id.* at p. 3.
[3] *Id.* at p. 19.
[4] *Id.* at ¶ 13.
[5] *Id.* at ¶ 15.
[6] *Id.* at ¶ 16.
[7] *Id.* at p. 33.

under § 1983 against either LCC or LMC. Plaintiffs' state law wrongful death claims are conclusory and implausible. Moreover, Plaintiffs' claims for punitive damages must be dismissed to the extent they are sought for violations of state law.

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed—but early enough not to delay trial. Fed. R. Civ. P. 12(c). If there is no counterclaim, no crossclaim, no third-party complaint, and no outstanding court order for a reply, the pleadings close upon a defendant's filing of an answer. *Black Stallion Enters. v. Bay & Ocean Marine, LLC*, Nos. 09-4504, 09-6656, 2010 U.S. Dist. LEXIS 42607, at *8 (E.D. La. Mar. 30, 2010). There is no clear cutoff date before which a party must file a Rule 12(c) motion, as long as the motion does not delay trial. Other Federal Circuit Courts have held that a Rule 12(c) motion could be filed even after the dispositive motion deadline in certain circumstances. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995). In this matter, LCC and LMC have answered Plaintiffs' Complaint.[8] There is currently no trial date set. The pretrial conference is set for February 18, 2027,[9] and the dispositive motion deadline is October 14, 2026.[10] This Rule 12(c) motion is timely because the pleadings are closed and its adjudication will not delay trial.

When a plaintiff fails to sufficiently plead a civil rights action under § 1983, a Rule 12(c) motion may be used to dismiss those claims. *See e.g., Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). "[T]o survive dismissal under Rule 12(c), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Descant v. CTCI*

---

[8] *See* Doc. 42.
[9] Doc. 38.
[10] Doc. 39.

*Ams., Inc.*, 25-40112, 2025 U.S. App. LEXIS 29219, at *8-9 (5th Cir. Nov. 6, 2025) (internal quotations omitted).

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Meade v. ETOH Monitoring, L.L.C.*, 21-30620, 2025 U.S. App. LEXIS 11153, at *4 (5th Cir. May 6, 2025). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal courts evaluate the sufficiency of a party's complaint by applying the "plausibility" standard as set forth in the Supreme Court's decision in *Twombly*, and its progeny. *See e.g., Pioneer Rx LLC v. Roman Health Ventures Inc.*, 23-00902, 2024 U.S. Dist. LEXIS 182132, at *4  (W.D. La. Oct. 4, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Under the plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint that simply contains labels, conclusions, and a "formulaic recitation of the elements" is insufficient to sustain a plaintiff's cause of action in light of the pleading standards under Federal Rule of Civil Procedure 8(a)(2). *Id.* at 4-5 (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In evaluating the sufficiency of a plaintiff's complaint under the *Twombly* and *Iqbal* standards, a court must accept all allegations in the complaint as true; however, the court does not have to accept legal conclusions as facts. *Id.* at 5. In considering a motion to dismiss under Rule 12(b)(6), the court is only obligated to allow those complaints that are facially plausible. *Id.* If the

3

complaint does not satisfy this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *Id.*

**B.  Plaintiffs failed to plead a plausible 42 U.S.C. § 1983 claim.**

Plaintiffs' claims against LCC and LMC under 42 U.S.C. § 1983 should be dismissed because Plaintiffs failed to plead sufficient facts to support a claim for *Monell* liability. Since Plaintiffs seek to hold LCC and LMC liable for unconstitutional actions pursuant to an official policy or custom, Plaintiffs' claims are brought on a theory of *Monell* liability. *See e.g., Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)); *see also Coleman v. LaSalle Corr. Ctr.*, 08-0064, 2008 WL 2465989, at *4 (W.D. La. May 29, 2008), *adopted by*, No. 08-0064, 2008 U.S. Dist. LEXIS 122581 (W.D. La. June 18, 2008) ("the test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability").

A § 1983 claim under *Monell* requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell,* 436 U.S. at 694). Plaintiffs' *Monell* claims do not state a plausible claim for relief under any requisite element. The mere recitation of the elements of a *Monell* claim is insufficient to establish a defendant's liability. *See Iqbal*, 556 U.S. at 678.

1.  *Monell* claims must be sufficiently pled against each separate entity.

Plaintiffs' practice of making collective allegations against a group of separate entities is insufficient to allege a *Monell* liability claim. Plaintiffs improperly lump LCC, LMC, and LaSalle Corrections, LLC—three separate limited liability companies—under the term "LaSalle" and ask

the Court to consider the group as one entity for purposes of *Monell* liability.[11] Plaintiffs have engaged in "group pleading" – a form of pleading where wrongdoing is alleged against a group of entities in an attempt to impute the alleged acts of one entity to the others. *See Armstrong v. Ashley*, 60 F.4th 262, 274–75 (5th Cir. 2023). Group pleading claims may be dismissed as insufficiently pled because § 1983 actions require individual allegations against each separate defendant to establish liability. *See id.* A "theory of collective responsibility" cannot withstand a motion to dismiss. *Martinez v. City of N. Richland Hills,* 846 F. App'x 238, 243 (5th Cir. 2021) (citation omitted).

Before grouping the distinct entities under the banner "LaSalle," Plaintiffs make sparse allegations regarding the involvement of either LCC or LMC in the underlying factual events of this case.[12] LCC is alleged to "own[] and operate[] the LaSalle Correctional Center in Olla, Louisiana,[13] and Plaintiffs allege LMC "is a private entity responsible for the operations and employees at various LaSalle facilities," including the jail in Olla, Louisiana.[14] Those are the only individualized factual allegations made against LCC or LMC in the entirety of Plaintiffs' Complaint.[15]

Plaintiffs do not explain, or even allege, any purported relationship or hierarchy among the different entities. Nor do Plaintiffs support their allegation that both of these separate entities are somehow responsible for operating LaSalle Correctional Center at the same time.[16] In an attempt

---

[11] *See* Doc. 1, ¶ 16. Plaintiffs' improper grouping of separate business entities to establish liability conflicts with Louisiana's strong public policy for limitation of liability for L.L.C. business entities. Louisiana "supports limited liability as a general rule within L.L.C. business entities … and a court may not substitute its social and economic beliefs for the judgment of the Louisiana Legislature." *See Nunez v. Pinnacle Homes, L.L.C.*, 180 So. 3d 285, 292 (La. 2015).

[12] Doc. 1, ¶¶ 13-15.

[13] *Id.* at ¶ 13.

[14] *Id.* at ¶ 15.

[15] *See id.*

[16] *Id.* at ¶¶ 13-15.

5

to bolster their ill-supported claims, Plaintiffs have improperly grouped LCC and LMC under the title "LaSalle," to which they also attribute the alleged actions of additional, non-defendant entities.[17] Plaintiffs cannot hide the paucity of factual allegations against the named Defendants behind a "theory of collective responsibility." *Martinez*, 846 F. App'x at 243.

### 2. Plaintiffs failed to plead sufficient facts to show a policymaker promulgated or ratified the alleged unconstitutional policy or custom.

As an element of their *Monell* claim, Plaintiffs are required "to plead facts—facts which establish that the challenged policy was promulgated or ratified by [a] policymaker[s]." *See Groden v. City of Dallas, Tex.*, 826 F.3d 280, 285 (5th Cir. 2016). Plaintiffs identify multiple potential "policymakers," but they do not allege any facts that would show any of those "policymakers" promulgated or ratified an unconstitutional custom. Plaintiffs failed to sufficiently plead this element of their *Monell* claim. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 622–23 (5th Cir. 2018) ("complaint invite[d] no more than speculation that any particular policymaker … knew about the alleged custom").

Plaintiffs allege that William and Clay McConnell "exercise ultimate control over and policymaking authority regarding LaSalle's policies and practices."[18] Further, Plaintiffs allege that the McConnells are "aware of" and "knew about" the alleged unconstitutional policies.[19] However, Plaintiffs do not plead any actual facts that would support these conclusory allegations. Simply naming "the entity and the person in charge of the entity" is insufficient to support this element of a *Monell* claim. *Martinez*, 846 F. App'x at 247; *see also Peña*, 879 F.3d at 623 n.15 (noting "utter failure to allege facts connecting this floating custom to any particular policymaker").

---

[17] *See* Section II(B)(3), *infra*.
[18] Doc. 1, ¶ 19.
[19] *Id.* at ¶¶ 143-46.

6

In addition to William and Clay McConnell, Plaintiffs allege that Warden John Stuckey and Dr. Pamela Hearn were "supervisors of one or more persons who violated Mr. Anderson's rights."[20] Plaintiffs allege Warden Stuckey and Dr. Hearn "adopted" unconstitutional policies.[21] However, Plaintiffs make no factual allegations to support a plausible claim that Warden Stuckey or Dr. Hearn "promulgated or ratified" the alleged unconstitutional custom. Plaintiffs' conclusory allegations are wholly insufficient to support their claim. *See Iqbal*, 556 U.S. at 678.

### 3. Plaintiffs failed to plead sufficient facts to show the existence of an unconstitutional policy or custom.

"The Supreme Court has held that 'recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has *officially sanctioned or ordered.*'" *Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 308 (5th Cir. 2023) (emphasis in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified" by Plaintiffs. *Piotrowski*, 237 F.3d at 579. To find that an entity such as LCC or LMC maintained an unconstitutional policy under the theory of *Monell* liability, there are two ways to define an "official policy":

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

---

[20] Doc. 1, ¶ 167.
[21] *Id.* at ¶¶ 168-70.

*Johnson*, 958 F.2d at 94 (citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985)).

Plaintiffs failed to identify any policy statement, ordinance, regulation, or decision that was officially adopted and promulgated by one with policy-making authority pursuant to which Mr. Anderson's constitutional rights were violated.[22] Instead, Plaintiffs allege a "de facto policy" of indifference existed at the facility,[23] and that there was a custom of providing inadequate medical care to detainees.[24] To support their claim that the "*Monell* Defendants" had a custom of providing inadequate medical care at the facility, Plaintiffs list a number of cases in which allegations were brought against an undefined group of "LaSalle jails."[25] However, merely listing "lawsuits, allegations, and investigations" into various separate affiliated entities is "not enough" to sufficiently plead a *Monell* claim. *See Martinez v. Nueces Cty.*, 71 F.4th 385, 391 (5th Cir. 2023).

Although a plaintiff suing under § 1983 may sufficiently plead a claim for *Monell* liability by listing examples of "sufficiently numerous," prior incidents that occurred for so long or so frequently to establish an accepted practice, those examples must actually involve the facility where the alleged injury occurred. *See id*. In the recent *Martinez* decision, the Fifth Circuit affirmed a district court's dismissal of § 1983 claims against a "nationwide company that operates in jails" in part because plaintiff "[did] not allege a single instance of medical negligence (aside from his own) that occurred" at the subject facility. *Id.* To survive a motion to dismiss, Plaintiffs needed to plead sufficient facts that would show a policy of deliberate indifference that was the moving force of the alleged constitutional violation that existed at LaSalle Correctional Center in Olla, Louisiana. *See id.* at 392. Plaintiffs failed to do so.

---

[22] *See* Doc. 1.
[23] *Id.* at ¶¶ 135-36.
[24] *Id.* at ¶ 160.
[25] *See id.* at ¶ 139(a)-(l).

Plaintiffs rely on twelve other alleged incidents that they suggest are "examples" of "LaSalle policies in practice."[26] Those "examples" cannot possibly establish an unconstitutional custom at LaSalle Correctional Center (the facility where the alleged events giving rise to this lawsuit occurred) because: (1) *none* of the incidents that Plaintiffs' Complaint references are alleged to have occurred at LaSalle Correctional Center and (2) Plaintiffs fail to allege how, whether, and to what extent LCC or LMC—*or any LaSalle-branded entity that Plaintiffs have named in this suit*—were *involved* in any of the alleged incidents that Plaintiffs suggest establish a "custom" attributable to these defendants. It "is not enough" to simply describe other lawsuits and allegations related to other facilities. *See id.* at 391.

Even if all twelve of Plaintiffs' "examples" were somehow attributable to a custom at LaSalle Correctional Center (which is denied), those examples are not "sufficiently numerous" to establish a "widespread custom" of unconstitutional conduct required to establish *Monell* liability. Plaintiffs only allege a specific date for seven of their "examples," which are alleged to have occurred between 2013 and 2019. An allegation of about one incident per year is insufficient to establish a pattern capable of constituting a policy. *See Saenz v. City of El Paso*, 637 F. App'x 828, 832 (5th Cir. 2016) (holding that twenty-one previous incidents over nineteen years, without further context, is insufficient to represent a custom). "The bar to survive a motion to dismiss is low, but not that low." *See Martinez*, 71 F.4th at 390. On the face of Plaintiffs' allegations, it is not plausible that a policy, as distinguished from an alleged isolated act, was responsible for what happened. *See id.* Other incidents at other facilities involving other entities are insufficient to show a policy or custom by LCC or LMC. *See id.* at 391.

---

[26] Doc. 1, ¶ 139.

4.      Plaintiffs failed to plead sufficient facts to show any alleged unconstitutional policy or custom was maintained with deliberate indifference.

Plaintiffs mostly complain of the actions of individual officers and medical staff. No plausible facts show an intentional choice that a policy was adopted with deliberate indifference to the known or obvious fact that a specific constitutional violation would follow. *See Pembaur*, 475 U.S. at 483 (holding that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made by a policymaker). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiffs cannot establish a policy or custom of deliberate indifference based on a single incident alleged to occur at LaSalle Correctional Center. *See Batiste v. Theriot*, 458 F. App'x 351, 358 (5th Cir. 2012) (policy may not be inferred merely because harm resulted from interaction with governmental entity) (per curiam). It is insufficient to merely allege the company "prioritizes profit over quality medical care." *Martinez*, 71 F.4th at 391. Such conclusory allegations are insufficient. *Id.* at 392.

5.      Plaintiffs failed to plead sufficient facts to show any alleged unconstitutional policy or custom was the "moving force" behind any alleged injuries.

Plaintiffs also failed to plead sufficient factual allegations in support of the "moving force" element of their *Monell* claim. Liability under § 1983 requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (causal "connection must be more than a mere 'but for' coupling").

Causation requires (1) a policy or custom that violated federal law or authorized or directed the deprivation of federal rights, or (2) that a policy or custom was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences.

10

*Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). Again, "deliberate indifference is a stringent test." *James v. Harris Cnty.*, 508 F. Supp. 2d 535, 541 (S.D. Tex. 2007) (quoting *Piotrowski*, 237 F.3d at 579). A municipality is not deliberately indifferent "merely through negligence, even if that negligence is gross." *Id*. Plaintiffs failed to plead sufficient facts to show LCC or LMC acted with deliberate indifference, so Plaintiffs cannot show any alleged unconstitutional custom was the "moving force" behind any alleged injuries. "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Martinez*, 71 F.4th at 390 n.6 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)).

6.    <u>Plaintiffs failed to plead sufficient facts to support a claim for failure to train.</u>

Plaintiffs' allegations are insufficient to support a claim for failure to train. Plaintiffs allege the guards and staff within "LaSalle jails" are "under-trained and are not trained regarding their obligations with respect to medical care."[27] To successfully plead a claim for failure to train, Plaintiffs must plead a pattern of similar constitutional violations by untrained employees. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted). "Even within the difficult world of *Monell* liability, failure-to-train claims are especially difficult to establish." *Anderson v. Marshall Cty.*, 637 F. App'x 127, 134 (5th Cir. 2016).

As set forth above, Plaintiffs failed to plead sufficient similar incidents occurring at LaSalle Correctional Center or that involve either LCC or LMC to establish a pattern constituting "a custom that fairly represents [a] policy" of any of those entities. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009). Although under certain circumstances, § 1983 liability can attach for a single decision not to train an individual, "[the Fifth Circuit], in conformity with

---

[27] Doc. 1, ¶ 133.

11

the Supreme Court's jurisprudence, has been highly reluctant to permit this exception to swallow the rule that forbids mere respondeat superior liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Plaintiffs' bare, unsupported allegations of deficient training are insufficient to establish a claim for failure to train under § 1983.

       7.      <u>Vicarious liability is unavailable for Plaintiffs' § 1983 claims.</u>

Plaintiffs' § 1983 claims against LCC and LMC are all based on the alleged acts of employees.[28] However, there is no vicarious liability under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiffs' § 1983 claims against LCC and LMC should be dismissed because they seek to hold those entities vicariously liable for alleged actions of employees.

**C.      Plaintiffs failed to plead a plausible state law claim.**

Plaintiffs have not sufficiently pled a state law claim against LCC or LMC. Plaintiffs allege the Court has jurisdiction over their "state law claims," but they never actually allege which state law claims they are bringing.[29] Plaintiffs do allege that they are seeking to "recover damages sounding in wrongful death."[30] Plaintiffs also conclude that "Mr. Anderson died by the fault of the defendants."[31] However, a complaint that simply concludes the defendant was at fault without further factual support does not sufficiently state a claim for relief. *See Iqbal*, 556 U.S. at 678 (Rule 8(a) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."). Regardless of which state law claims Plaintiffs are bringing, Plaintiffs failed to support those claims with the requisite factual support to survive the pleadings stage.

---

[28] *See* Doc. 1.
[29] *See Id.* at ¶ 2.
[30] *Id.* at ¶¶ 5-8.
[31] *Id.* at ¶ 182.

In § 1983 cases where inadequate medical care is alleged under both federal and state law, Louisiana Courts apply Louisiana Civil Code article 2315 and the duty-risk analysis in determining whether to impose tort liability on defendants. *See e.g., Fletcher v. Whittington*, 18-1153, 2022 U.S. Dist. LEXIS 151493, at *31 (W.D. La. Aug. 23, 2022). Under that analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992).

Plaintiffs failed to sufficiently plead the requisite elements of their state law claims against LCC or LMC. Instead, Plaintiffs make threadbare, conclusory allegations against a group of defendants they label as "LaSalle."[32] Failure to establish even one of the requisite elements is fatal to Plaintiffs' claim. *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014). "Like the Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific defendant." *Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS 179384, at *13 (W.D. La. Sep. 30, 2022). "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Id.* Complaints that "combine the standards for each separate cause of action and lumps allegations together without any specific factual bases" must be dismissed. *Id.* at *14.

---

[32] Doc. 1, p. 6.

13

**D.      Punitive damages are unavailable for Plaintiffs' state law claims.**

Punitive damages are not permitted for Plaintiffs' state law claims. In a federal question action where the federal court is exercising supplemental jurisdiction over state law claims, the federal court applies the choice of law rules of the forum state. *In re Combustion, Inc.*, 960 F. Supp. 1056, 1059 (W.D. La. 1997) (citations omitted); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452, n.2 (5th Cir. 2001). For wrongful death claims, Louisiana choice of law rules provide for the application of the laws of the jurisdiction where the alleged injurious conduct and alleged injury occurred, if both occurred in the same jurisdiction. *See McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 543 (5th Cir. 2012); La. Civ. Code Ann. art. 3543. The alleged injurious conduct and the alleged injury occurred in Louisiana, so Louisiana law applies.

In Louisiana, there is a general public policy against punitive damages. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). A fundamental tenet of Louisiana law is that punitive or other penalty damages are not available unless expressly authorized by statute. *Id.* Further, Louisiana has a specific civil code article governing the availability of punitive damages. *See* La. Civ. Code art. 3546. That article provides that punitive damages may not be awarded unless authorized either:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code Ann. art. 3546. Again, the alleged injurious conduct and the alleged injury occurred in Louisiana. Punitive damages are not available for Plaintiffs' state law claims. "Since Plaintiffs have failed to identify a Louisiana statutory provision that authorizes a punitive damages award for their state law claims, they are not permitted to recover punitive damages against any of the

14

[Defendants] for this state law claim as a matter of law." *Walker v. Whittington*, 25-0258, 2025 U.S. Dist. LEXIS 166138, at *23 (W.D. La. Aug. 25, 2025).

## III.    CONCLUSION

Plaintiffs failed to sufficiently plead a plausible claim for relief against LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C. All claims against those Defendants should be dismissed, with prejudice.

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE
CORRECTIONAL CENTER, L.L.C. AND
LASALLE MANAGEMENT COMPANY,
L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on April 10, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE

15