## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

## MEMORANDUM IN SUPPORT OF
## RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS
## ON BEHALF OF WILLIAM McCONNELL AND CLAY McCONNELL

MAY IT PLEASE THE COURT:

Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. (hereinafter "Plaintiffs") have filed suit against Defendants, William McConnell and Clay McConnell (hereinafter the "McConnell Defendants") in their individual and official capacity under 42 U.S.C. § 1983 and state law for the death of Jaleen Anderson. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for the reasons set forth below, the McConnell Defendants respectfully move the Court to dismiss Plaintiffs' claims against them, with prejudice.

## TABLE OF CONTENTS

**Page**

I.     BACKGROUND ......................................................................................................... 1

       A.     Factual Allegations. ........................................................................................ 1

       B.     Specific allegations against the McConnell Defendants....................................... 1

II.    ARGUMENT................................................................................................................ 2

       A.     Legal Standard. ............................................................................................... 3

       B.     Plaintiffs have failed to plead specific factual allegations that would
              subject the McConnell Defendants to personal liability as alleged owners............ 5

              1.     Plaintiffs failed to sufficiently plead the McConnell Defendants
                     engaged in fraud or breached a professional duty. .................................... 7

              2.     Plaintiffs failed to sufficiently plead the McConnell Defendants
                     committed a negligent or wrongful act. ...................................................... 8

       C.     Plaintiffs have failed to state a valid claim for relief against the McConnell
              Defendants under 42 U.S.C. 1983. ......................................................................... 9

              1.     Plaintiffs' "official capacity" claims against the McConnell
                     Defendants are duplicative and must be dismissed.................................... 9

              2.     Plaintiffs' "individual capacity" claims against the McConnell
                     Defendants must also be dismissed........................................................... 11

       D.     Plaintiffs failed to plead a plausible state law claim against the McConnell
              Defendants. ........................................................................................................ 14

       E.     Punitive damages are not available for Plaintiffs' state law claims...................... 16

III.   CONCLUSION............................................................................................................ 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraugh v. Altimus*,
No. 20-252, 2023 U.S. Dist. LEXIS 163953 (W.D. La. Sep. 14, 2023)...................................12

*Alderson v. Concordia Par. Corr. Facility*,
848 F.3d 415 (5th Cir. 2017) ...............................................................................................14

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) ................................................................................................13

*Aschroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................................4

*Baker v. Putnal*,
75 F.3d 190 (5th Cir. 1996) .................................................................................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................4

*Black Stallion Enters. v. Bay & Ocean Marine, LLC*,
Nos. 09-4504, 09-6656, 2010 U.S. Dist. LEXIS 42607 (E.D. La. Mar. 30,
2010) .....................................................................................................................................3

*Coghlan v. Wellcraft Marine Corp.*,
240 F.3d 449 (5th Cir. 2001) ...............................................................................................16

*Damond v. City of Rayville*,
127 F.4th 935 (5th Cir. 2025) ..............................................................................................16

*Descant v. CTCI Ams., Inc.*,
No. 25-40112, 2025 U.S. App. LEXIS 29219 (5th Cir. Nov. 6, 2025) ....................................3

*Fletcher v. Whittington*,
No. 18-1153, 2022 U.S. Dist. LEXIS 151493 (W.D. La. Aug. 23, 2022)...................12, 13, 15

*Garza v. Escobar*,
972 F.3d 721 (5th Cir. 2020) .................................................................................................4

*Gobert v. Caldwell*,
463 F.3d 339 (5th Cir. 2006) ...............................................................................................14

*Goodman v. Harris County*,
571 F.3d 388 (5th Cir. 2009)...............................................................................................10

*Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regul. Servs.*,
  380 F.3d 872 (5th Cir. 2004) ....................................................................................14

*Hollowell v. Orleans Regional Hosp. LLC*,
  217 F.3d 379 (5th Cir. 2000) ......................................................................................5

*In re Combustion, Inc.*,
  960 F. Supp. 1056 (W.D. La. 1997)...........................................................................16

*Kentucky v. Graham*,
  473 U.S. 159 (1985)...................................................................................................10

*Lentworth v. Potter*,
  255 F. App'x 903 (5th Cir. 2007) ..............................................................................12

*McGee v. Arkel Int'l, LLC*,
  671 F.3d 539 (5th Cir. 2012) .....................................................................................16

*Meade v. ETOH Monitoring, L.L.C.*,
  No. 21-30620, 2025 U.S. App. LEXIS 11153 (5th Cir. May 6, 2025).......................4

*Monell v. New York City Dept. of Social Services*,
  436 U.S. 658 (1978)...............................................................................................9, 10

*Mouille v. City of Live Oak*,
  977 F.2d 924 (5th Cir. 1992) .....................................................................................12

*Nunez v. Pinnacle Homes, L.L.C.*,
  180 So. 3d 285 (La. 2015) .......................................................................................7, 8

*Ogea v. Merritt*,
  130 So. 3d 888 (La. 2013) .......................................................................................7, 8

*Peña v. City of Rio Grande City*,
  879 F.3d 613 (5th Cir. 2018) .....................................................................................13

*Pioneer Rx LLC v. Roman Health Ventures Inc.*,
  No. 23-00902, 2024 WL 4417358 (W.D. La. Oct. 4, 2024)........................................4

*Reed v. Wichita Cty. (Estate of Henson)*,
  795 F.3d 456 (5th Cir. 2015) .....................................................................................11

*Riggins v. Walter*,
  279 F.3d 422 (7th Cir. 1995) .......................................................................................3

*Roberts v. Benoit*,
  605 So. 2d 1032 (La. 1992) .......................................................................................15

*Roe v. Johnson Cnty., Tex.*,
  No. 3:18-cv-2497, 2019 WL 5031357 (N.D. Tex. July 29, 2019)............................................11

*Romero v. Brown*,
  937 F.3d 514 (5th Cir. 2019) ....................................................................................................12

*Ross v. Conoco, Inc.*,
  828 So. 2d 546 (La. 2002) ...................................................................................................16, 17

*Smith v. Prator*,
  No. 21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022)................................16

*Soriano v. Gulf Coast Lift, LLC*,
  No. 12-2744, 2014 U.S. Dist. LEXIS 31338 (E.D. La. Mar. 11, 2014) ....................................5

*Walker v. Whittington*,
  No. 25-0258, 2025 U.S. Dist. LEXIS 166138 (W.D. La. Aug. 25, 2025)................................17

*Wilson v. Two SD, LLC*,
  186 So. 3d 103 (La. App. 1 Cir. 2015) ......................................................................................8

**Statutes**

42 U.S.C. § 1983........................................................................................................ *passim*

La. Stat. Ann. § 12:1 .................................................................................................................8

La. Stat. Ann. § 12:1301(A).......................................................................................................6

La. Stat. Ann. § 12:1320 ...............................................................................................6, 7, 8, 9

La. Civ. Code art. 2315.............................................................................................................15

La. Civ. Code Ann. art. 3543....................................................................................................16

La. Civ. Code art. 3546.............................................................................................................17

**Other Authorities**

Fed. R. Civ. Proc. 8....................................................................................................................4

Fed. R. Civ. Proc. 12(b)(6) .....................................................................................................4, 5

Fed. R. Civ. Proc. 12(c) .........................................................................................................3, 4

## I.    BACKGROUND

### A.    Factual Allegations.

This lawsuit arises from the death of Jaleen Anderson ("Mr. Anderson"). According to the allegations made in Plaintiffs' Complaint, Mr. Anderson was arrested in Texas for  possession of an illegal substance and transported to the Harris County, Texas jail for detention on March 3, 2024.[1] Plaintiffs allege that on March 22, 2024, Mr. Anderson was transferred from the Harris County jail to LaSalle Correctional Center in Olla, Louisiana to await adjudication of his illegal possession charge.[2] Plaintiffs further allege that while detained at the facility, Mr. Anderson experienced a series of seizures beginning on the morning of April 2, 2024, and concluding on the evening of April 3, 2024, at which point Mr. Anderson was transported to Hardtner Medical Center, in Olla.[3] Mr. Anderson was pronounced dead at Hardtner Medical Center at 8:59 p.m. on April 3, 2025.

### B.    Specific allegations against the McConnell Defendants.

Plaintiffs' Complaint contains four causes of action against the sixteen (16) named defendants. Plaintiffs allege two, possibly three, of those causes of action against the McConnell Defendants. Cause of Action I is brought against the "*Monell* Defendants," who Plaintiffs define as "LaSalle Correctional Center L.L.C., LaSalle Corrections, L.L.C., LaSalle Management Company, L.L.C., Harris County, and the individual defendants in their official capacities."[4] It is unclear if Cause of Action I is brought specifically against the McConnell Defendants as Plaintiffs have categorized the McConnell Defendants as "corporate defendants" but then omitted the McConnell Defendants from their definition of "individual defendants."[5]

---

[1] Doc. 1, p. 8.
[2] *Id.*
[3] *Id.* at p. 19.
[4] *Id.* at p. 29-30.
[5] *Id.* pp. 6-7.

Cause of Action II is specifically alleged against the McConnell Defendants and the "Supervisor Defendants."[6] Cause of Action III is not alleged against the McConnell Defendants.[7] Cause of Action IV is brought against all Defendants for the wrongful death of Jaleen Anderson.[8]

Apart from naming the McConnell Defendants as parties in this lawsuit and categorizing them as belonging to specific groups of defendants, Plaintiffs allege that the McConnell Defendants are the "owners" of the LaSalle entities,[9] have control and policymaking authority over those entities,[10] have a duty to ensure adequate medical care of detainees of those facilities,[11] are aware of inadequate medical care to detainees,[12] were indifferent to and tacitly encouraged the LaSalle-branded Entities' policies,[13] acted with deliberate indifference and wanton disregard for the rights and safety of others,[14] and are at fault for the death of Jaleen Anderson.[15] Plaintiffs do not plead any specific *factual* allegations against the McConnell Defendants apart from the allegation that they are "owners" of the LaSalle-branded entities. Further, the McConnell Defendants are not mentioned at all in the eleven pages of allegations in Plaintiffs' Complaint recounting the alleged events leading up to Mr. Anderson's death.[16]

## II.    ARGUMENT

Plaintiffs' claims against the McConnell Defendants should be dismissed. First, Plaintiffs fail to plead any exception to the McConnell Defendants' statutory immunity as alleged owners of a limited liability company. Second, Cause of Action I does not appear to be alleged against the

---

[6] Doc. 1, pp. 30-31.
[7] *Id.* at pp. 31-32.
[8] *Id.* at p. 32.
[9] *Id.* at p. 6.
[10] *Id.* at p. 6.
[11] *Id.* at p. 28.
[12] *Id.* at p. 27.
[13] *Id.* at p. 28.
[14] *Id.* at p. 31.
[15] *Id.* at p. 32.
[16] *Id.* at pp. 8-19.

McConnell Defendants, but even if it is, that cause of action is duplicative of Plaintiffs' *Monell* liability claims against the LaSalle-branded Entities. Third, Causes of Action II and IV are not supported by sufficient factual allegations to raise Plaintiffs' right to relief above a mere speculative level. Moreover, Cause of Action III is not alleged against the McConnell Defendants. Throughout their Complaint, Plaintiffs make conclusory, threadbare claims that the McConnell Defendants are liable, but fail to plead sufficient factual allegations to support any of those claims.

### A.    Legal Standard.

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed—but early enough not to delay trial. Fed. R. Civ. P. 12(c). If there is no counterclaim, no crossclaim, no third-party complaint, and no outstanding court order for a reply, the pleadings close upon a defendant's filing of an answer. *Black Stallion Enters. v. Bay & Ocean Marine, LLC*, Nos. 09-4504, 09-6656, 2010 U.S. Dist. LEXIS 42607, at *8 (E.D. La. Mar. 30, 2010). There is no clear cutoff date before which a party must file a Rule 12(c) motion, as long as the motion does not delay trial. Other Federal Circuit Courts have held that a Rule 12(c) motion could be filed even after the dispositive motion deadline in certain circumstances. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995). In this matter, the McConnell Defendants have answered Plaintiffs' Complaint.[17] There is currently no trial date set. The pretrial conference is set for February 18, 2027,[18] and the dispositive motion deadline is October 14, 2026.[19] This Rule 12(c) motion is timely because the pleadings are closed and its adjudication will not delay trial.

"[T]o survive dismissal under Rule 12(c), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Descant v. CTCI*

---

[17] *See* Doc. 42.
[18] Doc. 38.
[19] Doc. 39.

*Ams., Inc.*, No. 25-40112, 2025 U.S. App. LEXIS 29219, at *8-9 (5th Cir. Nov. 6, 2025) (citations omitted). Rule 12(c) may be used to dismiss claims brought under 42 U.S.C. § 1983 when a plaintiff fails to sufficiently plead a civil rights action. *See e.g., Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020).

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Meade v. ETOH Monitoring, L.L.C.*, No. 21-30620, 2025 U.S. App. LEXIS 11153, at *4 (5th Cir. May 6, 2025). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal courts evaluate the sufficiency of a party's complaint by applying the "plausibility" standard as set forth in the Supreme Court's decision in *Twombly*, and its progeny. *See e.g., Pioneer Rx LLC v. Roman Health Ventures Inc.*, No. 23-00902, 2024 U.S. Dist. LEXIS 182132, at *4 (W.D. La. Oct. 4, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Under the plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint that simply contains labels, conclusions, and a "formulaic recitation of the elements" is insufficient to sustain a plaintiff's cause of action in light of the pleading standards under Federal Rule of Civil Procedure 8(a)(2). *Id.* at 4-5 (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In evaluating the sufficiency of a plaintiff's complaint under the *Twombly* and *Iqbal* standards, a court must accept all allegations in the complaint as true; however, the court does not have to accept legal conclusions as facts. *Id.* at 5. In considering a motion to dismiss under Rule

4

12(b)(6), the court is only obligated to allow those complaints that are facially plausible. *Id.* If the complaint does not satisfy this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *Id.*

### B. Plaintiffs have failed to plead specific factual allegations that would subject the McConnell Defendants to personal liability as alleged owners.

The McConnell Defendants are protected from being held personally liable for the alleged acts of the limited liability companies Plaintiffs allege they own. Plaintiffs have failed to plead any allegations that show an exception to that limitation of liability would apply. Louisiana law applies when determining whether a member of a Louisiana limited liability company may be held personally liable for claims brought against that company in federal court, including for claims brought pursuant to federal law. *See e.g., Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 385 (5th Cir. 2000) (applying Louisiana corporate "veil-piercing" law to federal WARN Act claims brought against a limited liability company); *see also Soriano v. Gulf Coast Lift, LLC*, No. 12-2744, 2014 U.S. Dist. LEXIS 31338 at *21-23 (E.D. La. Mar. 11, 2014) (reasoning that Louisiana law governs a federal court's decision of whether to pierce the corporate veil of a Louisiana limited liability company).

Plaintiffs have named LaSalle Correctional Center, L.L.C., LaSalle Corrections, LLC, and LaSalle Management Company, L.L.C. (hereinafter the "LaSalle-branded Entities") as defendants in this matter.[20] The LaSalle-branded Entities are Louisiana limited liability companies, and therefore, Louisiana law applies when determining whether the alleged members of the LaSalle-branded Entities may be held personally liable for any alleged acts that may be attributable to the companies. Under Louisiana law, the McConnell Defendants, as alleged owners of the LaSalle-

---

[20] Doc. 1, p. 6.

5

branded Entities, would be afforded a shield from liability for the claims alleged in Plaintiffs' Complaint.

The liability of members, managers, employees, or agents of limited liability companies in Louisiana is "determined solely and exclusively" by Title 12, Chapter 22 of the Louisiana Revised Statutes. La. Stat. Ann. §12:1320(A). Chapter 22 provides:

> B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
>
> C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

La. Stat. Ann. § 12:1320(B, C). Plaintiffs allege that the McConnell Defendants are "owners" of the LaSalle-branded Entities.[21] The owners of limited liability companies are its "members." *See* La. Stat. Ann. § 12:1301(A)(13, 14). As alleged members, the McConnell Defendants are not personally liable for any "debt, obligations, or liability" of the LaSalle-branded Entities. *See* La. Stat. Ann. § 12:1320(B). Moreover, as alleged members, the McConnell Defendants are not a proper party to this lawsuit. *See* La. Stat. Ann. § 12:1320(C).

There are some narrow exceptions to the limitation of liability provided to members of limited liability companies; however, none of those exceptions apply here. The statute provides:

> D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

---

[21] Doc. 1, p. 6.

6

La. Stat. Ann. § 12:1320(D). In interpreting these exceptions to a member's statutory limitation of liability, the Louisiana Supreme Court has held that a plaintiff must show two separate components to qualify for an exception. *Ogea v. Merritt*, 130 So. 3d 888, 897 (La. 2013). First, the plaintiff must show that he has a cause of action against the member. *Id.* Second, the plaintiff must show that the cause of action against the member "arises from 'any fraud practiced upon [Plaintiffs] or 'any breach of professional duty or other negligent or wrongful act.'" *Id.* (citing La. Stat. Ann. § 12:1320(D)). The Court has held that the second component is "integral" to finding an exception to a member's limitation of liability and confines any exceptions to "certain circumscribed subjects of law, such as fraud." *Id.* For the reasons set forth in the sections below, Plaintiffs fail to satisfy the first component for an exception to the liability shield; Plaintiffs have not sufficiently pled any of the causes of action they allege against the McConnell Defendants. Assuming, *arguendo*, that Plaintiffs did sufficiently plead a cause of action against the McConnell Defendants, Plaintiffs still cannot satisfy the second and integral component necessary to qualify for an exception to the liability shield; Plaintiffs cannot show that they have a cause of action against the McConnell Defendants that arose from either a fraud practiced upon them, a breach of professional duty, or any other negligent or wrongful act committed by the McConnell Defendants.

     1.     <u>Plaintiffs failed to sufficiently plead the McConnell Defendants engaged in fraud or breached a professional duty.</u>

Plaintiffs did not plead fraud against the McConnell Defendants or any other defendant, and the Complaint lacks any indication Plaintiffs intend to plead fraud in this matter. [22] Furthermore, Plaintiffs cannot show that the McConnell Defendants breached a professional duty as contemplated by Subsection 12:1320(D). In the context of the Subsection 12:1320(D)'s breach of professional duty exception, Louisiana courts interpret "professional" to mean one who is

---

[22] *See* Doc. 1.

engaged in a profession identified in Title 12 of the Louisiana Revised Statutes. *See Nunez v. Pinnacle Homes, L.L.C.,* 180 So. 3d 285, 292 (La. 2015); *Wilson v. Two SD, LLC*, 186 So. 3d 103, 115 (La. App. 1 Cir. 2015). Those professions include lawyers, dentists, accountants, architects, etc. *See* La. Stat. Ann. § 12:1 *et seq.* However, Plaintiffs have not alleged that the McConnell Defendants belong to any of the professions listed in Title 12. Thus, Plaintiffs have not pled any specific allegations that would provide a basis for piercing the liability shield for fraud or a breach of professional duty.

2.      Plaintiffs failed to sufficiently plead the McConnell Defendants committed a negligent or wrongful act.

Plaintiffs' Complaint likewise lacks any specific allegations that would tend to show the McConnell Defendants engaged in a negligent or wrongful act that would warrant piercing the liability shield provided by Section 12:1320. In analyzing whether to pierce the liability shield for a member's alleged "negligent or wrongful act," the Louisiana Supreme Court has held that courts should apply a four-factor test: (1) Whether a member's conduct could be fairly characterized as a traditionally recognized tort; (2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; (3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and (4) whether the conduct at issue was done outside the member's capacity as a member. *Nunez*, 180 So. 3d at 292-93 (citing *Ogea,* 130 So. 3d at 901-01).

Plaintiffs have not pled any specific allegations that would warrant holding the McConnell Defendants liable. Plaintiffs allege that the McConnell Defendants are "owners" of the LaSalle-branded Entities; exercise policymaking and ultimate control over the LaSalle-branded Entities; are aware of the policies and practices of the LaSalle-branded Entities; turned the blind eye, were indifferent to, and tacitly encouraged the policies of the LaSalle-branded Entities; and are

8

supervisors of one or more persons who allegedly violated Mr. Anderson's rights.[23] However, Plaintiffs have not pled any factual support for those conclusory allegations. Plaintiffs did not plead any factual allegations that would tend to show that the McConnell Defendants themselves committed a tort or crime. Moreover, no allegations pled in Plaintiffs' Complaint indicate the McConnell Defendants were acting outside their capacity as alleged owners of the limited liability companies. Accordingly, Plaintiffs' Complaint provides no basis for finding the existence of a negligent or wrongful act by the McConnell Defendants that would defeat the liability shield provided by Section 12:1320.

Under Section 12:1320, the McConnell Defendants are immune to liability for the claims made against the LaSalle-branded Entities. Because Plaintiffs have not sufficiently pled any specific factual allegations that would show an exception to that immunity exists, Plaintiffs' claims that are brought directly against the McConnell Defendants as alleged owners should be dismissed.

**C.    Plaintiffs have failed to state a valid claim for relief against the McConnell Defendants under 42 U.S.C. 1983.**

Even if the McConnell Defendants did not have statutory immunity for Plaintiffs' claims, which is denied, Plaintiffs' claims still lack the necessary factual support to survive. Plaintiffs have simply made conclusory allegations that the McConnell Defendants are liable to Plaintiffs under § 1983. However, Plaintiffs do not plead sufficient factual allegations to raise those claims above a speculative level.

1.    Plaintiffs' "official capacity" claims against the McConnell Defendants are duplicative and must be dismissed.

Plaintiffs bring § 1983 claims against the McConnell Defendants in their individual and official capacities.[24] It is unclear if Plaintiffs allege Cause of Action I asserting *Monell* liability

---

[23] Doc. 1, pp. 6, 27, 28, and 30.
[24] *Id.* at pp. 29-30.

9

claims against the McConnell Defendants, as they are not included in Plaintiffs' category of "individual defendants" against whom Cause of Action I is pled. However, Cause of Action I is the only cause of action to allege claims against defendants in their "official capacity," so to the extent Plaintiffs intended to include the McConnell Defendants, who are being sued in both their individual and official capacities, in Cause of Action I, that claim should be dismissed as duplicative.

In Cause of Action I, Plaintiffs define the "*Monell* Defendants" to include the "individual defendants in their official capacities."[25] Further, Plaintiffs allege that the "*Monell* Defendants" had an official policy or custom of providing inadequate medical care that Plaintiffs allege was the "driving force" behind Mr. Anderson's death.[26] Thus, Plaintiffs' only claim against the McConnell Defendants in their official capacity appears to be made under the theory of *Monell* liability. That claim is improper under these circumstances and must be dismissed.

Under the United States Supreme Court's decision in *Monell v. Dep't. of Social Services* and its progeny, an entity may be held liable under § 1983 for the actions of its agents if certain elements are satisfied. *See Goodman v. Harris County*, 571 F.3d 388, 394-95 (5th Cir. 2009). One option Plaintiffs have for establishing an entity's liability is to bring an "official capacity" claim against an official of that entity. *See id.* at 396. However, it is well settled in § 1983 jurisprudence that an official capacity claim serves only as a way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. When a plaintiff brings a *Monell* liability claim against an entity and an official capacity claim against that entity's

---

[25] Doc. 1, p. 30.
[26] *Id.* at p. 30

10

official, the two claims "essentially merge," and the official capacity claim may be dismissed as duplicative. *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497, 2019 WL 5031357 at *15 (N.D. Tex. July 29, 2019) (citations omitted), *adopted by*, 3:18-cv-2497, 2019 U.S. Dist. LEXIS 143342 (N.D. Tex. Aug. 22, 2019).

Plaintiffs have brought *Monell* liability claims against LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., and LaSalle Management Company, L.L.C. (the "LaSalle-branded Entities").[27] Plaintiffs have also brought *Monell* liability "official capacity" claims against the McConnell Defendants.[28] Because Plaintiffs have brought *Monell* claims against the LaSalle-branded Entities, Plaintiffs' "official capacity" claims against the McConnell Defendants should be dismissed as duplicative.

2.     Plaintiffs' "individual capacity" claims against the McConnell Defendants must also be dismissed.

Plaintiffs fail to allege sufficient factual allegations to support their claim that the McConnell Defendants, in their individual capacities, violated Mr. Anderson's rights. In the Fifth Circuit, claims asserting constitutional violations of pretrial detainees may be brought under two alternative theories: as an attack on a "condition of confinement" or as an "episodic act or omission." *Reed v. Wichita Cty. (Estate of Henson)*, 795 F.3d 456, 462 (5th Cir. 2015) (internal quotations omitted). Plaintiffs do not specify in their Complaint whether they are bringing a "conditions of confinement" claim against the McConnell defendants, or an "episodic act or omission" claim.[29] Regardless, Plaintiffs fail to satisfy the standard for any individual capacity claim under § 1983 because they do not allege sufficient factual support for their claims.

---

[27] Doc. 1, pp. 29-30.
[28] *Id.*
[29] *See id.* at p. 1.

The only "individual capacity" § 1983 claim that Plaintiffs actually allege against the McConnell Defendants is contained in Cause of Action II, which alleges supervisor liability.[30] Plaintiffs label the McConnell Defendants as "Supervisor Defendants" and allege that the McConnell Defendants are supervisors of one or more persons who violated Mr. Anderson's rights.[31] However, Plaintiffs' Complaint lacks any factual allegations to support a claim for supervisor liability.

Under § 1983, supervisory officials are not vicariously liable for the conduct of those under their supervision. *Abraugh v. Altimus*, No. 20-252, 2023 U.S. Dist. LEXIS 163953, at *16 (W.D. La. Sep. 14, 2023) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)); *Fletcher v. Whittington*, No. 18-1153, 2022 U.S. Dist. LEXIS 151493, at *25 (W.D. La. Aug. 23, 2022). To establish supervisor liability under § 1983, a plaintiff must prove that the supervisor either (1) affirmatively participated in the acts causing the alleged constitutional deprivation or (2) implemented an unconstitutional policy that causally resulted in the plaintiff's injuries. *Lentworth v. Potter*, 255 F. App'x 903, 905 (5th Cir. 2007) (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)). The latter policy-focused inquiry is akin to the standard for municipal liability. *Romero v. Brown*, 937 F.3d 514, 523 (5th Cir. 2019).

Plaintiffs' conclusory allegations against the McConnell Defendants are insufficient to support a claim for supervisor liability. Plaintiffs do not allege that the McConnell Defendants affirmatively participated in the acts alleged to have caused constitutional deprivation.[32] Thus, to establish supervisor liability for the McConnell Defendants, Plaintiffs must prove that the McConnell Defendants implemented an unconstitutional policy that caused the alleged

---

[30] Doc. 1, pp. 30-31.
[31] *Id.* at ¶ 167.
[32] *See* Doc. 1.

constitutional injury. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). To prove that element, Plaintiffs must show that the McConnell Defendants acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates. *Peña*, 879 F.3d at 620. Proving a supervisor's deliberate indifference generally requires alleging at least a pattern of similar violations. *Fletcher*, 2022 U.S. Dist. LEXIS 151493, at \*25. A showing of "simple or even heightened negligence will not suffice to establish deliberate indifference." *Id.* at 28.

Plaintiffs do not sufficiently plead a "pattern of similar violations" by the McConnell Defendants to support a supervisor liability claim. Plaintiffs have lumped the three LaSalle-branded Entities under one banner and alleged that the McConnell Defendants exercise ultimate control over "LaSalle's" policies and practices.[33] Plaintiffs then list a series of twelve "examples" of alleged prior constitutional violations by the LaSalle-branded Entities—none of which is alleged to have occurred at LaSalle Correctional Center in Olla, Louisiana.[34] Further, Plaintiffs include the McConnell Defendants in a group of "Supervisor Defendants" and allege that group "adopted policies that encouraged or were indifferent to the provision of inadequate medical care."[35] This type of "group pleading" is insufficient to support a claim under § 1983. *See Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023). Plaintiffs needed to allege sufficient factual allegations to support their claims against each of the individual defendants and failed to do so. *See id.* To the extent Plaintiffs seek to hold the McConnell Defendants liable for the alleged actions of a group of defendants, those claims must be dismissed as insufficiently pled.

---

[33] Doc. 1, p. 6.
[34] *Id.* at pp. 22-27.
[35] *Id.* at ¶¶ 167-68.

Even if Plaintiffs' allegations were made specifically against the McConnell Defendants, those allegations remain too conclusory to support a cognizable claim under § 1983. Plaintiffs allege that the McConnell Defendants were aware of and indifferent to an alleged policy of providing inadequate medical care.[36] However, those threadbare allegations are insufficient to show the McConnell Defendants were deliberately indifferent in maintaining an unconstitutional policy. Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The Fifth Circuit has recognized that the test for deliberate indifference is a "significantly high burden for plaintiffs to overcome" and requires plaintiffs to demonstrate culpability beyond mere negligence or even gross negligence. *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regul. Servs.,* 380 F.3d 872, 882 (5th Cir. 2004). Plaintiffs' threadbare allegations are wholly insufficient to support their § 1983 individual capacity claims against the McConnell Defendants.

Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). They are not vicariously liable for the conduct of those under their supervision. *Id.* Plaintiffs failed to sufficiently plead factual support for a supervisor liability claim against the McConnell Defendants. Therefore, the § 1983 individual capacity claims against the McConnell Defendants must be dismissed.

### D.      Plaintiffs failed to plead a plausible state law claim against the McConnell Defendants.

Similar to Plaintiffs' federal law claims, Plaintiffs' state law claims against the McConnell Defendants likewise lack sufficient factual support to state a plausible claim for relief. Plaintiffs

---

[36] Doc. 1, pp. 27-28.

14

make a conclusory allegation that "Mr. Anderson died by the fault of the defendants."[37] However, as discussed above, Plaintiffs fail to make factual allegations of the McConnell Defendants' involvement in the circumstances surrounding Mr. Anderson's death that would support a plausible state law claim against the McConnell Defendants.

In § 1983 cases where inadequate medical care is alleged under both federal and state law, Louisiana Courts apply Louisiana Civil Code article 2315 and the duty-risk analysis in determining whether to impose tort liability on defendants. *See e.g., Fletcher*, 2022 U.S. Dist. LEXIS 151493, at *31. Under that analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992). Plaintiffs' Complaint fails to sufficiently plead these requisite elements.

Plaintiffs do not make any specific allegations against the McConnell Defendants in the ninety-five (95) paragraphs detailing the alleged events leading up to Mr. Anderson's death.[38] Instead, Plaintiffs appear to be asking the Court to conclude that the McConnell Defendants were negligent simply because a death occurred at a correctional facility they allegedly own. Without supporting factual allegations for each element of Plaintiffs' state law claim, it must be dismissed as insufficiently pled. "Conclusory allegations or legal conclusions masquerading as factual

---

[37] Doc. 1, p. 32.
[38] *See id.* at ¶¶ 30-125.

conclusions will not suffice to prevent a motion to dismiss." *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (internal quotations omitted).

Moreover, like "Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific defendant." *Smith v. Prator*, No. 21-0620, 2022 U.S. Dist. LEXIS 179384, at \*13 (W.D. La. Sep. 30, 2022). Here, Plaintiffs did not allege any particular acts by the McConnell Defendants that would establish their negligence. Plaintiffs instead rely on the alleged wrongdoing of a group of defendants.[39] Plaintiffs' conclusion that "Mr. Anderson died by the fault of the defendants" is insufficient to sustain a negligence action against the McConnell Defendants. "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Id.*

### E. Punitive damages are not available for Plaintiffs' state law claims.

Punitive damages are not permitted for Plaintiffs' state law claims. In a federal question action where the federal court is exercising supplemental jurisdiction over state law claims, the federal court applies the choice of law rules of the forum state. *In re Combustion, Inc.*, 960 F. Supp. 1056, 1059 (W.D. La. 1997) (citations omitted); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452, n.2 (5th Cir. 2001). For wrongful death claims, Louisiana choice of law rules provide for the application of the laws of the jurisdiction where the alleged injurious conduct and alleged injury occurred, if both occurred in the same jurisdiction. *See McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 543 (5th Cir. 2012); La. Civ. Code Ann. art. 3543. The alleged injurious conduct and the alleged injury occurred in Louisiana, so Louisiana law applies.

In Louisiana, there is a general public policy against punitive damages. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). A fundamental tenet of Louisiana law is that punitive or other

---

[39] *See e.g.*, Doc. 1, ¶ 169.

16

penalty damages are not allowable unless expressly authorized by statute. *Id.* Further, Louisiana has a specific civil code article governing the availability of punitive damages. *See* La. Civ. Code art. 3546. That article provides that punitive damages may not be awarded unless authorized either:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code Ann. art. 3546. Again, the alleged injurious conduct and the alleged injury occurred in Louisiana. Punitive damages are not available for Plaintiffs' state law claims. "Since Plaintiffs have failed to identify a Louisiana statutory provision that authorizes a punitive damages award for their state law claims, they are not permitted to recover punitive damages against any of the [Defendants] for this state law claim as a matter of law." *Walker v. Whittington*, No. 25-0258, 2025 U.S. Dist. LEXIS 166138, at *23 (W.D. La. Aug. 25, 2025).

III.    **CONCLUSION**

Plaintiffs failed to assert sufficient factual allegations against the McConnell Defendants to survive a motion for judgment on the pleadings. Plaintiffs' allegations against the McConnell Defendants are threadbare and conclusory. The McConnell Defendants are statutorily immune for any liability incurred by the limited liability companies they are alleged to own. Finally, Plaintiffs failed to plead sufficient factual allegations to support a plausible claim against the McConnell Defendants under either federal or state law. For all of the reasons discussed herein, the William McConnell and Clay McConnell respectfully request that the Court dismiss Plaintiffs' claims against them, with prejudice.

17

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR WILLIAM McCONNELL*
*AND CLAY McCONNELL*

## CERTIFICATE OF SERVICE

I certify that on April 10, 2026, a copy of this pleading was filed electronically with the

Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE

18