**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

**MEMORANDUM IN SUPPORT OF**
**RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
**ON BEHALF OF JOHN STUCKEY, PAMELA HEARN, M.D., AND GWEN WARREN**

MAY IT PLEASE THE COURT:

Plaintiffs, Nefertiti Gilbert, as Personal Representative of Jaleen Anderson, deceased, and on her own behalf, and on behalf of her minor child A.G.; Christi Jackson, on behalf of her minor children X.A. and J.A.; and Jyrie Polk, on behalf of her minor child A.A. (hereinafter "Plaintiffs") have filed suit against Defendants, John Stuckey, Pamela Hearn, M.D., and Gwen Warren (hereinafter "Defendants") in their individual and official capacities under 42 U.S.C. § 1983 and state law for the death of Jaleen Anderson. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for the reasons set forth below, Defendants respectfully move the Court to dismiss Plaintiffs' claims against Defendants, with prejudice.

## TABLE OF CONTENTS

Page

I.   BACKGROUND ...................................................................................................................1

II.  ARGUMENT.......................................................................................................................2

A.  Legal Standard ...................................................................................................................2

B.  Plaintiffs' "official capacity" claims under 42 U.S.C. § 1983 are duplicative
     and must be dismissed. .......................................................................................................4

C.  Plaintiffs failed to plead plausible "individual capacity" claims against
     Defendants under 42 U.S.C. § 1983. ..................................................................................5

D.  Plaintiffs failed to plead a plausible state law claim against Defendants. ................................8

E.  Punitive damages are unavailable for Plaintiffs' state law claims..........................................10

III. CONCLUSION..................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraugh v. Altimus*,
20-252, 2023 U.S. Dist. LEXIS 163953 (W.D. La. Sep. 14, 2023).......................................6, 7

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) .................................................................................................8

*Aschroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................4, 8, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................3, 4

*Black Stallion Enters. v. Bay & Ocean Marine, LLC*,
 Nos. 09-4504, 09-6656, 2010 U.S. Dist. LEXIS 42607 (E.D. La. Mar. 30,
2010) .............................................................................................................................2

*Coghlan v. Wellcraft Marine Corp.*,
240 F.3d 449 (5th Cir. 2001) ..............................................................................................10

*Damond v. City of Rayville*,
127 F.4th 935 (5th Cir. 2025) ..............................................................................................8

*Descant v. CTCI Ams., Inc.*,
25-40112, 2025 U.S. App. LEXIS 29219 (5th Cir. Nov. 6, 2025) .........................................3

*Fletcher v. Whittington*,
18-1153, 2022 U.S. Dist. LEXIS 151493 (W.D. La. Aug. 23, 2022)...........................6, 7, 8, 9

*Garza v. Escobar*,
972 F.3d 721 (5th Cir. 2020) .................................................................................................3

*Goodman v. Harris County*,
571 F.3d 388 (5th Cir. 2009) .................................................................................................4

*In re Combustion, Inc.*,
960 F. Supp. 1056 (W.D. La. 1997)......................................................................................10

*Kentucky v. Graham*,
473 U.S. 159 (1985)..............................................................................................................4, 5

*Lentworth v. Potter*,
255 F. App'x 903 (5th Cir. 2007) .........................................................................................6

*McGee v. Arkel Int'l, LLC*,
    671 F.3d 539 (5th Cir. 2012) ................................................................................10

*Meade v. ETOH Monitoring, L.L.C.*,
    21-30602, 2025 U.S. App. LEXIS 11153 (5th Cir. May 6, 2025)............................3

*Peña v. City of Rio Grande City*,
    879 F.3d 613 (5th Cir. 2018) ..................................................................................7

*Pioneer Rx LLC v. Roman Health Ventures Inc.*,
    23-00902, 2024 U.S. Dist. LEXIS 182132 (W.D. La. Oct. 4, 2024)........................3

*Reed v. Wichita Cty. (Estate of Henson)*,
    795 F.3d 456 (5th Cir. 2015) ..................................................................................5

*Riggins v. Walter*,
    279 F.3d 422 (7th Cir. 1995) ..................................................................................2

*Roberts v. Benoit*,
    605 So. 2d 1032 (La. 1992) .....................................................................................9

*Roe v. Johnson Cnty., Tex.*,
    3:18-2497, 2019 WL 5031357 (N.D. Tex. July 29, 2019)........................................5

*Romero v. Brown*,
    937 F.3d 514 (5th Cir. 2019) ..................................................................................6

*Ross v. Conoco, Inc.*,
    828 So. 2d 546 (La. 2002) .....................................................................................10

*Smith v. Prator*,
    21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022)..................9, 10

*Walker v. Whittington*,
    25-0258, 2025 U.S. Dist. LEXIS 166138 (W.D. La. Aug. 25, 2025)....................11

**Statutes**

42 U.S.C. § 1983................................................................................................ *passim*

La. Civ. Code Ann. art. 2315 ....................................................................................9

La. Civ. Code Ann. art. 3543 ..................................................................................10

La. Civ. Code Ann. art. 3546 ..............................................................................10, 11

**Other Authorities**

Federal Rule of Civil Procedure 8(a) .................................................................3, 4, 8

Federal Rule of Civil Procedure Rule 12(b)(6)...........................................................................3, 4

Federal Rule of Civil Procedure 12(c) .....................................................................................2, 3

## I.    BACKGROUND

This civil rights lawsuit arises out of the April 3, 2024, in-custody death of Jaleen Anderson.[1] At the time of his death, Mr. Anderson was a Harris County, Texas pretrial detainee incarcerated at LaSalle Correctional Center in Olla, Louisiana.[2] Plaintiffs allege that while detained at the facility, Mr. Anderson experienced a series of seizures beginning on the morning of April 2, 2024, and concluding on the evening of April 3, 2024, at which point Mr. Anderson was transported to Hardtner Medical Center, in Olla Louisiana.[3] Mr. Anderson was pronounced dead at Hardtner Medical Center at 8:59 p.m. on April 3, 2025.

Plaintiffs named sixteen (16) defendants in their Complaint, bringing claims under 42 U.S.C. § 1983 and state law.[4] Among the named defendants are John Stuckey, Pamela Hearn, M.D., and Gwen Warren. Plaintiffs designate four separate causes of action that they are alleging in this lawsuit.[5] Cause of Action I is brought pursuant to a theory of *Monell* liability and is alleged against Harris County, LaSalle Correctional Center, L.L.C., LaSalle Corrections, LLC, LaSalle Management Company, L.L.C., and "all individual defendants in their official capacities."[6] Cause of Action II is brought against the "Supervisor Defendants," who are defined to include "Ed Gonzales, Clay McConnell, William McConnell, John Stuckey, and Pamela Hearn in their individual capacities."[7] Cause of Action III is brought against Denise Finlay, Charlotte Fussell, Shannon Brewer, Paul Smith, Mariah Dickey, and Richard Morehead in their individual capacities

---

[1] *See* Doc. 1 (Complaint).
[2] *Id.* at pp. 2-3.
[3] *Id.* at p. 19.
[4] *Id.* at pp. 5-8.
[5] *Id.* at pp. 29-32.
[6] *Id.* at p. 29.
[7] *Id.* at p. 30.

for "deliberate indifference" to the risk of harm to Mr. Anderson.[8] Finally, Cause of Action IV is a state law claim brought against all defendants for "wrongful death."[9]

## II.    ARGUMENT

Plaintiffs' claims against Defendants should be dismissed. Cause of Action I is duplicative of the *Monell* claims brought against the LaSalle-branded business entities. Causes of Action II and IV are insufficiently pled to raise Plaintiffs' right to relief above a mere speculative level. Cause of Action III is not alleged against any of the Defendants bringing the instant motion. Throughout their Complaint, Plaintiffs make conclusory, threadbare claims that Defendants are liable, but Plaintiffs failed to plead sufficient factual allegations to support those claims.

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed—but early enough not to delay trial. Fed. R. Civ. P. 12(c). If there is no counterclaim, no crossclaim, no third-party complaint, and no outstanding court order for a reply, the pleadings close upon a defendant's filing of an answer. *Black Stallion Enters. v. Bay & Ocean Marine, LLC*, 09-4504, 2010 U.S. Dist. LEXIS 42607, at *8 (E.D. La. Mar. 30, 2010). There is no clear cutoff date before which a party must file a Rule 12(c) motion, as long as the motion does not delay trial. Other Federal Circuit Courts have held that a Rule 12(c) motion could be filed even after the dispositive motion deadline in certain circumstances. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995). In this matter, Defendants have answered Plaintiffs' Complaint.[10] There is currently no trial date set. The pretrial conference is set for February 18,

---

[8] Doc. 1, p. 31.
[9] *See id.* at p. 32.
[10] *See* Doc. 42.

2

2027,[11] and the dispositive motion deadline is October 14, 2026.[12] As a result, this Rule 12(c) motion is timely because the pleadings are closed and its adjudication will not delay trial.

When a plaintiff fails to sufficiently plead a civil rights action under § 1983, a Rule 12(c) motion may be used to dismiss those claims. *See e.g., Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). "[T]o survive dismissal under Rule 12(c), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Descant v. CTCI Ams., Inc.*, 25-40112, 2025 U.S. App. LEXIS 29219, at *8-9 (5th Cir. Nov. 6, 2025) (internal quotations omitted).

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Meade v. ETOH Monitoring, L.L.C.*, 21-30602, 2025 U.S. App. LEXIS 11153, at *4 (5th Cir. May 6, 2025). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal courts evaluate the sufficiency of a party's complaint by applying the "plausibility" standard as set forth in the Supreme Court's decision in *Twombly*, and its progeny. *See e.g., Pioneer Rx LLC v. Roman Health Ventures Inc.*, 23-00902, 2024 U.S. Dist. LEXIS 182132, at *4 (W.D. La. Oct. 4, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Under the plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint that simply contains labels, conclusions, and a "formulaic recitation of the elements" is insufficient to sustain a

---

[11] Doc. 38.
[12] Doc. 39.

3

plaintiff's cause of action in light of the pleading standards under Federal Rule of Civil Procedure 8(a)(2). *Id.* at 4-5 (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In evaluating the sufficiency of a plaintiff's complaint under the *Twombly* and *Iqbal* standards, a court must accept all allegations in the complaint as true; however, the court does not have to accept legal conclusions as facts. *Id.* at 5. In considering a motion to dismiss under Rule 12(b)(6), the court is only obligated to allow those complaints that are facially plausible. *Id.* If the complaint does not satisfy this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *Id.*

### B. Plaintiffs' "official capacity" claims under 42 U.S.C. § 1983 are duplicative and must be dismissed.

Plaintiffs allege in their Complaint that they are suing Defendants in both their individual and official capacities.[13] However, the only cause of action brought against Defendants in their official capacities is Cause of Action I, which alleges *Monell* liability.[14]  Those claims are duplicative of the *Monell* liability claims brought against the LaSalle-branded business entities also named as defendants in this lawsuit, and therefore, must be dismissed.

Under the Supreme Court's decision in *Monell v. Dep't. of Social Services* and its progeny, an entity may be held liable under § 1983 for the actions of its agents if certain elements are satisfied. *See Goodman v. Harris County*, 571 F.3d 388, 394-95 (5th Cir. 2009). One option plaintiffs have for establishing an entity's liability is to bring an "official capacity" claim against an official of that entity. *See id.* at 396. However, it is well settled in § 1983 jurisprudence that an official capacity claim serves only as a way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690, n.

---

[13] Doc. 1, p. 7.
[14] *Id.* at p. 29.

4

55).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. When a plaintiff brings a *Monell* liability claim against an entity and an official capacity claim against that entity's official, the two claims "essentially merge," and the official capacity claim may be dismissed as duplicative. *Roe v. Johnson Cnty., Tex.*, 3:18-2497, 2019 U.S. Dist. LEXIS 143705, at *37 (N.D. Tex. July 29, 2019) (citations omitted), *adopted by*, 3:18-cv-2497, 2019 U.S. Dist. LEXIS 143342 (N.D. Tex. Aug. 22, 2019).

Plaintiffs have brought *Monell* liability claims against LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., and LaSalle Management Company, L.L.C.[15] Because Plaintiffs have brought *Monell* claims against the LaSalle-branded entities, Plaintiffs' "official capacity" claims against John Stuckey, Pamela Hearn, M.D., and Gwen Warren as officials of those entities should be dismissed as duplicative.

C.    **Plaintiffs failed to plead plausible "individual capacity" claims against Defendants under 42 U.S.C. § 1983.**

In addition to suing Defendants in their "official capacities," Plaintiffs aver in their Complaint that they are also bringing claims against Defendants in their "individual capacities".[16] In the Fifth Circuit, claims asserting constitutional violations of pretrial detainees may be brought under two alternative theories: as an attack on a "condition of confinement" or as an "episodic act or omission." *Reed v. Wichita Cty. (Estate of Henson)*, 795 F.3d 456, 462 (5th Cir. 2015) (internal quotations omitted). Plaintiffs do not specify in their Complaint whether they are bringing a "conditions of confinement" claim against the Defendants, or an "episodic act or omission" claim.[17] Regardless, Plaintiffs fail to satisfy the standard for any individual capacity claim under § 1983 because they do not allege sufficient factual support for their claims.

---

[15] Doc. 1.
[16] *Id.* at p. 7.
[17] *See* Doc. 1.

Plaintiffs' "individual capacity" claims under § 1983 are set forth in Plaintiffs' Causes of Action II and III.[18] Those claims lack sufficient factual support to be plausible. A "confusing web of alleged liability and scattershot allegations" is insufficient to support Plaintiffs' § 1983 claims against Defendants. *See Abraugh v. Altimus*, 20-252, 2023 U.S. Dist. LEXIS 163953, at *18 (W.D. La. Sep. 14, 2023).

To start, Plaintiffs do not allege Causes of Action II or III against Gwen Warren.[19] Thus, Plaintiffs have not alleged a cause of action under § 1983 against Gwen Warren in her individual capacity. To the extent Plaintiffs are seeking to hold Gwen Warren liable in her individual capacity under § 1983, that claim must be dismissed as insufficiently pled.

Plaintiffs do not allege Cause of Action III against John Stuckey or Pamela Hearn, M.D.[20] The individual capacity claims brought against Mr. Stuckey and Dr. Hearn are alleged in Cause of Action II, which is brought against the "Supervisor Defendants."[21] Plaintiffs' supervisor liability claims should be dismissed because Plaintiffs failed to plead sufficient factual allegations that would support those claims against either Mr. Stuckey or Dr. Hearn.

Under § 1983, supervisory officials are not vicariously liable for the conduct of those under their supervision. *Abraugh*, 2023 U.S. Dist. LEXIS 163953, at *16 (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)); *Fletcher v. Whittington*, 18-1153, 2022 U.S. Dist. LEXIS 151493, at *25 (W.D. La. Aug. 23, 2022). To establish supervisor liability under § 1983, a plaintiff must prove that the supervisor either (1) affirmatively participated in the acts causing the alleged constitutional deprivation or (2) implemented an unconstitutional policy that causally resulted in the plaintiff's injuries. *Lentworth v. Potter*, 255 F. App'x 903, 905 (5th Cir. 2007) (citing *Baker v.*

---

[18] Doc. 1, pp. 30-31.
[19] *Id.* at p. 30.
[20] *Id.* at p. 31.
[21] *Id.* at pp. 30-31.

*Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)). The latter policy-focused inquiry is akin to the standard for municipal liability. *Romero v. Brown*, 937 F.3d 514, 523 (5th Cir. 2019).

In Plaintiffs' Complaint, there are very limited factual allegations made specifically against either Mr. Stuckey or Dr. Hearn. Mr. Stuckey is alleged to be "the Warden of the Olla LCC."[22] Dr. Hearn is alleged to be "the Medical Director for LaSalle and the medical director of the Olla LCC."[23] Plaintiffs allege that Mr. Stuckey and Dr. Hearn were aware of the "policies and practices" at the facility and tacitly approved them.[24] Plaintiffs further allege that Mr. Stuckey and Dr. Hearn, as supervisors, "adopted and/or failed to adopt" policies that "encouraged or were indifferent to the provision of inadequate medical care."[25] Beyond those conclusory allegations, Plaintiffs do not allege any other actions or inactions of Mr. Stuckey or Dr. Hearn that would serve as factual support for the individual capacity claims.

From these very limited allegations, it is clear that Plaintiffs are not alleging Mr. Stuckey or Dr. Hearn "affirmatively participated in the acts causing the alleged constitutional deprivation." Plaintiffs' only remaining avenue to establish that Mr. Stuckey or Dr. Hearn are liable under a theory of supervisor liability is to prove that they implemented an unconstitutional policy that caused the alleged constitutional injury. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). To prove that element, Plaintiffs must show that Mr. Stuckey and Dr. Hearn acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates. *Peña*, 879 F.3d at 620; *Abraugh*, 2023 U.S. Dist. LEXIS 163953, at *17. Proving a supervisor's deliberate indifference generally requires alleging at least a pattern of

---

[22] Doc. 1, ¶ 20.
[23] *Id.* at ¶ 23.
[24] *Id.* at ¶ 136.
[25] *Id.* at pp. 30-31.

similar violations. *Fletcher*, 2022 U.S. Dist. LEXIS 151493, at *25. A showing of "simple or even heightened negligence will not suffice to establish deliberate indifference." *Id.* at 28.

Plaintiffs failed to sufficiently plead a pattern of constitutional violations resulting from the deliberate indifference of Mr. Stuckey or Dr. Hearn. Plaintiffs allege twelve separate incidents that serve as "examples" of prior constitutional violations.[26] However, neither Mr. Stuckey nor Dr. Hearn are personally referenced in any of those "examples."[27] Any assertion that Mr. Stuckey or Dr. Hearn are part of a group of "constitutional violators" should be dismissed as improper group pleading. *See Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023). Furthermore, none of the "examples" are even alleged to have occurred at LaSalle Correctional Center—the facility at issue in this suit.[28]

Plaintiffs merely conclude that Defendants are liable in their individual capacities without properly pleading facts in support of that conclusion. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Damond v. City of Rayville*, 127 F. 4th 935, 938 (5th Cir. 2025) (internal quotations omitted).

**D.     Plaintiffs failed to plead a plausible state law claim against Defendants.**

Plaintiffs allege the Court has jurisdiction over their "state law claims" but do not actually allege which specific state law claims they are bringing.[29] Plaintiffs do allege that they are seeking to "recover damages sounding in wrongful death."[30] Plaintiffs also conclude that "Mr. Anderson died by the fault of the defendants."[31] However, a complaint that simply concludes the defendant was at fault without further factual support does not sufficiently state a claim for relief. *See Iqbal*,

---

[26] Doc. 1., pp. 22-27.
[27] *Id.*
[28] *See id.*
[29] *See id.* at ¶ 2.
[30] *Id.* at ¶¶ 5-8.
[31] *Id.* at ¶ 182.

556 U.S. at 678 (Rule 8(a) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."). Regardless of which state law claims Plaintiffs are bringing, Plaintiffs failed to support those claims with the requisite factual support to survive a motion to dismiss.

In § 1983 cases where inadequate medical care is alleged under both federal and state law, Louisiana Courts apply Louisiana Civil Code article 2315 and the duty-risk analysis in determining whether to impose tort liability on defendants. *See e.g., Fletcher*, 2022 U.S. Dist. LEXIS 151493, at *31. Under that analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992).

Plaintiffs failed to sufficiently plead the elements of their state law claims because they failed to provide supporting factual allegations that would establish any of the requisite elements. Again, Plaintiffs simply allege that Mr. Stuckey and Dr. Hearn are the Warden and Medical Director of the subject facility and that the two were "indifferent to the provision of inadequate medical care."[32] The only involvement Gwen Warren is alleged to have in the events giving rise to this lawsuit is responding to the initial "code blue."[33] Plaintiffs do not allege how Ms. Warren's conduct fell below any standard of care, or how it was the "cause-in-fact" of Mr. Anderson's death.

"Like the Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific defendant." *Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS

---

[32] Doc. 1, pp. 7, 30-31.
[33] *Id.* at p. 9.

9

179384, at \*13 (W.D. La. Sep. 30, 2022). Plaintiffs did not allege any particular acts by Mr. Stuckey, Dr. Hearn, or Ms. Warren that would establish their negligence. Plaintiffs simply conclude that "Mr. Anderson died by the fault of the defendants."[34] "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Id.* Complaints that "combine the standards for each separate cause of action and lumps allegations together without any specific factual bases" must be dismissed. *Id.* at \*14.

### E.   Punitive damages are unavailable for Plaintiffs' state law claims.

Punitive damages are not permitted for Plaintiffs' state law claims. In a federal question action where the federal court is exercising supplemental jurisdiction over state law claims, the federal court applies the choice of law rules of the forum state. *In re Combustion, Inc.*, 960 F. Supp. 1056, 1059 (W.D. La. 1997) (citations omitted); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452, n.2 (5th Cir. 2001). For wrongful death claims, Louisiana choice of law rules provide for the application of the laws of the jurisdiction where the alleged injurious conduct and alleged injury occurred, if both occurred in the same jurisdiction. *See McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 543 (5th Cir. 2012); La. Civ. Code Ann. art. 3543. The alleged injurious conduct and the alleged injury occurred in Louisiana, so Louisiana law applies.

In Louisiana, there is a general public policy against punitive damages. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). A fundamental tenet of Louisiana law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. *Id.* Further, Louisiana has a specific civil code article governing the availability of punitive damages. *See* La. Civ. Code art. 3546. That article provides that punitive damages may not be awarded unless authorized either:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or

---

[34] Doc. 1, ¶ 182.

10

> the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code Ann. art. 3546. Again, because the alleged injurious conduct and the alleged injury occurred in Louisiana, punitive damages are not available for Plaintiffs' state law claims. "Since Plaintiffs have failed to identify a Louisiana statutory provision that authorizes a punitive damages award for their state law claims, they are not permitted to recover punitive damages against any of the [Defendants] for this state law claim as a matter of law." *Walker v. Whittington*, 25-0258, 2025 U.S. Dist. LEXIS 166138, at *23 (W.D. La. Aug. 25, 2025).

## III. CONCLUSION

Plaintiffs failed to plead a plausible claim against John Stuckey, Pamela Hearn, M.D., or Gwen Warren. Plaintiffs' official capacity claims against Defendants are duplicative, and Plaintiffs' individual capacity claims lack sufficient factual support to survive a motion to dismiss. Plaintiffs fail to state a plausible cause of action under either federal or state law. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Plaintiffs' claims should be dismissed, with prejudice.

[*signature on next page*]

11

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR JOHN STUCKEY,*
*PAMELA HEARN, M.D., AND GWEN*
*WARREN*

## CERTIFICATE OF SERVICE

I certify that on April 10, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE

12