IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | | |
|---|---|---|---|
| Nefertiti Gilbert, et al., | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No: | 1:25-CV-00421-DDD-JPM |
| | ) | | |
| vs. | ) | Judge: | Dee D. Drell |
| | ) | | |
| Harris County, Texas, et al., | ) | Magistrate: | Joseph H. L. Perex-Montes |
| | ) | | |
| Defendants. | ) | | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 16(b), Plaintiffs, through their undersigned counsel, move the Court to extend the current fact discovery schedule in this case by six months.[1]  Plaintiffs require this extension because they have effectively been stymied in the gathering of *Monell* discovery in this case, despite vigorous efforts to gather and enforce that discovery in a timely manner.  Some of those delays are nobody's fault.  Plaintiffs have an outstanding motion to compel (ECF 58) that was filed on February 10, 2026, for example, but due to delays outside of anyone's control, arguments on that motion, originally set for April 1, will not be heard by the Court until June 3.  *See* ECF 78.  The bulk of the delay, however, has been generated by the LaSalle defendants,[2] whose numerous small

---

[1]  The current schedule is set forth in **ECF 39**, the Court's Plan of Work. Under that schedule, the deadline to complete fact discovery is May 14, 2026.

[2]   As relevant here, the LaSalle defendants are LaSalle Correctional Center, L.L.C., LaSalle Corrections, L.L.C., and LaSalle Management Company, L.L.C. and they are referred to collectively. Plaintiffs have also sued LaSalle's owners in their official capacities in order to ensure coverage of the various LaSalle corporate entities.

1

delays have accumulated to that point that, despite Plaintiffs' vigorous efforts, LaSalle has not produced any documents going to Plaintiffs' *Monell* claims. Those claims are central to this case, and Plaintiffs require more time to conduct discovery in order to gather the evidence they require to prove them at trial.

LaSalle does not oppose an extension of the discovery schedule, and indeed are prepared to request one itself. The extension requested by LaSalle, however, is far too short: it requests four months, which gives LaSalle time to conduct its own, limited defensive discovery, but does not provide enough time for Plaintiffs to gather the much broader *Monell* discovery that has been unavailable to this point. The longer period Plaintiffs have requested will help avoid this prejudice, and the Court should grant it. (The Harris County defendants have not taken a position on the requested extension.) In support of their motion Plaintiffs state as follows.

### BACKGROUND

This action arises from the death of a young man named Jaleen Anderson. Mr. Anderson was a resident of Houston, Texas. He was arrested there on a drug possession charge and jailed by the Harris Couty Sheriff. Harris County outsources the holding of many of its detainees to LaSalle, which owns and operates multiple private jail facilities across several Southern states. On March 22, 2024, pursuant to that outsourcing agreement, Harris County sent Mr. Anderson to one of those LaSalle facilities, in Olla, Louisiana. Around April 2, 2024, Mr. Anderson began experiencing a series of increasingly severe seizures. Even as his symptoms became increasingly dire, however, LaSalle refused to send him out for medical care. At one

2

point a LaSalle nurse explained to a guard, "We don't send people to the hospital for seizures." Mr. Anderson would be dead a few hours later, on April 3.

Plaintiffs brought this action against several individual defendants who were involved in or oversaw Mr. Anderson's medical care, and against LaSalle itself under *Monell*. At the outset, Plaintiff was able to gather ample evidence about what happened to Mr. Anderson himself: after he died, Harris County investigators came to Olla and conducted a detailed investigation, including documentation and interviews, which was made available to Plaintiffs. The focus of Plaintiffs' discovery, therefore, was on gathering evidence regarding their *Monell* claims, *i.e.* that LaSalle has widespread practices, amounting to a *de facto* policy, of indifference to its detainees' medical needs. The focus of that effort, in turn, was gathering evidence about LaSalle's treatment of other detainees with serious medical problems.

On August 18, 2025, Plaintiffs served a set of *Monell*-focused discovery requests on LaSalle. The discovery was extensive, totaling over 100 requests, so when LaSalle requested a 30-day extension to respond, Plaintiffs did not object. Then, however, the requests kept coming. On October 15, two days before the extended deadline for LaSalle's responses, its counsel called and requested another 30-day extension. As Plaintiff explained in a responsive email that same day,

> Because you are making this request so close to the discovery deadline, any opposition on our point would be fruitless. There is therefore nothing to be gained by opposing your extension request, and we are not going to oppose it. However, **this further delay is compressing the time available for Plaintiff to gather Monell discovery in this case**. As such, we will need to insist on shorter turnaround times

3

for production and Rule 37 correspondence once we finally have your responses.

(emphasis added).

LaSalle evidently ignored this admonition.  On November 17—the date of the *second* extended response deadline—LaSalle emailed again and informed Plaintiff they would need yet more time to respond.  At this point LaSalle had taken more than 90 days to respond to Plaintiffs' *Monell* discovery.  Plaintiff counsel wrote back, and asked for a conference, which was held on November 25.  At the conference LaSalle committed to providing the responses by December 5.  December 5 came and went, however, with no response from LaSalle.  Plaintiff sent additional enforcement on December 9, and written responses were provided on December 10.

LaSalle's responses ran to 140 pages.  While they listed voluminous productions of documents relating to Mr. Anderson's death (documents largely generated by Harris County's investigation) LaSalle produced virtually no documents and provided little in the way of responses to Plaintiffs' *Monell* widespread-practice discovery.  Instead, the *Monell* discovery requests were met largely with objections or answers that were nonresponsive.

Plaintiff counsel worked through LaSalle's responses over the holidays, transmitted a Rule 37 enforcement letter to LaSalle on December 30, and requested a Rule 37 conference.  *See* ECF 58-6.  During January the parties met and conferred regarding the topics in the letter and determined that they were at issue with regard to a number of matters involving *Monell*, particularly whether or not the scope of *Monell* discovery should extend across LaSalle's prisons as Plaintiff alleged

4

or be confined strictly to the Olla facility as LaSalle contended.  On February 10, promptly upon identifying those areas in which the parties were at issue, Plaintiff counsel drafted and filed a motion to compel.  *See* ECF 58.  The motion to compel was originally set for a hearing on April 1, *see* ECF 62, but then was moved on the Court's initiative, and is now set to June 3.  ECF 78.

Immediately after filing the motion to compel, Plaintiffs resumed discovery enforcement of the remaining requests.  Once again, LaSalle engaged in a series of cumulative delays that continue through today.  On February 11, the day after filing the motion to compel, Plaintiff counsel sent LaSalle a lengthy Rule 37 discovery enforcement email covering the remaining items from the December 30 letter—all of which focused on Plaintiffs' *Monell* discovery.[3]  The February 11 email proposed a conference on February 18 to discuss the remaining items.  By February 18 LaSalle had not responded, so Plaintiffs followed up.  The parties agreed to confer on February 26.  On February 25, however, LaSalle counsel emailed to cancel the February 26 meeting.  Plaintiff emailed multiple times asking for a new date, and the parties eventually identified March 5.

The March 5 conference involved substantive discussion, but no resolution, regarding the items set out in the February 11 email.  A number of the items

---

[3]   The email covered items across multiple categories, including identification of policymakers their efforts to identify deficiencies in the delivery of medical care (Category 2 from the December 30 letter); mortality reviews, disciplinary records, and other documents relating to the delivery of medical care (Category 3); critical incident tracking, information provided to insurance carriers, communications with clients about incidents, and other critical-incident information (Category 4); grievances, complaints and the tracking of such information (Category 5); reviews, audits, and inspections (Category 6), and other items.

required LaSalle counsel to make internal inquiries of their client's internal document and ESI practices, and the parties arranged a follow-up call for LaSalle counsel to report back, on March 13.  On March 12, however, LaSalle counsel emailed to cancel the March 13 meeting too, writing, "I will let you know when we will be able to talk." By March 19 LaSalle counsel still had not followed up to identify a new date for the conference, so Plaintiff counsel emailed to ask for a date. The parties agreed on March 26.

On their March 26 call, however, LaSalle counsel related that they were still not prepared to discuss the outstanding enforcement items.  Instead, LaSalle counsel committed that they would complete their investigation in the coming days and that, based on that investigation, LaSalle would serve updated discovery responses by April 10.  The April 10 responses, LaSalle counsel said, would set out LaSalle's fulsome position on the discovery issues raised in the February 11 email. In light of that commitment, the parties agreed to hold a Rule 37 call on April 13, to go over the April 10 responses.

April 10 came and went with no responses.  On the morning of April 13 Plaintiff counsel emailed LaSalle's counsel, asking whether the responses had been provided and wondering whether Plaintiffs simply had missed them.  LaSalle counsel responded, "You did not miss them.  We should have them to you in the next day or so." The parties went ahead with the April 13 conference call to discuss other matters, with the understanding that LaSalle's responses would be forthcoming.

The responses were not forthcoming.  As of the writing of this motion more than a month later, LaSalle still has not provided the updated responses it committed to providing on April 10 and then within "a day or so" of April 13.[4] LaSalle still has not made production responsive to Plaintiff's *Monell* discovery.

## ARGUMENT

Rule 16(b) permits the modification of a scheduling order "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted).  "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (cleaned up; quotation omitted).  Those factors are satisfied here.

*First*, Plaintiffs respectfully submit that the reasons they have been unable to complete discovery within the contemplated timeline, set out *supra*, justify an extension.  Put simply, Plaintiffs have been diligent in prosecuting discovery but have been stymied by accumulating delays that are outside of their control, many of which were the result of foot-dragging by the LaSalle defendants.  These delays

---

[4]  Shortly after the April 13 conference Plaintiff counsel began preparing for and prosecuting a two-week trial, with the result that follow-up to ensure LaSalle fulfilled its commitments was delayed.

occurred despite Plaintiff's admonishment, set out in October 2025 *supra* and repeatedly articulated during conferences, that LaSalle's discovery delays were compressing the time available for Plaintiffs to take discovery and that to mitigate that prejudice LaSalle should provide more timely responses. That did not and has not happened. This, and the delays in hearing Plaintiff's February 10 motion to compel, call for an extension.

*Second,* the requested extension is essential to Plaintiffs' ability to prove their case. The *Monell* claims are central to this case as the primary vehicle through which Plaintiffs seek to hold LaSalle institutionally accountable for Mr. Anderson's death. Without additional time to complete *Monell* discovery, Plaintiffs will be forced to trial without the evidence necessary to prove that LaSalle's deliberate indifference to the serious medical needs of detainees was not an isolated failure but a widespread practice. The importance of the modification is considerable.

*Third*, no party will be prejudiced by the requested extension. LaSalle does not oppose an extension, it has said it intends to seek one itself. The only dispute is over length, with LaSalle preferring a shorter period. But a truncated extension would prejudice Plaintiffs: it would give LaSalle time to complete its own limited defensive discovery while leaving Plaintiffs without adequate time to gather the broad *Monell* discovery that remains outstanding. Harris County has taken no position on the extension. Granting the extension gives Plaintiffs an opportunity to gather the discovery they have diligently pursued; denying it rewards LaSalle for the very delays that created this situation.

The ***fourth*** factor asks whether a continuance is available to cure the prejudice identified above. It plainly is. There is no indication that a six-month extension of the discovery schedule will disrupt any immovable court deadline. Plaintiffs cannot obtain the outstanding *Monell* discovery through means other than compelling LaSalle to produce it, and even after the Court rules on the pending motion to compel, time will be needed to review and follow up on whatever is produced.

## CONCLUSION

Plaintiff respectfully requests that this Court enter an order granting Plaintiff's motion for a six-month extension to the fact discovery schedule, with corresponding extension of the remaining case management deadlines.

A proposed order granting that relief is attached hereto as **Exhibit 1**.

Date:  May 14, 2026                                    Respectfully Submitted,

/s/ *Aaron N. Maples* [with consent]          /s/ *Stephen H. Weil*

Aaron N. Maples                                     **Romanucci and Blandin, LLC**
Brendan Connick                                     Antonio Romanucci (pro hac vice)
**Maples & Connick**                               Stephen Weil (pro hac vice)
733 Dante Street, Suite H New Orleans, LA    Sam Harton (pro hac vice)
70118                                               321 N. Clark St.
Tel: 504-269-3870                                  Chicago, IL 60654
aaron@maplesconnick.com                       Tel: (312) 458-1000
brendan@maplesconnick.com                     Fax: (312) 458-1004
                                                    sweil@rblaw.net
                                                    sharton@rblaw.net
                                                    aromanucci@rblaw.net

                                                    *Attorneys for Plaintiffs*

9

## CERTIFICATE OF CONFERRAL

I certify that counsel for Plaintiffs conferred with counsel for the defendants, via email, regarding the relief requested in this motion.  The parties were unable to reach compromise and determined that they were at issue.  Counsel for the Harris County defendants did not take a position.

*/s/ Stephen H. Weil*

One of Plaintiffs' attorneys