UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NEFERTITI GILBERT, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:25-cv-00421 |
| | * | |
| VERSUS | * | JUDGE EDWARDS |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************* | * | **JURY TRIAL REQUESTED** |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

This civil rights lawsuit arises out of the April 3, 2024, in-custody death of Jaleen Anderson.[1] At the time of his death, Mr. Anderson was a Harris County, Texas pretrial detainee incarcerated at LaSalle Correctional Center in Olla, Louisiana.[2] Plaintiffs filed suit against sixteen (16) defendants, bringing claims under 42 U.S.C. § 1983 and state law.[3] LaSalle Corrections, LLC ("LaSalle Corrections") is one of the three "LaSalle-branded entities" named as defendants in this lawsuit.[4] Plaintiffs cannot produce any evidence that would show LaSalle Corrections had any involvement in the events alleged in Plaintiffs' Complaint. LaSalle Corrections is a dormant business entity that was created simply to safeguard the tradename of "LaSalle Corrections." Thus, Plaintiffs' claims against LaSalle Corrections must be dismissed, with prejudice.

---

[1] *See* Doc. 1 (Complaint).

[2] *Id.* at p. 3.

[3] *Id.* at pp. 29-32.

[4] *Id.* at p. 6. The other two LaSalle-branded defendants are LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C.

1

### **ARGUMENT**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Milteer v. Navarro Cty.*, 99 F.4th 268, 272 (5th Cir. 2024) (citing Fed. R. Civ. P. 56(a)). A fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Id.*

If the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden at summary judgment by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *Romious v. Allstate Ins. Co.*, 23-6677, 2026 U.S. Dist. LEXIS 35, at *4 (E.D. La. Jan. 2, 2026). The burden then shifts to the nonmoving party who must go beyond the pleadings and present the Court with competent summary judgment evidence of the existence of a genuine dispute of material fact. *See id.* (citations omitted); *Liberty Ins. Corp. v. Dixie Elec., L.L.C.*, 637 F. App'x 113, 116 (5th Cir. 2015).

Plaintiffs have made threadbare, conclusory allegations that LaSalle Corrections violated Mr. Anderson's constitutional rights and is at fault for his wrongful death. There is no evidence that Plaintiffs can point to that supports those allegations. LaSalle Corrections is a limited liability company that has been registered with the Louisiana Secretary of State since May 16, 2011.[5] LaSalle Corrections does not have any employees or assets.[6] LaSalle Corrections was created merely to safeguard the tradename of "LaSalle Corrections."[7] LaSalle Corrections is not a parent company or subsidiary of either LaSalle Correctional Center, L.L.C. or LaSalle Management Company, L.L.C.—the other two "LaSalle-branded" entities named defendants in this lawsuit.[8]

---

[5] Exhibit 1, p. 2 (Declaration of Sharon Bennett).
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

LaSalle Corrections is not involved in the operation or management of LaSalle Correctional Center located in Olla, Louisiana—the subject facility in Plaintiffs' lawsuit, or any other correctional facility.[9] LaSalle Corrections cannot be liable for the facts alleged by Plaintiffs because it is a dormant business entity that essentially does nothing. It exists simply to safeguard the LaSalle Corrections tradename.

Plaintiffs' Complaint contains only sparse allegations specific to LaSalle Corrections. Plaintiffs allege that LaSalle Corrections, LLC "is a private entity that, on information and belief, maintains, manages, and operates at least eighteen jails throughout the states of Louisiana, Texas, Mississippi, and Georgia," including the subject facility.[10] After this unsupported and erroneous allegation, Plaintiffs do not make any other specific allegations against LaSalle Corrections, except to label it as a "*Monell* defendant" in setting forth the causes of action in their Complaint.[11] Instead, Plaintiffs improperly lump the three LaSalle-branded defendants under the term "LaSalle" and ask the Court to consider the group as one entity.[12] However, this type of "group pleading" is insufficient to support Plaintiffs' claims against LaSalle Corrections. *See Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cr. 2023). Plaintiffs must show how each of the separate defendants, through actions attributable to that defendant, violated the Constitution. *Id.* at 275. The Court may "disregard[] bare assertions of collective responsibility, unsupported by concrete factual allegations." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021). Similarly, Plaintiffs have not made any specific allegations against LaSalle Corrections to support their state law claims brought against the entity.[13]

---

[9] Exhibit 1, p. 2 (Declaration of Sharon Bennett).
[10] Doc. 1., ¶ 14.
[11] *Id.* at ¶ 160.
[12] *See id.*, ¶ 16.
[13] *See* Doc. 1.

3

Since LaSalle Corrections will not bear the burden of proof at trial, it must only point out the absence of factual support for one of the essential elements of Plaintiffs' claim. *See Liberty Ins. Corp.*, 637 F. App'x at 116. LaSalle Corrections attaches to this motion the declaration of Sharon Bennett, a LaSalle Management Company, L.L.C. employee with personal knowledge of LaSalle Corrections' business operations, or lack thereof.[14] Ms. Bennett's declaration contains her attestation that LaSalle Corrections is not involved in any way with the operation or management of the subject facility, LaSalle Correctional Center. Plaintiffs cannot submit any evidence that would contradict this declaration. As a result, the Court should grant LaSalle Corrections' motion for summary judgment because "there is no evidence before the Court to support the conclusory allegations pled." *See Fetty v. City of Baton Rouge*, 534 F. Supp. 3d 616, 626 (M.D. La. 2021).

## CONCLUSION

Plaintiffs sued LaSalle Corrections based solely on its name and not on any evidence of its involvement in the factual events alleged in Plaintiffs' Complaint. LaSalle Corrections has presented the Court with competent summary judgment evidence that Plaintiffs lack factual support for the essential elements of their claims against it. The burden has shifted to Plaintiffs to provide the Court with evidence that LaSalle Corrections is a proper defendant. Plaintiffs cannot meet this burden. As a result, LaSalle Corrections should be dismissed from this case, with prejudice.

[*signature on next page*]

---

[14] *See* Exhibit 1 (Declaration of Sharon Bennett).

Respectfully submitted,

*/s/ Deirdre McGlinchey*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE CORRECTIONS, LLC*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2026, a copy of this pleading was filed electronically with the Clerk

of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Deirdre McGlinchey*
DEIRDRE MCGLINCHEY