**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

Nefertiti Gilbert *et al.*,

                Plaintiffs,

    v.

Harris County, Texas *et al.*,

                Defendants.

Case No:  1:25-CV-00421-JE-JPM

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED BY LASALLE CORRECTIONS LLC**

Pursuant to Local Rule 56.2 and Federal Rule of Civil Procedure 56(d), Plaintiffs, by their undersigned counsel, submit this response in opposition to the motion for summary judgment filed by Defendant LaSalle Corrections LLC, ECF 94 (and exhibits).  In this response Plaintiffs will refer to LaSalle Corrections LLC as "LCL."

**I.      Introduction.**

LCL's motion for summary judgment rests on a single argument: although the Complaint alleges that LCL operates multiple LaSalle-branded facilities across several states—including the facility where Mr. Anderson died—LCL is in fact a shell entity with no operations at all. Having played no role in Mr. Anderson's death, it contends, it should be dismissed.

Discovery is not complete, but for purposes of this motion Plaintiffs do not dispute any of this. These facts indicate something obvious: Plaintiffs' naming of LCL was a mistake. Plaintiffs intended to sue the corporate entity that operated eighteen correctional facilities across multiple states, but the entity they named—LCL—exists only on paper.

1

The Federal Rules offer a straightforward solution. Rule 15(c)(1)(C)(ii) provides that an amended complaint naming a new party relates back if that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The correct defendant or defendants will have had notice because, as set out below, they are closely related entities within the web of LaSalle companies. The mistake also appears common: LaSalle's own counsel explained that, because of its name, "people often incorrectly assume that 'LaSalle Corrections, LLC' is a viable entity." Plaintiffs will therefore move to amend under Rule 15(c)—an accepted means of responding to a summary-judgment motion premised on naming the wrong party, endorsed by the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). The difficulty is that Plaintiffs do not yet know the identity of the entity or entities that should be named in LCL's place. That is not for lack of trying. Plaintiffs served discovery that would identify them, LaSalle resisted, and Plaintiffs have filed a Rule 37 motion to compel that remains pending. *See* ECF 58.

Rule 56(d) addresses this situation, as well, permitting a party to submit a declaration that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The court may then "defer considering the motion or deny it," "allow time . . . to take discovery," or issue "any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). That is the correct course here. An amended complaint naming the proper defendants would resolve LCL's motion, and identifying those defendants requires only enforcement of the discovery Plaintiffs have already served. The Court should deny LCL's motion without prejudice or grant similar relief allowing Plaintiffs to address the misidentification through a Rule 15(c) amendment. Given the status of the relevant discovery, LCL's motion should not be granted.

**II.      Response to LCL's statement of undisputed facts, ECF 94-3.**

**1**.      This civil rights lawsuit against LaSalle Corrections arises out of the April 3, 2024, death of Jaleen Anderson.

**Plaintiffs' response**:  Undisputed.

**2.**      At the time of his death, Mr. Anderson was a pretrial detainee of Harris County, Texas and was being held at LaSalle Correctional Center in Olla, Louisiana while awaiting trial.

**Plaintiffs' response**:  Undisputed.

**3**.      Plaintiffs named sixteen (16) defendants in their lawsuit, including three separate "LaSalle-branded" entities—LaSalle Corrections, LLC; LaSalle Correctional Center, L.L.C.; and LaSalle Management Company, L.L.C.

**Plaintiffs' response**:  Undisputed.

**4.**      Plaintiffs' only specific factual allegation against LaSalle Corrections is that LaSalle Corrections maintains, manages, and operates at least eighteen jails throughout the states of Louisiana, Texas, Mississippi, and Georgia, including the subject facility.

**Plaintiffs' response**:  Disputed in part.  Undisputed that LCL's factual assertion fairly summarizes the allegations made against LCL in Paragraph 14 of the Complaint, which speaks for itself.  *See* ECF 1 ¶ 14. Disputed, however, that those are the only "specific factual allegation[s]" against LCL.  Paragraph 16 of the Complaint states that the Complaint refers to LCL as "LaSalle," both "individually," as well as "[c]ollectively" with two other entities, LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C.  *Id.* ¶ 16.  And allegations against and about "LaSalle"—thus against LCL, specifically—are made throughout the Complaint.  *See, e.g.*, *id*. ¶¶ 17-18, 33, 126-147.

**5.**      LaSalle Corrections, LLC, LaSalle Correctional Center, L.L.C. and LaSalle Management Company, L.L.C. are referred to "collectively and individually" as "LaSalle" in Plaintiffs' Complaint.

**Plaintiffs' response**:  Undisputed.

**6.**      LaSalle Corrections is a limited liability company registered with the Louisiana Secretary of State.

3

**Plaintiffs' response**:  Undisputed for purposes of this motion, though Plaintiff reserves the right to amend this response as discovery remains open.

7.     LaSalle Corrections has been registered as a Louisiana limited liability company since May 16, 2011.

**Plaintiffs' response**:  Undisputed for purposes of this motion, though Plaintiff reserves the right to amend this response as discovery remains open.

8.     LaSalle Corrections does not have any employees or assets.

**Plaintiffs' response**:  Undisputed for purposes of this motion, though Plaintiff reserves the right to amend this response as discovery remains open.

9.     LaSalle Corrections is not a parent company or subsidiary of either LaSalle Correctional Center, L.L.C. or LaSalle Management Company, L.L.C.

**Plaintiffs' response**: Undisputed for purposes of this motion, though Plaintiff reserves the right to amend this response as discovery remains open.

10.     LaSalle Corrections does not operate or manage LaSalle Correctional Center located in Olla, Louisiana, or any other correctional facility.

**Plaintiffs' response**:  Undisputed for purposes of this motion, though Plaintiff reserves the right to amend this response as discovery remains open.

**III.     Plaintiffs' statement of additional facts pursuant to Rule 56(d) ("PL SOF").**

1.     LCL is represented in this case by the same attorneys and law firm who represent all the LaSalle defendants in this case—*i.e.*, the defendants identified in paragraphs 13-16, 18, 20-28.  This includes all "LaSalle" entities, ECF 1 ¶¶ 13-16, Clay and William McConnell in their individual and official capacities, *id.* ¶ 18, and the multiple individual LaSalle employees in their individual and official capacities, *id.* ¶¶ 20-28.  *See generally* ECF docket (reflecting attorney appearances); ECF 25 (motion on behalf of all LaSalle defendants); ECF 54 (enrollment on behalf of all LaSalle defendants).

2.      Sharon Bennett has submitted a declaration in this case.  ECF 94-2.  Ms. Bennett bases her declaration on her personal knowledge, which was obtained by virtue of her position as a Controller for Defendant LaSalle Management Company, LLC. ECF 94-2 ¶ 2.  This role includes managing business matters for "companies under the LaSalle brand."  ECF 94-2 ¶ 3.

3.      Based on this knowledge, Ms. Bennett was able to make a declaration about when and why LCL was created, as well as its operations, parents, and subsidiaries, or lack thereof. ECF 94-2 ¶¶ 4-8.  Ms. Bennett declares that LCL "was created" to safeguard the trade name "LaSalle Corrections."  ECF 94-2 ¶ 5.

4.      At the time of the filing of the Complaint in this case, the website of "LaSalle Corrections," (https://lasallecorrections.com/) stated in its "About Us" page that "LaSalle is an established developer and operator of correctional centers throughout the States of Louisiana, Texas and Georgia. . . .  LaSalle currently manages 18 facilities with over 1,250 employees  . . . ." *See* Wayback Machine, https://web.archive.org/web/20250529151352/https://lasallecorrec-tions.com/what-we-do/ (snapshot May 29, 2025).  *See* **Exhibit 1**, Declaration of Stephen H. Weil ("Weil Decl.") ¶¶ 3-4.

5.      On December 15, 2025, Deirdre McGlinchey, counsel for LCL and all other LaSalle defendants in this case, explaining to Plaintiff counsel that "LaSalle Corrections, LLC has no assets, property, bank accounts, employees. etc. . . .  Because "LaSalle Corrections" is a trade name commonly used, *people often incorrectly assume that "LaSalle Corrections, LLC" is a viable entity*." Weil Decl. ¶ 6 (emphasis added).

6.      Plaintiffs have served discovery requests on "LaSalle," which includes LCL as well as the other LaSalle entities.  The discovery requests are filed in the docket of this case at ECF 58-1.  That discovery seeks, among other things, the following:

**Interrogatory No. 2**. Please identify each and every affiliate, subsidiary, parent company, and owner of LaSalle. For each affiliate, subsidiary, parent company, and owner identified, provide a detailed description of nature of the business and ownership, as well as the services provided by or to the affiliate, subsidiary, or parent company, how these services relate to or support the operations of LaSalle correctional facilities.

**Interrogatory No. 3**. Please identify every correctional facility owned, operated, managed, staffed, or controlled by LaSalle between January 1, 2015 and the present. For each facility, identify the name, the date on which LaSalle became affiliated with the facility, the prior owner and/or operator of the facility, the subsequent owner and/or operator of the facility (if any), the location of the facility, any other corporation or government entity affiliated with the facility, and the maximum inmate capacity of the facility.

**Request for Production No. 46**. Any and all documents or materials reflecting who owns, operates, manages, and controls [a list of 19 LaSalle facilities], and/or any other facility identified in your response to Interrogatory No. 3.

7.    On February 10, 2026, Plaintiffs filed a motion to compel responses to the discovery described in the previous paragraph.  *See* ECF 58 at 7-9.  That motion is pending.

## IV.   Argument.

### A.    Responding to summary judgment motion with a Rule 15(c) motion is appropriate under the facts of this case.

LCL moves for summary judgment on a single ground: that, contrary to the Complaint's allegations, it has no employees, assets, or operations, including in the facility where Mr. Anderson died, and therefore could not be liable for his death. For purposes of this motion Plaintiffs do not contest that LCL is what it says it is. But that concession establishes only that Plaintiffs named the wrong LaSalle entity, not that summary judgment should be granted.

The appropriate response to LCL's motion is amendment under Rule 15(c), an approach the Supreme Court has endorsed. In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), the plaintiff sued one corporate entity when she should have sued a closely related one. After the named entity moved for summary judgment on the ground that the plaintiff sued the wrong party,

6

the plaintiff moved to amend under Rule 15(c). The Supreme Court held that the amended complaint related back under Rule 15(c)(1)(C) and that summary judgment was therefore improper. *Id.* at 557. A Rule 15(c) amendment is thus an accepted means of responding to a summary-judgment motion premised on misidentification of the proper party.

An amendment relates back if the newly added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). That condition is satisfied here. ***First***, Plaintiffs' naming of LCL was a textbook misidentification. Plaintiffs sued the entity bearing the "LaSalle Corrections" name believing it operated the LaSalle facilities; in fact, that name belongs to an empty shell while the operating business is conducted by other affiliated LaSalle entities. The error is apparently common: defense counsel explained that "people often incorrectly assume that 'LaSalle Corrections, LLC' is a viable entity." PL SOF ¶¶ 1, 5.

***Second***, the proper LaSalle defendant knew or should have known it would have been named but for this mistake. The Fifth Circuit infers such notice from an "identity of interest"—where entities are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Kirk v. Cronvich*, 629 F.2d 404, 408 & n.4 (5th Cir. 1980). The LaSalle entities meet that standard: they share a single "LaSalle" brand and trade name, and a common controller of their financial affairs, PL SOF ¶¶ 2–3. The entity that operates the Olla facility cannot credibly claim surprise that a suit over a death there—pleaded against the "operator" of eighteen LaSalle jails, including Olla—was intended for it. Counsel's acknowledgment that parties "often incorrectly assume" LCL is viable confirms the LaSalle defendants anticipated this mistake. Once the proper entity is identified, Rule 15(c)(1)(C) is satisfied and Plaintiffs' claims will relate back.

**B.        Pursuant to Rule 56(d), additional discovery is required to identify the right defendants, and Plaintiffs have been diligent in pursuing that discovery.**

"Summary judgment is appropriate only where the plaintiff has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (quotation omitted). Rule 56(d) permits "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). The rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). To win relief, under Rule 56(d), a party "must make two showings." *Bailey*, 35 F.4th at 401. The movant must first show that "additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). Then she must show (B) that she "diligently pursued discovery." *Id*. Both these criteria are satisfied here.

*First*, the outstanding discovery, described above, is likely to identify the LaSalle entity that should be substituted for LCL, which in turn will establish a genuine dispute over whether the entity named in LCL's place has no operations in various facilities and is otherwise liable, as the Complaint's allegations about LCL describe. The interrogatories ask "LaSalle" to identify each of its affiliates, subsidiaries, parents, and owners, and to identify "every correctional facility owned, operated, managed, staffed, or controlled by LaSalle" since 2015; their requests for production seek the documents showing who owns and operates those facilities. *See* PL SOF ¶ 6. That information goes to the gravamen of LCL's motion, which is that the Complaint incorrectly identifies it as the LaSalle entity that operates LaSalle facilities.

*Second*, Plaintiffs have diligently pursued that discovery. They served the requests on LaSalle, and when LaSalle refused to respond, they moved to compel on February 10, 2026. PL SOF ¶¶ 6-7. That motion remains pending before the Court. *Id.* ¶ 7. The reason Plaintiffs cannot yet name the correct entity is not any lack of diligence on their part. A non-movant who has not had a full opportunity to take discovery should not be subjected to summary judgment on the strength of facts the movant is withholding. *See Bailey*, 35 F.4th at 401. Accordingly, the Court should defer or deny LCL's motion under Rule 56(d) until the compelled discovery is gathered.

## V.    Conclusion.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny LCL's motion for summary judgment or otherwise hold it in abeyance while the discovery described above proceeds.

Date: June 24, 2026

Respectfully Submitted,

/s/ *Aaron N. Maples*

/s/ *Stephen H. Weil*

Aaron N. Maples
Brendan Connick
**Maples & Connick**
733 Dante Street, Suite H New Orleans, LA 70118
Tel: 504-269-3870
aaron@maplesconnick.com
brendan@maplesconnick.com

**Romanucci and Blandin, LLC** Antonio Romanucci (pro hac vice)
Stephen Weil (pro hac vice)
Sam Harton (pro hac vice)
Colton Johnson Taylor (pro hac vice)
321 N. Clark St.
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

*Attorneys for Plaintiffs*