**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NEFERTITI GILBERT ET AL** | **CIVIL ACTION NO. 25-421** |
| **VERSUS** | **JUDGE EDWARDS** |
| **HARRIS COUNTY TX ET AL** | **MAG. JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court are three Motions for Judgment on the Pleadings ("MJP"), each filed by distinct groups of Defendants. The first (ECF No. 73) was filed by LaSalle Correctional Center, LLC ("LCC") and LaSalle Management Company, LLC ("LMC"). The second (ECF No. 74) was filed by William McConnell and Clay McConnell ("the McConnells"). The third (ECF No. 75) was filed by John Stuckey, Pamela Heard, and Gwen Warren. The plaintiffs, Nefertiti Gilbert, Christi Jackson, and Jyrie Polk ("Plaintiffs"), filed a consolidated response. *See* ECF No. 92. Defendants filed a consolidated reply. *See* ECF No. 99. Also before the Court is a Motion to Compel Discovery (ECF No. 58), filed by Plaintiffs. It is also fully briefed. *See* ECF Nos. 61 & 63.

After careful consideration of the parties' memoranda and the applicable law, the first MJP (ECF No. 73) is **DENIED**, the second MJP (ECF No. 74) is **GRANTED**, and the third MJP (ECF No. 75) is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Compel (ECF No. 58) is **GRANTED**.

## I. BACKGROUND

This case concerns the death of Jaleen Anderson ("Mr. Anderson") while he was in pretrial detention at LaSalle Correctional Center (the "Olla Jail") in Olla, Louisiana. *See* ECF No. 73-1 at 7. Mr. Anderson experienced a series of seizures of such severity that he repeatedly vomited and urinated on himself. *See* ECF No. 92 at 6–8. After at least six convulsive episodes over a 39-hour period, and multiple denials by multiple defendants of medical treatment or transportation to an outside medical facility, Mr. Anderson was finally transported to the hospital where he was pronounced dead. *See id*. at 8–9.

In light of these events, Mr. Anderson's survivors bring this action under 42 U.S.C. § 1983 for inadequate medical care, and under state law for wrongful death. *See* ECF No. 1 at 32–33.

Defendants move for judgment on the pleadings, but on independent bases. The first MJP seeks to dismiss the *Monell* claims and state-law claims against LCC and LMC, arguing that Plaintiffs have not pleaded sufficient facts to establish that LCC and LMC had anything to do with Mr. Anderson's death, or the existence of any entity's policy or custom to deprive detainees of medical care. *See generally* ECF No. 73-1. LCC and LMC's most fervent point, and the point which is a throughline in all the Motions, including the Motion to Compel, is that prior incidents of inadequate medical care at other LaSalle-branded jails are not probative of the existence of a policy or custom at the Olla Jail. *See id.* at 10–15, 17–18. Last, Defendants seek to dismiss any claim for punitive damages as unavailable as a matter of law. *Id*. at 20.

The second MJP seeks to dismiss the same categories of claims as the first, except as they are pleaded against the McConnells, who have ownership interests in LCC and LMC. *See generally* ECF No. 74-1. The rationales for dismissal mostly track those made in the first Motion, with the additional argument that mere ownership cannot expose the McConnells to *Monell*, supervisory, or state tort liability. *See id.* at 10–12. The McConnells further argue that any official-capacity claim against them would be duplicative of the *Monell* claims already asserted against the corporations. *See id.* at 15–16.

The third MJP seeks to dismiss any *Monell* claim against John Stuckey, Pamela Hearn, and Gwen Warren, as again duplicative in light of the corporations' presence in the litigation. *See* ECF No. 75-1 at 9–10. Defendants also move to dismiss any supervisory liability claim as insufficiently pled. *See id.* at 10–13. Defendants again point out that Plaintiffs' offered prior incidents of constitutional violations do not concern the specific defendants in this case, nor did they occur at the Olla Jail, and thus they cannot establish a pattern relevant to this incident. *Id.* at 13. And familiarly, Defendants seek dismissal of the related state law tort claims and the prayer for punitive damages. *See id.* at 13–16.

The Motion to Compel seeks additional discovery on the medical care policies and prior incidents of inadequate medical care across the LaSalle corporate family. *See generally* ECF No. 58. Once again, the rub is that Defendants assert this information cannot substantiate a *Monell* claim regarding the Olla Jail or Mr. Anderson, and Plaintiffs assert that it can. *See id.* Relatedly, Plaintiffs seek discovery on the corporate structure of LaSalle-branded entities. *See id.* at 11–13.

Finally, Plaintiffs seek a roster of the inmates at the Olla Jail during the subject incident to identify eyewitnesses to Mr. Anderson's final hours. *See id.* at 15–17.

## II. LAW AND ANALYSIS

### A. Rule 12(c) Standard

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation modified); Fed. R. Civ. P. 12(c). The standard for deciding a motion for judgment on the pleadings is the same as the standard "used for deciding motions to dismiss pursuant to Rule 12(b)(6)." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). Accordingly, "[t]he court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The plaintiff need not provide "detailed factual allegations," but must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### B. Rule 12(c) Analysis

Starting from the top, Plaintiffs' purported misunderstanding of LaSalle's corporate shell game does not support dismissal at this stage. *Rowland v. Sw. Corr., LLC,* No. 420CV00847ALMCAN, 2021 WL 4206409, at *7 (E.D. Tex. Aug. 17, 2021), *report and recommendation adopted,* No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021); *see also Joseph v. Franklin,* No. 1:22-CV-03198, 2023 WL 5746938, at *5, n.5 (W.D. La. Aug. 21, 2023), *report and recommendation adopted,* No. 22-CV-

3198, 2023 WL 5740385 (W.D. La. Sept. 5, 2023). If, after discovery, Plaintiffs cannot point to particularized facts establishing which specific LaSalle entities had sufficient involvement in the subject incident to support *Monell* liability, Defendants may move for dismissal again. *Joseph*, 2023 WL 5746938, at *5, n.5; *Wilder v. Morgan*, No. 6:20-CV-01383, 2024 WL 1340353, at *2, n.20 (W.D. La. Mar. 28, 2024). Otherwise, Plaintiffs' allegations are sufficient to state a *Monell* claim against LCC and LMC in that they allege that LCC and LMC have participated in a corporation-wide habit of denying adequate medical care to inmates, including Mr. Anderson here.

"To succeed on a *Monell* claim, plaintiffs 'must show (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Austin v. City of Pasadena, Texas*, 2023 WL 4569562, at *12 (5th Cir. 2023) (citing *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021)). "[T]he critical question is to decide who is the final policymaker, which is an issue of state law." *See Advanced Technology Building Solutions, L.L.C. v. City of Jackson, Miss.*, 817 F.3d 163, 166 (5th Cir. 2016), *cert. den.*, 137 S. Ct. 297 (U.S. 2016) (citing *Jett v. Dallas Independent School District*, 7 F.3d 1241, 1245 (5th Cir. 1993)). However, "for purposes of Rule 12(b)(6), … a plaintiff is not required to single out the specific policymaker in his complaint." *Groden v. City of Dallas, Texas,* 826 F.3d 280, 282 (5th Cir. 2016). And this Court has held in another case that "Warden [John] Stuckey" suffices as the Olla Jail's final policymaker, at the pleadings stage. *See Joseph*, 2023 WL 5746938, at *9. That said, any official-capacity claim against a person, for which the corporation that person makes policy for is already named, is

dismissed as duplicative. *See Soto v. Monge,* 735 F. Supp. 3d 792, 805 (W.D. Tex. 2024) ("When allegations against defendants in their official capacities "duplicate claims against the respective governmental entities themselves," those duplicative official-capacity claims should be dismissed."). Otherwise, the Complaint states sufficient factual matter to support that the Olla Jail (and related entities) have a policy or custom of denying adequate medical care to detainees, and that policy or custom led to Mr. Anderson's death. *See generally* ECF No. 1.

True enough, a pattern under *Monell* usually requires "sufficiently numerous prior incidents," as opposed to "isolated instances." *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir. 1989). Of course, the dispute here is that the prior incidents cited in the Complaint occurred at other LaSalle facilities. Defendants offer *Martinez v. Nueces Cnty., Texas,* 71 F.4th 385, 391–92 (5th Cir. 2023), for the point that instances of deliberate indifference at other facilities owned by a private prison corporation (such as LaSalle) cannot substantiate a pattern at the subject facility. *See* ECF No. 73-1 at 11–17. But that overreads *Martinez.*

Martinez's allegations against Wellpath, another private prison corporation, were held insufficient because "it [was] unclear from the face of the complaint what exact role Wellpath even played at Nueces County [Jail]" and "doubly so because of Martinez's failure to allege, with sufficient detail, what happened to him at the jail." *Id.* at 392. Here, the allegations leave no question that some LaSalle entity was responsible for the Olla Jail, and are exceedingly detailed about what happened to Mr. Anderson in the jail. *See generally* ECF No. 1. Plaintiffs offer instead an array of cases that the activities of a private prison corporation at other facilities *can* in fact

be relevant to establishing a pattern under *Monell*. *See* ECF No. 92 at 26–28 (citing *Shadrick v. Hopkins Cnty., Ky.,* 805 F.3d 724, 744 (6th Cir. 2015); *Shields v. Prince George's Cnty.,* No. GJH-15-1736, 2016 WL 4581327, at *8–9 (D. Md. Sept. 1, 2016); *Herr v. Armor Corr. Health Servs., Inc.,* No. 619CV394ORL37EJK, 2019 WL 12021672, at *5 (M.D. Fla. Sept. 9, 2019); *Amos v. Cain,* No. 4:20-CV-7-DMB-JMV, 2020 WL 6688864, at *4 (N.D. Miss. Nov. 12, 2020); and *Boyer v. Advanced Corr. Healthcare, Inc.*, No. 20-CV-1123-JDP, 2023 WL 3978147, at *7 (W.D. Wis. June 13, 2023)). We find the reasoning in the authorities provided by Plaintiffs fits squarely with the allegations in Plaintiffs' Complaint, and we therefore decline to dismiss their *Monell* claims against the LaSalle entities.

As for liability for the McConnells, however, Plaintiffs have identified no basis for imposing § 1983 liability merely by virtue of the McConnells' status as members/owners of the LLCs. *Monell* provides a theory of direct liability against the private prison entity; it does not eliminate the distinction between the entity and its members or create respondeat-superior liability against an individual member. Furthermore, the pleadings do not establish that the McConnells "personally [were] involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003). Nor do Plaintiffs adequately plead negligence with particularity as to the McConnells, so those claims are dismissed. *See Smith v. Prator,* No. CV 21-0620, 2022 WL 4809615, at *4 (W.D. La. Sept. 30, 2022) ("Like the Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific

defendant."). Nor have Plaintiffs provided any authority for the availability of punitive damages against any Defendant—which they concede. *Walker v. Whittington,* No. CV 25-0258, 2025 WL 2472603, at *10 (W.D. La. Aug. 25, 2025). ("Since Plaintiffs have failed to identify a Louisiana statutory provision that authorizes a punitive damages award for their state law claim, they are not permitted to recover punitive damages against the Nurse Defendants as a matter of law."); *see* ECF No. 92 at 37, n.7 (concession). And again, any claim pled against them in their official capacities is already covered. *See ante* at 5–6. The McConnells are out.

It is Defendants' burden, as movants, to establish fully the grounds for dismissal for each claim they seek to have dismissed. *See Cantu v. Guerra,* No. SA20CV0746JKPHJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021). Any claim not addressed above remains live as sufficiently pled.

**C. Discovery**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

For much the same reason that allegations of constitutionally deficient medical care at other LaSalle facilities are supportive of Plaintiffs' *Monell* claims here, Plaintiffs are furthermore entitled to discovery of the same. *Est. of Cross by & through Bauder v. Turn Key Health Clinics, LLC,* No. 1:22-CV-03143-SKC-SBP, 2024 WL 4444446, at *9 (D. Colo. Oct. 8, 2024) ("[C]ourts have ordered discovery of records concerning other inmates' deaths or serious injuries several times in Section 1983 cases that alleged a widespread policy of denying or delaying care to inmates—without restricting the discovery to only one facility or to deaths or injuries from the same medical condition as the plaintiff."); *see also Robinson v. Pytlewski,* No. DLB-19-1025, 2022 WL 2359359, at *12 (D. Md. June 30, 2022) (citing *Bost v. Wexford Health Sources, Inc.*, No. ELH-15-3278, 2020 WL 1890506, at *16 (D. Md. Apr. 15, 2020)). Furthermore, "the issue here is whether [LaSalle] had a pattern and practice of failing promptly to procure off-site emergency care for an inmate whose symptoms suggested such care was medically necessary. For this claim, it makes no difference whether the patient's need for emergency care was the result of a heart attack, a stroke, or some other medical condition." *See Bost,* 2022 WL 4290528, at *53 (D. Md. Sept. 16, 2022). That is the scope. Nevertheless, we agree with Defendants that this class of discovery should be limited to incidents occurring within a five-year period. *See* ECF No. 61 at 23 (citing authority).

Plaintiffs are also entitled to discovery directed at LCC and LMC to identify the web of related entities comprising LaSalle and their respective involvement or uninvolvement in the facts undergirding this case, for the reasons set forth *ante* at

4–5. Defendants' other objections to production, *see generally* ECF No. 61, are otherwise unfounded and accordingly, the Motion to Compel is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the first MJP (ECF No. 73) is **DENIED** except as to punitive damages against LCC and LMC, which are **DISMISSED WITH PREJUDICE**. The second MJP (ECF No. 74) is **GRANTED**, and the claims against the McConnells are **DISMISSED WITH PREJUDICE**. The third MJP (ECF No. 75) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED,** in that any official capacity claim against Stuckey, Hearn, or Warren is duplicative, and in that punitive damages are unavailable, so those claims are **DISMISSED WITH PREJUDICE**; it is otherwise **DENIED**. And finally, the Motion to Compel (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' shall submit a proposed order on the Motion to Compel in conformity with the Court's ruling above, within **fourteen (14) days** of the signing of this Order.

**THUS DONE AND SIGNED** this 28th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**